# PD-9

**EXHIBIT 63**

# AMENDMENT NO. 3 TO TOLLING AGREEMENT
# EXTENDING CLAIM OBJECTION DEADLINE

This Amendment No. 3 (the "Amendment"), dated as of November 20, 2024, to that certain *Tolling Agreement Extending Claim Objection Deadline*, dated as of July 27, 2022 (the "Tolling Agreement"), is made by and between Patrick Hagaman Daugherty, on the one hand, and Highland Capital Management, L.P. and the Highland Claimant Trust, on the other. Capitalized terms used but not defined herein have the meanings given to them in the Agreement.

## RECITALS

WHEREAS, the Parties entered into the Tolling Agreement to extend the Claim Objection Deadline to object to the Reserved Claim to January 11, 2023, at 5:00 p.m. (Central Time) (*i.e.*, the Objection Deadline).

WHEREAS, the Parties entered into that certain *Amendment No. 1 to Tolling Agreement Extending Claim Objection Deadline* on December 21, 2022, further extending the deadline to object to the Reserved Claim to December 31, 2023 (or earlier if certain conditions were satisfied) (the "First Amendment").

WHEREAS, the Parties entered into that certain *Amendment No. 2 to Tolling Agreement Extending Claim Objection Deadline* on November 6, 2023, further extending the deadline to object to the Reserved Claim to December 31, 2024 (or earlier if certain conditions were satisfied) (the "Second Amendment," and together with the Tolling Agreement and the First Amendment, the "Agreement").

WHEREAS, solely to avoid the expense, inconvenience, and uncertainty associated with litigation, the Parties desire to enter into this Amendment to further extend the Objection Deadline to object to the Reserved Claim.

NOW, THEREFORE, effective as of the date set forth above, each of the Parties agrees as follows:

1. <u>Extension of Objection Deadline</u>. The term Objection Deadline as used in the Agreement is hereby amended and modified to mean 5:00 p.m. (Central Time) on the earlier of (a) June 30, 2025, (b) the first business day after the date that James P. Seery, Jr., is no longer the sole trustee of the Claimant Trust, or (c) the first business day after the date that the Claimant Trust is no longer (i) Highland's sole limited partner or (ii) the sole owner of, and with the right to direct, Highland's general partner.

2. <u>Representations and Warranties</u>. Each Party represents and warrants that the representations and warranties set forth in Section 5 of the Agreement are true and accurate as of the date hereof.

3. <u>Effectiveness of Agreement; No Other Changes</u>. Except as set forth in this Amendment, the Agreement is unaffected and shall continue in full force and effect in accordance with its terms. If there is a conflict between this Amendment and the Agreement, the terms of this Amendment will prevail.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

**IT IS HEREBY AGREED.**

          **PATRICK HAGAMAN DAUGHERTY**

          _____

          **HIGHLAND CAPITAL MANAGEMENT, L.P.**

          By: _____
          Name:  James P. Seery, Jr.
          Its:  Chief Executive Officer

          **HIGHLAND CLAIMANT TRUST**

          By: _____
          Name:  James P. Seery, Jr.
          Its:  Claimant Trustee