

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed September 4, 2025

_____
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adv. Proc. No. 25-03055-sgj |
| v. | § § | |
| PATRICK HAGAMAN DAUGHERTY, | § § | |
| Defendant. | § § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**ORDER (A) DENYING PATRICK DAUGHERTY'S MOTION TO DISMISS AND (B) GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S CROSS MOTION FOR RELIEF FROM A FINAL ORDER PURSUANT TO BANKRUPTCY RULE 9024**

Having considered (a) the *Motion to Dismiss* [Adv. Docket No. 5] (the "Motion") filed by Patrick Daugherty ("Mr. Daugherty"); (b) the (*A) Objection to Patrick Daugherty's Motion to Dismiss, and (B) Cross Motion for Relief from a Final Order Pursuant to Bankruptcy Rule 9024* [Adv. Docket Nos. 9 and 10] (the "Objection" and the "Cross Motion," respectively)[2] filed by Highland Capital Management, L.P. ("Highland"); (c) the *Declaration of John A. Morris in Support of Highland Capital Management, L.P.'s (A) Objection to Patrick Daugherty's Motion to Dismiss, and (B) Cross Motion for Relief from a Final Order Pursuant to Bankruptcy Rule 9024* and the exhibits annexed thereto submitted in support of Highland's Objection and Cross Motion [Adv. Docket No. 11]; (d) *Patrick Daugherty's (A) Reply in Support of His Motion to Dismiss and (B) Response to Plaintiff's Cross Motion for Relief from a Final Order Pursuant to Bankruptcy Rule 9024* [Adv. Docket No. 15]; (e) *Highland Capital Management, L.P.'s Reply in Further Support of Its Cross Motion for Relief from a Final Order Pursuant to Bankruptcy Rule 9024* [Adv. Docket No. 16]; (f) the exhibits filed by Mr. Daugherty at Adv. Docket No. 19; and (g) the arguments presented by counsel during the hearing held on September 4, 2025 (the "Hearing"), the Court finds and concludes that: (i) the Court has jurisdiction to consider the Motion, the Objection, and the Cross Motion under 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction provisions of Article XI of the Plan; (ii) consideration of the Motion, the Objection, and the Cross Motion is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) venue is proper in this district under 28 U.S.C. §§ 1408 and 1409; and (iv) the legal and factual bases set forth in the Objection and the Cross Motion establish good cause for the relief granted herein.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection and Cross Motion.

Accordingly, for the reasons set forth on the record during the Hearing, it is hereby **ORDERED THAT**:

    1.    The Motion is **DENIED** in its entirety.

    2.    The Cross Motion is **GRANTED** in its entirety.

    3.    Pursuant to Bankruptcy Rule 9024(b)(6), the Settlement Order is hereby modified to provide that the Stay Provision is stricken from the Settlement Agreement.

    4.    The Court shall retain exclusive jurisdiction to hear and determine all matters and disputes arising from the interpretation and implementation of this Order.

###End of Order###