PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK HAGAMAN DAUGHERTY,<br><br>Defendant. | Adv. Proc. No. 25-03055-sgj |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

## STIPULATED SCHEDULING ORDER

This stipulation (the "Stipulation") is made and entered into by and between plaintiff Highland Capital Management L.P. (the "Highland" or the "Debtor") and defendant Patrick Daugherty ("Daugherty" and together with Highland, the "Parties"), by and through their respective undersigned counsel, to establish certain deadlines pertaining to the litigation of claims asserted in Highland's *Complaint for (1) Disallowance of Claim No. 205 in its Entirety, (2) Estimation of Claim No. 205 for Allowance Purposes, or (3) Subordination of any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty* [Adv. Pro. Docket No. 1] (the "Complaint"), provided that Daugherty's agreement to this Stipulation is made subject to, and without waiving, his Notice of Appeal [Adv. Pro. Docket No. 25] of the Court's Order [Adv. Pro. Docket No. 23], filed September 19, 2025.

## RECITALS

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court").  Bankr. Docket No. 186.

WHEREAS, on April 1, 2020, Daugherty filed Proof of Claim No. 67 ("Claim 67"), which was superseded and replaced by Proof of Claim No. 77 ("Claim 77").

WHEREAS, on December 23, 2020, Daugherty filed Proof of Claim 205 (the "Claim" or

"Claim 205"), which superseded and replaced Claim 77 in its entirety.

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Bankr. Docket No. 1808] (the "Plan").

WHEREAS, on December 8, 2021, the Debtor filed *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Bankr. Docket No. 3088] (the "Settlement Motion").

WHEREAS, on March 8, 2022, the Bankruptcy Court granted the Settlement Motion [Bankr. Docket No. 3298] (the "Settlement Order"), disallowing Claim 67 and Claim 77 with prejudice and resolving all of Claim 205 other than Daugherty's Reserved Claim (as defined in the Parties' *Settlement Agreement* approved by the Settlement Order).

WHEREAS, on May 2, 2025, Highland commenced the Adversary Proceeding by filing the Complaint to disallow, estimate or subordinate Daugherty's Reserved Claim.

WHEREAS, on June 4, 2025, Daugherty moved to dismiss the Complaint on the ground that it was to be stayed pursuant to the Parties' Settlement Agreement [Adv. Pro. Docket No. 5] (the "Motion to Dismiss").

WHEREAS, on July 18, 2025, Highland filed its opposition to the Motion to Dismiss and cross-moved for relief from the Settlement Order [Adv. Pro. Docket Nos. 9 and 10] (the "Cross Motion") seeking to strike the stay provision from paragraph 9 of the Settlement Agreement.

WHEREAS, on August 8, 2025, Daugherty filed his opposition to the Cross Motion [Adv. Pro. Docket No. 15].

WHEREAS, on September 4, 2025, after further briefing and oral argument, the Bankruptcy Court granted the Cross Motion, denied the Motion to Dismiss, and requested the Parties confer on a scheduling order for this litigation.

WHEREAS, the Parties have conferred and desire to enter into the proposed scheduling order set forth below.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Bankruptcy Court, it shall be SO ORDERED:

1. On or before **October 3, 2025**, Daugherty shall serve and file his answer to the Complaint.

2. The Parties shall serve their written discovery requests (including document requests, interrogatories, and requests for admission) (the "Discovery Requests") on the other Party on or before **October 24, 2025**, after which no further Discovery Requests shall be served on another Party absent a Court order entered on reasonable notice and upon a showing of good cause.

3. The Parties shall (a) serve written responses and objections to any Discovery Requests on or before **November 21, 2025**, and (b) be substantially complete with document production on or before **December 12, 2025**.

4. Subpoenas for third-party discovery (including written discovery and depositions) shall be served on or before **December 19, 2025**.

5. Fact depositions shall be taken by video between **January 5 and January 30, 2026**. The Parties shall be limited to five (5) fact depositions per side (except that if multiple corporate representatives are designated, those shall collectively count as one fact deposition), and each fact

deposition shall be limited to five (5) hours of testimony, absent further Court order made after reasonable notice and upon good cause shown.

6. The Parties shall confer in good faith as to the identity of witnesses they seek to depose. Notwithstanding the provisions of paragraph 5, in an effort to be efficient, reduce the burden on third parties, and avoid motion practice, if the Parties intend to depose the same witness, they shall do so in one day, with Highland having up to three (3) hours of testimony and Daugherty having up to four (4) hours of testimony.

7. Fact discovery (including third-party discovery) shall be completed by **January 30, 2026; provided, however,** that if a third-party fact witness is unavailable (or refuses to appear) for deposition on or before January 30, 2026, then the deadline for completing third-party witness depositions shall be extended to February 13, 2026, or such later date as the Court may order after reasonable notice and upon good cause shown.

8. On or before **February 13, 2026**, the Parties shall disclose the identity of any retained expert witness they intend to call at trial, and (b) serve the expert's report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

9. On or before **March 6, 2026**, the Parties shall disclose the identity of any retained rebuttal expert witness they intend to call at trial, and (b) serve the expert's rebuttal report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

10. Expert depositions and expert discovery shall be completed by **March 23, 2026**.

11. Except with respect to impeachment and rebuttal exhibits and witnesses, witness and exhibit lists will be filed on the docket and served on or before **March 25, 2026**, unless otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **March 30, 2026**, or they shall be deemed waived.

12. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **April 1, 2026**.

13. Any Party wishing to file a trial brief shall file and serve the same on or before **April 3, 2026**.

14. A one-day evidentiary hearing will be held in person before the Court on **April 8, 2026**.

15. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

16. If approved by the Court, this Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

17. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

Dated: September 25, 2025.

**GRAY REED**

*/s/ Drake M. Rayshell*
Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D Smeltzer (Texas Bar No. 24113859)
Drake M. Rayshell (Texas Bar No. 24118507)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332

*Counsel for Patrick Daugherty*

- and -

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile:  (972) 755-7110

*Counsel for Highland Capital Management, L.P.*