Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D. Smeltzer (Texas Bar No. 24113859)
J. Reid Burley (Texas Bar No. 24109675)
Drake M. Rayshell (Texas Bar No. 24118507)
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile:  (214) 953-1332
Email:      jbrookner@grayreed.com
            dyork@grayreed.com
            jsmeltzer@grayreed.com
            rburley@grayreed.com
            drayshell@grayreed.com

*Counsel to Patrick Daugherty*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adversary No. 25-03055 |
| PATRICK HAGAMAN DAUGHERTY, | § § | |
| Defendant. | § § § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**PATRICK DAUGHERTY'S ANSWER TO PLAINTIFF
HIGHLAND CAPITAL MANAGEMENT, L.P.'S COMPLAINT
FOR (1) DISALLOWANCE OF CLAIM NO. 205 IN ITS ENTIRETY,
(2) ESTIMATION OF CLAIM NO. 205 FOR ALLOWANCE PURPOSES, OR (3)
SUBORDINATION OF ANY ALLOWED PORTION OF CLAIM NO. 205 OF PATRICK
HAGAMAN DAUGHERTY [DOC. NO. 1] AND ORIGINAL COUNTERCLAIM[2]**

Defendant Patrick Daugherty files this Answer to Plaintiff Highland Capital Management,

L.P.'s Complaint for (1) Disallowance of Claim No. 205 in its Entirety, (2) Estimation of Claim

No. 205 for Allowance Purposes, or (3) Subordination of Any Allowed Portion of Claim No. 205

of Patrick Hagaman Daugherty [Doc. No. 1] and Original Counterclaim and would respectfully

show the Court as follows:

## I.    ANSWER TO PRELIMINARY STATEMENT

1.      Daugherty admits that he is a former employee of, and former limited partner as a

profits interest holder in, Highland. Daugherty admits that he asserted a creditor's claim (Claim

No. 205) against Highland and that he and Highland entered into a binding settlement agreement.

Daugherty denies the remaining allegations in Paragraph 1.

2.      Daugherty denies the allegations in Paragraph 2 based on Highland's

characterization of the funds Daugherty received from Highland and the effect of those funds on

his claims.

3.      Daugherty denies the allegations in Paragraph 3.

---

[2]      Daugherty files this Answer and Counterclaim without waiving the rights and arguments he asserts in his
September 26, 2025 Motion to Stay Pending Appeal [Doc. No. 33] currently pending before the Court, as well as his
Motion to Dismiss [Doc. No. 5] which the Court denied on September 5, 2025 [Doc. No. 23].

4904-3559-7935.1

4.      Daugherty admits that his remaining claim against Highland depends, at least in part, on the result of the IRS' "final determination" of Highland's 2008 tax return. Daugherty denies the remaining allegations in Paragraph 4.

## II.      ANSWER TO JURISDICTION AND VENUE

5.      Daugherty admits the allegations in Paragraph 5.

6.      Daugherty admits the allegations in Paragraph 6.

7.      Daugherty admits the allegations in Paragraph 7.

8.      Daugherty admits the allegations in Paragraph 8.

## III.      ANSWER TO PARTIES

9.      Daugherty admits the allegations in Paragraph 9.

10.     Daugherty admits the allegations in Paragraph 10.

## IV.      ANSWER TO STATEMENT OF FACTS

11.     Daugherty admits the allegations in Paragraph 11.

12.     Daugherty admits the allegations in Paragraph 12.

13.     Daugherty admits the allegations in Paragraph 13.

14.     Daugherty admits the allegations in Paragraph 14.

15.     Daugherty admits the allegations in Paragraph 15.

16.     Daugherty admits that he was hired by Highland in 1998 and that he later became eligible to participate in various Highland incentive plans including Highland's long-term incentive plan.  Daugherty denies the remaining allegations in Paragraph 16.

