

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 1, 2025**

_____
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: § | Chapter 11 |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § | Case No. 19-34054-sgj11 |
| § | |
| Reorganized Debtor. § | |
| § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Adversary Proceeding No. 25-03055-sgj |
| § | |
| PATRICK HAGAMAN DAUGHERTY, § | |
| § | |
| Defendant. § | |

## ORDER APPROVING STIPULATED SCHEDULING ORDER

Upon consideration of the *Stipulated Scheduling Order* [Adv. Proc. Docket No. 31] (the "Stipulation")[2] by and between Highland Capital Management, L.P. ("Highland"), the reorganized

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

[2] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Stipulation.

debtor in the above-captioned chapter 11 case (the "Bankruptcy Case") and the plaintiff in the above-captioned adversary proceeding (the "Adversary Proceeding"), and Patrick Hagaman Daugherty ("Daugherty," and together with Highland, the "Parties"), it is **HEREBY ORDERED THAT:**

1. The Stipulation,[3] a copy of which is attached hereto as **Exhibit A**, is **APPROVED**.

2. On or before **October 3, 2025**, Daugherty shall serve and file his answer to the Complaint.

3. The Parties shall serve their written discovery requests (including document requests, interrogatories, and requests for admission) (the "Discovery Requests") on the other Party on or before **October 24, 2025**, after which no further Discovery Requests shall be served on another Party absent a Court order entered on reasonable notice and upon a showing of good cause.

4. The Parties shall (a) serve written responses and objections to any Discovery Requests on or before **November 21, 2025**, and (b) be substantially complete with document production on or before **December 12, 2025**.

5. Subpoenas for third-party discovery (including written discovery and depositions) shall be served on or before **December 19, 2025**.

6. Fact depositions shall be taken by video between **January 5 and January 30, 2026**. The Parties shall be limited to five (5) fact depositions per side (except that if multiple corporate representatives are designated, those shall collectively count as one fact deposition), and each fact deposition shall be limited to five (5) hours of testimony, absent further Court order made after reasonable notice and upon good cause shown.

---

[3] As noted in the Stipulation, Daugherty's agreement to the Stipulation is subject to, and without waiving, his Notice of Appeal [Adv. Pro. Docket No. 25] of the Court's Order [Adv. Pro. Docket No. 23], filed September 19, 2025.

7. The Parties shall confer in good faith as to the identity of witnesses they seek to depose. Notwithstanding the provisions of paragraph 6 of this Order, in an effort to be efficient, reduce the burden on third parties, and avoid motion practice, if the Parties intend to depose the same witness, they shall do so in one day, with Highland having up to three (3) hours of testimony and Daugherty having up to four (4) hours of testimony.

8. Fact discovery (including third-party discovery) shall be completed by **January 30, 2026; provided, however,** that if a third-party fact witness is unavailable (or refuses to appear) for deposition on or before January 30, 2026, then the deadline for completing third-party witness depositions shall be extended to February 13, 2026, or such later date as the Court may order after reasonable notice and upon good cause shown.

9. On or before **February 13, 2026**, the Parties shall disclose the identity of any retained expert witness they intend to call at trial, and (b) serve the expert's report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

10. On or before **March 6, 2026**, the Parties shall disclose the identity of any retained rebuttal expert witness they intend to call at trial, and (b) serve the expert's rebuttal report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

11. Expert depositions and expert discovery shall be completed by **March 23, 2026**.

12. Except with respect to impeachment and rebuttal exhibits and witnesses, witness and exhibit lists will be filed on the docket and served on or before **March 25, 2026**, unless otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **March 30, 2026**, or they shall be deemed waived.

13. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **April 1, 2026**.

14. Any Party wishing to file a trial brief shall file and serve the same on or before **April 3, 2026**.

15. A one-day evidentiary hearing will be held in person before the Court beginning at **9:30 a.m. (Central Time)** on **April 8, 2026**.

16. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

17. The schedule set forth in the Stipulation and this Order shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

18. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of the Stipulation and this Order.

