Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D. Smeltzer (Texas Bar No. 24113859)
J. Reid Burley (Texas Bar No. 24109675)
Drake M. Rayshell (Texas Bar No. 24118507)
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: jbrookner@grayreed.com
dyork@grayreed.com
jsmeltzer@grayreed.com
rburley@grayreed.com
drayshell@grayreed.com

*Counsel to Patrick Daugherty*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054 (SGJ) |
| Reorganized Debtor. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Adversary No. 25-03055 |
| PATRICK HAGAMAN DAUGHERTY, | § § § | |
| Defendant. | § § § § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4930-7974-0272

# PATRICK DAUGHERTY'S REPLY IN SUPPORT OF
# MOTION FOR STAY PENDING APPEAL

Defendant Patrick Daugherty files this Reply in Support of Motion for Stay Pending Appeal pursuant to Bankruptcy Rule 8007(a)(1)(A) and would show the Court as follows:

## PRELIMINARY STATEMENT

1. Highland's Objection [Doc. No. 44] lacks any meritorious argument. An order granting a Rule 60(b) motion is generally appealable. And the Motion sets out why Daugherty's appeal will succeed on its merits, why he would be irreparably harmed if the stay is not granted, why Highland would not be harmed, and why a stay would serve the public interest. The Objection raises nothing more than strawman arguments that miss the mark. The Court should grant the Motion and issue the stay.

## ARGUMENT AND AUTHORITIES

**I. Daugherty Did Not Need to Seek Leave to Appeal.**

2. Highland argues Daugherty is appealing an interlocutory order, so he needed to seek leave to appeal. Objection at ¶ 24. This disregards the fact that the Order approving Daugherty's Settlement Agreement with Highland is final. Although an order approving a settlement agreement is not a "final judgment," the Fifth Circuit has held that it is a final order that is appealable as of right to the district court. *See Adam v. Itech Oil Co.* (*In re Gibraltar Res., Inc.*), 210 F.3d 573, 576 (5th Cir. 2000) (collecting cases). The Court's Order granting Highland's Rule 60(b)(6) Cross Motion to modify the Settlement Agreement is therefore immediately appealable. *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978); *see also Halick v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) (same).

-2-

4930-7974-0272

**II.     Daugherty will likely prevail on appeal because the Settlement Agreement is a binding contract that this Court should not have modified under Rule 60(b)(6).**

3. Highland completely ignores the binding nature of the Stay Provision, as well as the wealth of case law that motions to reform or nullify settlements are disfavored. *In re Lease Oil Antitrust Litig.*, MDL No. 1206, 2002 WL 35645775, at *13 (S.D. Tex. Dec. 4, 2002) (holding that the movant on a 60(b)(6) presented "no reasons justifying a modification of the Global Settlement…[t]he Court finds that the [current motion is simply] another attempt by CE Corp to collect under the Global Settlement – ***an action that is expressly prohibited***" (emphasis added)). Instead, Highland dodges to the Sunset Provision in the Confirmation Order and Claimant Trust Agreement, arguing the Court "confronted two potentially conflicting provisions in two agreements". Objection at ¶ 27. Highland further argues — without any supporting authority — that resolution of the purported conflict "is precisely the type of 'extraordinary circumstance' that justified relief under Rule 60." *Id.* Tellingly, Highland fails to acknowledge that because the Claimant Trust was extended to 2026, by Highland's own action, any perceived conflict at this time was eliminated. In addition, any possible future conflicting provisions of the agreements are simply illusory as Highland and the Claimant Trustee can use their powers to seek an extension of its duration. *See e.g.*, Main Case Doc. Nos. 4213, 4298 ("This order is without prejudice to the Trusts' right to seek further extensions of their duration under the Plan or otherwise.").