17.     Daugherty admits the Highland was a limited partnership and a pass-through entity as alleged in Paragraph 17 but denies any actual or implied characterization that Daugherty's 2008

pre-tax refund was based on taxable losses or that he or any partner other that Dondero, Okada, and their affiliates were ever allowed to participate in pass-through distributions from Highland.

18.     Daugherty admits that Highland provided him with the Comprehensive Compensation and Benefits Statement, but Daugherty denies the allegation that such statement was entirely accurate and reserves the right to dispute same.

19.     Daugherty admits that the Comprehensive Compensation and Benefits Statement included a characterized estimated tax refund, but Daugherty denies the allegation that such statement was entirely accurate and reserves the right to dispute the same.  Daugherty otherwise denies any remaining allegations in Paragraph 19.

20.     In response to the allegations in Paragraph 20, Daugherty admits that Highland provided him with the Comprehensive Compensation and Benefits Statement, but Daugherty denies the allegation that such statement was entirely accurate and reserves the right to dispute same.

21.     Daugherty denies the characterization of the allegations in Paragraph 21 to the extent that the quotes cited therein refer to non-binding statements or assertions made by or to Daugherty.

22.     Daugherty admits that the allegations in Paragraph 22 reflect some of what was included on the 2008 K-1, but Daugherty denies the reference to him receiving what "he was promised . . . if not more" to the extent it refers to something that alters the relevant, binding contractual language.

23.     Daugherty admits that the IRS began an audit of Highland's 2008 tax return but denies that all "obligations" to Daugherty have been satisfied.  To the best of Daugherty's belief, the IRS audit is not yet fully resolved.

24.     Daugherty admits that he terminated his employment with Highland on October 31, 2011, because of improprieties regarding treatment of investor accounts, among other things, but Daugherty denies the allegations to the extent Highland interprets them to constitute a waiver on Daugherty's behalf.

25.     Daugherty admits that Claim No. 205 originally estimated Highland was liable to him for $2,650,353 among other costs.  Daugherty otherwise denies the allegations in Paragraph 25.

26.     Daugherty denies the allegations in Paragraph 26.

27.     Daugherty denies the allegations in Paragraph 27.

## V.     ANSWER TO CLAIMS FOR RELIEF

28.     Daugherty denies the allegations in Paragraph 28 to the extent they seek to present prior opinions and legal conclusions as statements of verifiable fact.

29.     Paragraph 29 contains statements that are legal conclusions for which no response is required.  To the extent a response is required Daugherty denies the allegations.

30.     Paragraph 30 contains statements that are legal conclusions for which no response is required.  To the extent a response is required Daugherty denies the allegations.

31.     Daugherty admits that he earned bonus compensation from Highland in 2008 that was allocatable to him pursuant to Highland's decision to fund the bonus with the tax refund scheme, but Daugherty denies Highland's characterization of same in the allegations in Paragraph 31.

32.     Daugherty denies the allegations in Paragraph 32.

33.     Daugherty denies the allegations in Paragraph 33.

34.     Daugherty denies the allegations in Paragraph 34 to the extent they seek to present prior opinions and legal conclusions as statements of verifiable fact.

35.     Daugherty denies the allegations in Paragraph 35.

36.     Paragraph 36 contains statements that are legal conclusions for which no response is required.   To the extent a response is required Daugherty denies the allegations and further denies the statute governs given the express language of the settlement agreement between Daugherty and Highland.

37.     Daugherty admits the allegations in the first sentence of Paragraph 37.   Daugherty lacks information to admit or deny the second sentence of Paragraph 37 and therefore denies it.

38.     Daugherty admits the allegations in Paragraph 38.

39.     Daugherty denies the allegations (and requests for relief) in Paragraph 39.

40.     Daugherty denies the allegations in Paragraph 40 to the extent they seek to present prior opinions and legal conclusions as statements of verifiable fact.

41.     Paragraph 41 contains legal conclusions for which a response is not required.   To the extent a response is required Daugherty denies the allegations.