**###END OF ORDER###**

APPROVED AS TO FORM AND
SUBSTANCE:

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Email:  jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

**GRAY REED**

By: */s/ Drake M. Rayshell*
Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D. Smeltzer (Texas Bar No. 24113859)
Drake M. Rayshell (Texas Bar No. 24118507)
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (469) 320-6050
Facsimile: (469) 320-6886
Email: jbrookner@grayreed.com
           dyork@grayreed.com
           jsmeltzer@grayreed.com
           drayshell@grayreed.com

*Counsel for Patrick Daugherty*

Case 25-03055-sgj    Doc 42    Filed 10/04/25    Entered 10/04/25 23:23:18    Desc Imaged
Certificate of Notice    Page 7 of 16

# **<u>EXHIBIT A</u>**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) *(admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adv. Proc. No. 25-03055-sgj |
| v. | § § § | |
| PATRICK HAGAMAN DAUGHERTY, | § § § | |
| Defendant. | § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4910-4220-8870.7 36027.003

**STIPULATED SCHEDULING ORDER**

This stipulation (the "Stipulation") is made and entered into by and between plaintiff Highland Capital Management L.P. (the "Highland" or the "Debtor") and defendant Patrick Daugherty ("Daugherty" and together with Highland, the "Parties"), by and through their respective undersigned counsel, to establish certain deadlines pertaining to the litigation of claims asserted in Highland's *Complaint for (1) Disallowance of Claim No. 205 in its Entirety, (2) Estimation of Claim No. 205 for Allowance Purposes, or (3) Subordination of any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty* [Adv. Pro. Docket No. 1] (the "Complaint"), provided that Daugherty's agreement to this Stipulation is made subject to, and without waiving, his Notice of Appeal [Adv. Pro. Docket No. 25] of the Court's Order [Adv. Pro. Docket No. 23], filed September 19, 2025.

**RECITALS**

WHEREAS, on October 16, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware, Case No. 19-12239 (CSS) (the "Delaware Court").

WHEREAS, on December 4, 2019, the Delaware Court entered an order transferring venue of the Debtor's bankruptcy case to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). Bankr. Docket No. 186.

WHEREAS, on April 1, 2020, Daugherty filed Proof of Claim No. 67 ("Claim 67"), which was superseded and replaced by Proof of Claim No. 77 ("Claim 77").

WHEREAS, on December 23, 2020, Daugherty filed Proof of Claim 205 (the "Claim" or

"Claim 205"), which superseded and replaced Claim 77 in its entirety.

WHEREAS, on February 22, 2021, the Bankruptcy Court entered the *Order (i) Confirming the Fifth Amended Plan of Reorganization (as Modified) and (ii) Granting Related Relief* [Bankr. Docket No. 1943] (the "Confirmation Order") which confirmed the *Fifth Amended Plan of Reorganization of Highland Capital Management, L.P., as Modified* [Bankr. Docket No. 1808] (the "Plan").

WHEREAS, on December 8, 2021, the Debtor filed *Reorganized Debtor's Motion for Entry of an Order Approving Settlement with Patrick Hagaman Daugherty (Claim No. 205) and Authorizing Actions Consistent Therewith* [Bankr. Docket No. 3088] (the "Settlement Motion").

WHEREAS, on March 8, 2022, the Bankruptcy Court granted the Settlement Motion [Bankr. Docket No. 3298] (the "Settlement Order"), disallowing Claim 67 and Claim 77 with prejudice and resolving all of Claim 205 other than Daugherty's Reserved Claim (as defined in the Parties' *Settlement Agreement* approved by the Settlement Order).

WHEREAS, on May 2, 2025, Highland commenced the Adversary Proceeding by filing the Complaint to disallow, estimate or subordinate Daugherty's Reserved Claim.

WHEREAS, on June 4, 2025, Daugherty moved to dismiss the Complaint on the ground that it was to be stayed pursuant to the Parties' Settlement Agreement [Adv. Pro. Docket No. 5] (the "Motion to Dismiss").

WHEREAS, on July 18, 2025, Highland filed its opposition to the Motion to Dismiss and cross-moved for relief from the Settlement Order [Adv. Pro. Docket Nos. 9 and 10] (the "Cross Motion") seeking to strike the stay provision from paragraph 9 of the Settlement Agreement.

WHEREAS, on August 8, 2025, Daugherty filed his opposition to the Cross Motion [Adv. Pro. Docket No. 15].

WHEREAS, on September 4, 2025, after further briefing and oral argument, the Bankruptcy Court granted the Cross Motion, denied the Motion to Dismiss, and requested the Parties confer on a scheduling order for this litigation.

WHEREAS, the Parties have conferred and desire to enter into the proposed scheduling order set forth below.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Bankruptcy Court, it shall be SO ORDERED:

1. On or before **October 3, 2025**, Daugherty shall serve and file his answer to the Complaint.

2. The Parties shall serve their written discovery requests (including document requests, interrogatories, and requests for admission) (the "Discovery Requests") on the other Party on or before **October 24, 2025**, after which no further Discovery Requests shall be served on another Party absent a Court order entered on reasonable notice and upon a showing of good cause.

3. The Parties shall (a) serve written responses and objections to any Discovery Requests on or before **November 21, 2025**, and (b) be substantially complete with document production on or before **December 12, 2025**.

4. Subpoenas for third-party discovery (including written discovery and depositions) shall be served on or before **December 19, 2025**.