4. Highland completely disregards that it previously lauded the Settlement Agreement as "fair and reasonable" and the Court found "the Settlement Agreement [to be] fair and equitable." Main Case Doc. No. 3088 at ¶¶ 41-48; Main Case Doc. No. 3298 at 2. Moreover, Highland took advantage of the Settlement Agreement for years through tolling agreements that extended the deadline for Highland's objection to Daugherty's Reserved Claim. Striking the Stay Provision now is inequitable to Daugherty. Moreover, contrary to Highland's argument, there is no actual

conflict. As Highland itself points out, the Sunset Provision has been extended multiple times and could be extended again. Further, Highland's position is myopic, if Daugherty truly is the last remaining unresolved creditor, the Claimant Trust Agreement could be modified to place Daugherty in charge of the Trust. Accordingly, Daugherty is willing to extend the Trust and does not require the extensive releases and injunctive protections demanded by Highland and its employees, the Claimant Trustee, the Litigation Trustee, the Oversight Board Members, and their professionals that were prohibited by the Fifth Circuit.

5. Next Highland contends the Court's decision was implicitly connected to Bankruptcy Code section 502(c), which allows for estimation of a contingent or unliquidated claim that would unduly delay administration of the estate. *Id.* at ¶ 28. But doing so directly conflicts with the Settlement Agreement's terms that the Court previously approved — in other words, the Court is doing nothing more than revoking its approval of the Stay Provision. Nor is this something the Court did *sua sponte*. Rather, it did so based on Highland's Cross-Motion, which Highland claimed was due to unforeseen circumstances. As Daugherty previously pointed out, courts do not, and cannot, recuse parties from their own counseled, deliberate choices that in hindsight are unfortunate. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013); *see S.E.C. v. Conradt*, 309 F.R.D. 186, 187-88 (S.D.N.Y. 2015) (refusing to utilize Rule 60(b)(6) to vacate defendants' settlement agreements that resulted in consent judgments after defendants' guilty pleas in a parallel proceeding were vacated).

6. Highland also contends Daugherty could have also sought protection in the Settlement Agreement from the Claimant Trust Agreement. *Id.* at ¶ 30. But mistake is not an "extraordinary circumstance" that justifies Court intervention under Rule 60(b)(6) – the basis for Highland's Cross Motion. Fifth Circuit precedent makes clear that "mistake or inadvertence" is

-4-

covered by subsections (1)–(3) of Rule 60(b) and must be raised within one year. Fed. R. Civ. P. 60(c)(1); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401–02 (5th Cir. 1981); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (Rule 60(b)(1) covers mistake, inadvertence, surprise, or excusable neglect, and is subject to a one-year limitation). Highland's failure to timely raise the issue with the Court, and through the appropriate motion, demonstrates that Daugherty has a substantial likelihood of success on the merits.

### III.    There is a significant risk of irreparable injury if the Court does not grant the stay.

7.    If the Court does not grant the stay, Daugherty is at risk of irreparable injury. Allowing Highland's adversary proceeding against Daugherty to conclude before the IRS Audit is final exposes Daugherty to additional tax liability that he cannot recover from Highland. Highland fails to cite any authority in the context of a motion to stay pending appeal that such "speculative" injury is insufficient to constitute irreparable harm. *Cf. ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 448 (S.D.N.Y. 2007) (citing *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 183 (2nd Cir. BAP 1996)); *In re Texas Equipment Co., Inc.,* 283 B.R. 222, 228 (Bankr. N.D. Tex 2002); *see also Manges v. Seattle-First Nat'l Bank (In re Manges)*, 29 F.3d 1034 (5th Cir. 1994).[2]

8.    Separately, Highland argues that a stay would render section 502(c) a nullity, and that "provision could never be enforced and all bankruptcy estates would be forced to remain open until all contingent and unliquidated claims were finally resolved." Objection at ¶ 36. That is simply not true. The parties' Settlement Agreement supersedes section 502(c) under the

---

[2]    Highland also argues any harm would be self-inflicted because Daugherty chose to rely on Highland's recommendation not to accept a settlement offer the IRS made in 2018. Objection at ¶ 34. The fact that Highland is trying to twist its own recommendation in its favor to oppose Daugherty's motion to stay is offensive.

circumstances here, especially where the Court held the Settlement Agreement was fair and reasonable.