42.     Paragraph 42 contains legal conclusions for which a response is not required.   To the extent a response is required, Daugherty denies the allegations.

43.     Daugherty admits he owned the Partnership Interests in the form of a profits interest in Highland but denies the remaining allegations in Paragraph 43.

44.     Daugherty denies the allegations in Paragraph 44.

45.     Daugherty denies the allegations (and request for relief) in Paragraph 45.

4904-3559-7935.1

## VI.    PRAYER

Daugherty denies that Highland is entitled to any of the relief requested in its Complaint, or to any relief whatsoever, and requests that Highland's claims be dismissed with prejudice. Daugherty further requests that the Court award it costs and any other relief the Court deems proper.

## VII.    AFFIRMATIVE DEFENSES

1.      Further answering Highland's claims, Daugherty asserts the following defenses without assuming any burden that he would not otherwise have, including without admitting or acknowledging that he bears the burden of proof as to any of the defenses denoted herein.

**Prior Material Breach**

2.      Highland's claims are barred in whole or in part by its prior material breach of the governing employment agreement as well as the settlement agreement previously approved by this Court.

**Failure to State a Claim**

3.      Highland's claims are barred in whole or in part by their failure to state a claim upon which relief can be granted.

**Equitable Estoppel**

4.      Highland's claims are barred in whole or in part by the doctrine of equitable estoppel. Highland and Daugherty entered into a binding settlement agreement wherein Daugherty gave up various rights and claims in exchange for a bargained-for agreement that Highland would not commence litigation under the IRS has concluded audit of Highland's 2008 tax return. Highland's decision to seek judicial modification of a binding contract prevents it from having the

equitable right to relief. Highland should be estopped from bringing the immediate litigation against Daugherty.

**Failure of Consideration**

5.      Highland's claims fail because they are based upon a settlement agreement that was modified without consideration. Daugherty and Highland engaged in robust and detailed negotiations that ultimately culminated in the binding settlement agreement between the parties. Highland's decision to seek judicial modification of the settlement agreement—without providing substitute consideration to Daugherty—renders the Settlement Agreement unenforceable due to failure of consideration.

## COUNTERCLAIM AGAINST PLAINTIFF/COUNTER DEFENDANT HIGHLAND CAPITAL MANAGEMENT, L.P.

Defendant/Counter-Plaintiff Patrick Hagaman Daugherty files this Original Counterclaim Against Plaintiff/Counter-Defendant Highland Capital Management, L.P. and would show the Court as follows:

## PRELIMINARY STATEMENT

1.      On November 22, 2021, Daugherty and Highland signed a Settlement Agreement wherein Daugherty acquired the "interests in HERA and ERA." The Settlement Agreement also mandated that Highland transfer the books and records of HERA (Highland Employee Retention Assets LLC) and ERA (Highland ERA Management LLC) that are "maintained on HCMLP's system." Despite demand, however, Highland refused and failed to turn over all books and records in its possession related to HERA and ERA – entities that Daugherty and his affiliates now own in their entirety. Highland's failure in this regard is a breach of the Settlement Agreement.

2.      Daugherty's demand is even more urgent given Highland's latest filing in the main bankruptcy through which Highland seeks to destroy a significant amount of the records in its possession (under the guise of saving $7,500/month). As the Court is aware, there is extensive litigation between HERA and Dondero and his enablers in other forums. Daugherty bargained for and obtained the interests in HERA and acquired the rights to the HERA books and records in Highland's possession. HERA needs those books and records to continue litigating its claims against James Dondero and other former Highland employees and representatives. The Court should enforce the Settlement Agreement as written and require Highland to turn over to Daugherty what is rightfully his.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue are proper in this Court for the reasons alleged and authorities cited in Highland's Complaint [Doc. No. 1] and pursuant to Federal Rule of Civil Procedure 13, as incorporated by Federal Rule of Bankruptcy Procedure 7013.