5. Fact depositions shall be taken by video between **January 5 and January 30, 2026**. The Parties shall be limited to five (5) fact depositions per side (except that if multiple corporate representatives are designated, those shall collectively count as one fact deposition), and each fact

deposition shall be limited to five (5) hours of testimony, absent further Court order made after reasonable notice and upon good cause shown.

6. The Parties shall confer in good faith as to the identity of witnesses they seek to depose. Notwithstanding the provisions of paragraph 5, in an effort to be efficient, reduce the burden on third parties, and avoid motion practice, if the Parties intend to depose the same witness, they shall do so in one day, with Highland having up to three (3) hours of testimony and Daugherty having up to four (4) hours of testimony.

7. Fact discovery (including third-party discovery) shall be completed by **January 30, 2026; provided, however,** that if a third-party fact witness is unavailable (or refuses to appear) for deposition on or before January 30, 2026, then the deadline for completing third-party witness depositions shall be extended to February 13, 2026, or such later date as the Court may order after reasonable notice and upon good cause shown.

8. On or before **February 13, 2026**, the Parties shall disclose the identity of any retained expert witness they intend to call at trial, and (b) serve the expert's report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

9. On or before **March 6, 2026**, the Parties shall disclose the identity of any retained rebuttal expert witness they intend to call at trial, and (b) serve the expert's rebuttal report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B).

10. Expert depositions and expert discovery shall be completed by **March 23, 2026**.

11. Except with respect to impeachment and rebuttal exhibits and witnesses, witness and exhibit lists will be filed on the docket and served on or before **March 25, 2026**, unless otherwise agreed in writing by the Parties. Objections to exhibits, other than for relevance, shall be filed on or before **March 30, 2026**, or they shall be deemed waived.

12. A joint pretrial order in compliance with the Court's Local Rules shall be filed on or before **April 1, 2026**.

13. Any Party wishing to file a trial brief shall file and serve the same on or before **April 3, 2026**.

14. A one-day evidentiary hearing will be held in person before the Court on **April 8, 2026**.

15. All deadlines set forth above are effective as of **5:00 p.m. (Central Time)** on each applicable date.

16. If approved by the Court, this Stipulation shall only be modified in a writing signed by the Parties or upon the entry of an order of the Court entered upon notice to the Parties.

17. The Court shall retain jurisdiction over all disputes arising out of or otherwise concerning the interpretation and enforcement of this Stipulation.

Dated: September 25, 2025.

          **GRAY REED**

          */s/ Drake M. Rayshell*
          Jason S. Brookner (Texas Bar No. 24033684)
          Andrew K. York (Texas Bar No. 24051554)
          Joshua D Smeltzer (Texas Bar No. 24113859)
          Drake M. Rayshell (Texas Bar No. 24118507)
          1601 Elm Street, Suite 4600
          Dallas, Texas 75201
          Telephone: (214) 954-4135
          Facsimile: (214) 953-1332

          *Counsel for Patrick Daugherty*

          **- and -**

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No. 143717)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
Hayley R. Winograd (NY Bar No. 5612569)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com
hwinograd@pszjlaw.com

- and -

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

United States Bankruptcy Court

Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff

Daugherty,
    Defendant

Adv. Proc. No. 25-03055-sgj

# CERTIFICATE OF NOTICE

District/off: 0539-3      User: admin      Page 1 of 2
Date Rcvd: Oct 02, 2025      Form ID: pdf001      Total Noticed: 5

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 04, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Patrick Hagaman Daugherty, 3621 Cornell Avenue, Suite 830, Dallas, TX 75205-2818 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| ust | + | Email/Text: ustpregion06.da.ecf@usdoj.gov | Oct 02 2025 21:57:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |
| ust | + | Email/Text: ustpregion07.au.ecf@usdoj.gov | Oct 02 2025 21:57:00 | United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |
| ust | + | Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Oct 02 2025 21:57:00 | United States Trustee - SA12, US Trustee's Office, 615 E Houston, Suite 533, San Antonio, TX 78205-2055 |
| ust | + | Email/Text: ustpregion07.au.ecf@usdoj.gov | Oct 02 2025 21:57:00 | United States Trustee - WA12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 04, 2025      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

| District/off: 0539-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Oct 02, 2025 | Form ID: pdf001 | Total Noticed: 5 |

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew K. York | on behalf of Defendant Patrick Hagaman Daugherty dyork@grayreed.com  slangley@grayreed.com |
| Melissa S. Hayward | on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com |
| Zachery Z. Annable | on behalf of Plaintiff Highland Capital Management  L.P. zannable@haywardfirm.com, mholmes@haywardfirm.com |

TOTAL: 3