### IV. There would be no harm to other parties if the Court granted the stay.

9. Highland argues a stay would harm Highland, the estate, and other creditors who have "waited years to end the Bankruptcy Case." Objection at ¶ 39. Not true. A stay would benefit all those stakeholders because it would avoid costly and time-consuming litigation (including appeals) that could prove to be an empty gesture depending on the results of the IRS' audit. In fact, any purported delay is more than offset by the litigation savings Highland and the estate will see if this appeal is allowed to proceed now, because the appeal will determine whether the Court had authority to strike the Stay Provision. If the Court did not, the effect of that ruling would be to dismiss (or at the very least stay) the adversary proceeding until the IRS makes a final determination. That saves Highland and the estate from costly litigation and appeals, including appeals that would be filed after the adversary proceeding is concluded if the IRS audit is still pending.

### V. Granting the stay would further judicial economy and serve the public interest because it would give litigants confidence that courts will enforce settlement agreements.

10. Daugherty's Motion established why a stay would further judicial economy. Highland makes a conclusory argument that the stay is a waste of judicial resources because Daugherty's appeal "will fail." But as Daugherty established in his Motion and above, there is a likelihood of success on the merits. Further, a stay promotes judicial economy because it avoids piecemeal appeals. *See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996); *In re Perry*, Nos. 23-5265, 23-5266, 2024 WL 68257, at *3 (E.D. La. Jan. 5, 2024). The enforceability of the "litigation stay provision" in the Settlement Agreement is

the critical issue on appeal. If that provision is determined to control, then any litigation that this Court allows to commence will be pointless and, importantly, voidable, wasting the parties' and the Court's time and resources. The parties would then have to re-litigate the adversary proceeding after the IRS' final determination. Thus, judicial economy weighs in favor of granting Daugherty's motion for stay pending appeal.

11.     Highland also ignores the public interest will be served by granting a stay because the Court—and all litigants in this circuit—should value the importance of binding settlement agreements, especially like the one here that was negotiated between sophisticated parties and skilled counsel. Finally, courts should only exercise the power under Rule 60(b)(6) in the most unique circumstances. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981). This is not one of that small subset of cases. Litigants, and not just those in this case, should have confidence that binding settlement agreements they enter will be enforced as written

WHEREFORE, Patrick Daugherty respectfully requests that the Court (a) enter an order granting the immediate motion, (b) stay the adversary proceeding captioned as *Highland Capital Management, L.P. v. Patrick Hagaman Daugherty (In re Highland Capital Management, L.P.)*, Case No. 19-34054 (SGJ), Adversary No. 25-03055, (c) stay the enforcement of the Court's September 4, 2024 Order, and (d) grant such other and further relief as may be just and proper.

Dated: October 13, 2025.

          Respectfully submitted,

          GRAY REED

          By:   */s/ Andrew K. York*
               Jason S. Brookner
               Texas Bar No. 24033684
               Andrew K. York
               Texas Bar No. 24051554
               Joshua D. Smeltzer
               Texas Bar No. 24113859
               J. Reid Burley
               Texas Bar No. 24109675
               Drake M. Rayshell
               Texas Bar No. 24118507

          1601 Elm Street, Suite 4600
          Dallas, Texas 75201
          Telephone:   (214) 954-4135
          Facsimile:    (214) 953-1332
          Email:        jbrookner@grayreed.com
                         dyork@grayreed.com
                         jsmeltzer@grayreed.com
                         rburley@grayreed.com
                         drayshell@grayreed.com

          *Counsel to Patrick Daugherty*

4930-7974-0272

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing instrument was served on all Parties or counsel of record herein on this 13th day of October 2025, via the CM/ECF system and/or email.

| | |
|---|---|
| PACHULSKI STANG ZIEHL & JONES LLP | HAYWARD PLLC |
| Jeffrey N. Pomerantz | Melissa S. Hayward |
| jpomerantz@pszjlaw.com | MHayward@HaywardFirm.com |
| John A. Morris | Zachery Z. Annable |
| jmorris@pszjlaw.com | ZAnnable@HaywardFirm.com |
| Gregory V. Demo | 10501 N. Central Expy, Suite 106 |
| gdemo@pszjlaw.com | Dallas, Texas 75231 |
| Hayley R. Winograd | |
| hwinograd@pszjlaw.com | |
| 10100 Santa Monica Blvd., 13th Floor | |
| Los Angeles, CA 90067 | |

*Counsel for Highland Capital Management, L.P.*

/s/ *Andrew K. York*
ANDREW K. YORK

4930-7974-0272