## PARTIES

4.      Defendant/Counter-Plaintiff Patrick Hagaman Daugherty is an individual residing in the State of Texas.

5.      Plaintiff/Counter-Defendant Highland Capital Management, L.P. is a Delaware limited partnership with its principal place of business located at 100 Crescent Court, Suite 1850, Dallas, Texas 75201. Highland has appeared in this adversary proceeding through its attorneys of record.

## FACTUAL BACKGROUND

6.      Daugherty and Highland executed a Settlement Agreement on November 22, 2021, that provided clarity for both parties as the main bankruptcy case proceeded towards confirmation.

Main Case Docket No. 3088, 3089.[3] The Court approved the Settlement Agreement on March 8, 2022. *Id*.

7.      Through the Settlement Agreement, Highland agreed to transfer to Daugherty Highland's interests in Highland Employee Retention Assets LLC ("HERA") and ERA Management, LLC ("ERA"). Specifically, the Settlement Agreement provided that, "[Highland] will transfer its interests in HERA and ERA to Daugherty. Such transfer will include the HERA and ERA books and records (spreadsheet) maintained on [Highland's] system." *Id*.

8.      The Settlement Agreement was not permissive or discretionary in this regard. The Settlement Agreement required that Highland "will" do these things. Since March 2022, however, Daugherty has made several requests to Highland that it comply with the Settlement Agreement by turning over all of the HERA and ERA books and records. To date, Highland has not complied – and in fact has refused to do so. Daugherty, therefore, brings this counterclaim against Highland.

## CAUSES OF ACTION

### Count I – Breach of Contract

9.      Daugherty incorporates by reference the above paragraphs.

10.     On November 22, 2021, after extensive negotiations, Daugherty and Highland executed a binding contract – the Settlement Agreement. The Court approved the Settlement Agreement on March 8, 2022.

11.     Daugherty performed and satisfied all obligations that the Settlement Agreement imposed upon him.

---

[3]    All capitalized terms used but not defined in this motion shall have the same definitions as they have in the Settlement Agreement at Main Case Doc. No. 3089. The Settlement Agreement is also attached as Exhibit A.

4904-3559-7935.1

12.     Highland breached the Settlement Agreement by refusing to turn over all the HERA and ERA books and records in Highland's possession. Settlement Agreement at ¶ 8 (Highland agreed to turn over to Daugherty all "interests in HERA and ERA to Daugherty…Such transfer will include the HERA and ERA books and records (spreadsheet) maintained on HCMLP's system.").

13.     HERA is currently engaged in litigation with Dondero and others in the case styled *Highland Employee Retention Assets LLC v. James Donero, et al.*, Civil Action No. 3:24-cv-00498-K, pending in the United States District Court for the Northern District of Texas. That litigation centers on Dondero's mismanagement of the monetary contributions that numerous Highland employees made into retirement vehicles managed by HERA. But because of Dondero's and others' underhanded efforts to fraudulently transfer assets to benefit themselves and others, those contributions were funneled out of HERA and into various entities and accounts controlled by Dondero, Okada, Ellington and their affiliates.

14.     Daugherty bargained for and obtained Highland's interests in HERA as well as Highland's books and records related to HERA. There is no question that Highland breached the Settlement Agreement by refusing to turn over all of those books and records. And as evidenced by Highland's Motion for Order Authorizing Destruction of Documents filed in the main bankruptcy, Highland clearly has no intention of honoring its commitment to turn over documents. *See* Main Bankruptcy Doc. No. 4416. In fact, Highland wants to destroy the very records it contractually promised to turn over to Daugherty.

15.     Daugherty asks this Court to find that Highland breached the Settlement Agreement.

## Count II – Specific Performance

16.     Daugherty incorporates by reference the above paragraphs.

17.     The Settlement Agreement is a binding contract that Daugherty has not repudiated or breached.

18.     Daugherty performed and satisfied all obligations that the Settlement Agreement imposed upon him.

19.     Highland breached the Settlement Agreement by refusing to turn over all the HERA and ERA books and records in Highland's possession. Settlement Agreement at ¶ 8 (Highland agreed to turn over to Daugherty all "interests in HERA and ERA to Daugherty…Such transfer will include the HERA and ERA books and records (spreadsheet) maintained on HCMLP's system.").

20.     At all relevant times, Daugherty has been ready, willing, and able to work with Highland to effectuate the transfer of the HERA and ERA books and records.

21.     Because of Highland's unique position as the sole custodian of the HERA and ERA books and records that Highland agreed to turn over to Daugherty, the circumstances are such that Daugherty cannot recover absent the Court ordering specific performance. The Court's specific performance order against Highland would be the just result, as the balance of equities tips in favor of Daugherty. *See generally Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010).

22.     If the Court does not order Highland to comply with the terms of the Settlement Agreement and turn over the relevant books and records, Daugherty will be irreparably harmed. HERA will be unable to adequately pursue its litigation against Dondero, Okada, Ellington and the others.

4904-3559-7935.1

## Count III – Attorneys' Fees

23.     Daugherty incorporates by reference the above paragraphs.

24.     As a result of Highland's bad faith conduct and breach of the Settlement
Agreement, Daugherty has been forced to retain the services of the undersigned counsel to pursue
his claims in this case. Because Delaware law governs the Settlement Agreement, Daugherty asks
the Court to award him his reasonable and necessary attorneys' fees due to Highland's bad faith
conduct. *See generally Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1164 (Del. 1989); *see
also Slawik v. State*, 480 A.2d 636, 639 n. 5 (Del. 1984). The requirements of the Settlement
Agreement are clear – Highland "will" turn over the HERA and ERA books and records to
Daugherty. In bad faith, Highland has refused to do so, and the Court should award Daugherty his
attorneys' fees accordingly.

## CONCLUSION AND PRAYER

Defendant Patrick Hagaman Daugherty prays that the Court render final judgment that
Highland takes nothing by its suit and award Daugherty a judgment against Highland for:

a.     Specific performance against Highland that it be required to turn over the books
and records in its possession related to HERA and ERA;

b.     Daugherty's actual and compensable damages, if any;

c.     Daugherty's reasonable and necessary attorneys' fees;

d.     All costs of court;

e.     Post-judgment interest accruing on the foregoing amounts at the maximum rate
allowed by law; and

f.     Any such further relief, both general and specific, legal or equitable, to which
Daugherty may be justly entitled.

4904-3559-7935.1

Dated: October 3, 2025.

Respectfully submitted,

GRAY REED

By:  _/s/ Andrew K. York_____
     Jason S. Brookner
     Texas Bar No. 24033684
     Andrew K. York
     Texas Bar No. 24051554
     Joshua D. Smeltzer
     Texas Bar No. 24113859
     J. Reid Burley
     Texas Bar No. 24109675
     Drake M. Rayshell
     Texas Bar No. 24118507

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:    (214) 954-4135
Facsimile:    (214) 953-1332
Email:       jbrookner@grayreed.com
            dyork@grayreed.com
            jsmeltzer@grayreed.com
            rburley@grayreed.com
            drayshell@grayreed.com

*Counsel to Patrick Daugherty*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing instrument was served on all Parties or counsel of record herein on this 3rd day of October 2025, via the CM/ECF system and/or email.

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz
jpomerantz@pszjlaw.com
John A. Morris
jmorris@pszjlaw.com
Gregory V. Demo
gdemo@pszjlaw.com
Hayley R. Winograd
hwinograd@pszjlaw.com

HAYWARD PLLC
Melissa S. Hayward
MHayward@HaywardFirm.com
Zachery Z. Annable
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Suite 106
Dallas, Texas 75231
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

*Counsel for Highland Capital Management, L.P.*

/s/ Andrew K. York
ANDREW K. YORK