PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Plaintiff/Counter-Defendant Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff/Counter-Defendant, | § § | Adv. Proc. No. 25-03055-sgj |
| v. | § § | |
| PATRICK HAGAMAN DAUGHERTY, | § § § | |
| Defendant/Counter-Plaintiff. | § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

# HIGHLAND CAPITAL MANAGEMENT, L.P.'S ANSWER TO PATRICK DAUGHERTY'S ORIGINAL COUNTERCLAIM

Plaintiff/Counter-Defendant Highland Capital Management, L.P., the reorganized debtor ("Highland" or the "Debtor", as applicable), by and through its undersigned counsel, hereby answers the *Original Counterclaim* [Docket No. 39] (the "Counterclaim") filed by Defendant/Counter-Plaintiff Patrick Daugherty ("Daugherty"), as follows:

## I. RESPONSE TO "PRELIMINARY STATEMENT"

1. Highland admits the allegations contained in Paragraph 1 of the Counterclaim that on November 22, 2021, Daugherty and Highland signed a Settlement Agreement. Highland denies that Daugherty acquired the "interests in HERA and ERA" via the Settlement Agreement as such acquisition was made by way of a separate legal transfer, albeit pursuant to the terms of the Settlement Agreement. Highland denies the allegations contained in the second sentence of Paragraph 1 to the extent that they misstate Daugherty's rights and Highland's obligations under the Settlement Agreement. Highland denies the remaining allegations contained in Paragraph 1.

2. Highland denies the allegations contained in the first sentence of Paragraph 2 of the Counterclaim. As to the allegations in the second sentence of Paragraph 2, Highland is without sufficient information to determine their truth or falsity, and accordingly, denies those allegations. Highland denies the allegations contained in the third sentence of Paragraph 2 to the extent that they misstate Daugherty's rights and Highland's obligations under the Settlement Agreement. Highland denies the remaining allegations contained in Paragraph 2.

## II.     RESPONSE TO "JURISDICTION AND VENUE"

3.     Highland admits the allegations contained in Paragraph 3 of the Counterclaim.

## III.     RESPONSE TO "PARTIES"

4.     Highland admits the allegations contained in Paragraph 4 of the Counterclaim to the best of its current knowledge.

5.     Highland admits the allegations contained in Paragraph 5 of the Counterclaim.

## IV.     RESPONSE TO "FACTUAL BACKGROUND"

6.     Highland admits the portion of the allegations contained in the first sentence of Paragraph 6 of the Counterclaim except to clarify that Highland executed the Settlement Agreement on November 21, 2021, and Daugherty executed the Settlement Agreement on November 22, 2021, but Highland denies the remaining allegations contained in that sentence. Highland admits the allegations contained in the second sentence of Paragraph 6 that the Court approved the Settlement Agreement on March 8, 2022.

7.     Highland admits the allegations contained in Paragraph 7 of the Counterclaim, except to clarify that the correct legal name of the "ERA" entity as described in Paragraph 7 is "Highland ERA Management, LLC", not "ERA Management, LLC".

8.     With respect to the allegations contained in the first and second sentences of Paragraph 8 of the Counterclaim, the referenced document speaks for itself, but to the extent a response is required, Highland admits these allegations. With respect to the allegations contained in the third sentence of Paragraph 8, Highland admits that although Daugherty previously made certain information requests to Highland, Highland has denied those requests since at least March 2022 because Daugherty seeks information that he is not entitled to under the Settlement Agreement and Highland has fully complied with its obligations thereunder. Highland denies the

allegations contained in the fourth sentence of Paragraph 8. With respect to the allegations contained in the last sentence of Paragraph 8, Highland admits that Daugherty brings his Counterclaim but denies that Daugherty is entitled to any relief sought therein.

## V.    RESPONSES TO "CAUSES OF ACTION"

### Count I – Breach of Contract

9.  In response to Paragraph 9 of the Counterclaim, Highland incorporates by reference the above paragraphs.

10. Highland admits the allegations contained in Paragraph 10 of the Counterclaim except with respect to the execution dates.

11. Highland denies the allegations contained in Paragraph 11 of the Counterclaim.

12. Highland denies the allegations contained in the first sentence of Paragraph 12 of the Counterclaim. With respect to the second portion of Paragraph 12, which cites to Paragraph 8 of the Settlement Agreement, the referenced document speaks for itself.

13. Highland is generally aware of the existence of the pending litigation described in the first sentence of Paragraph 13, but Highland is without sufficient information to determine the truth or falsity of the allegations contained in Paragraph 13 of the Counterclaim, and accordingly, denies those allegations.

14. Highland denies the allegations contained in Paragraph 14 of the Counterclaim and avers that on October 8, 2025, it provided a list of the boxes of documents subject to the referenced motion with an offer to, "assuming they are plausibly related to some on-going litigation, . . . arrange to have them copied at [Daugherty's] expense and provide them pursuant to an agreed-upon confidentiality agreement."

15. In response to Paragraph 15 of the Counterclaim, Highland admits that in his Counterclaim, Daugherty asks this Court to find that Highland breached the Settlement Agreement, but Highland denies that it breached any agreement and denies that Daugherty is entitled to any relief.

### Count II – Specific Performance

16. In response to Paragraph 16 of the Counterclaim, Highland incorporates by reference the above paragraphs.

17. Highland admits that the Settlement Agreement is binding but denies the remaining allegations contained in Paragraph 17 of the Counterclaim.

18. Highland denies the allegations contained in Paragraph 18 of the Counterclaim.

19. Highland denies the allegations contained in the first sentence of Paragraph 19 of the Counterclaim. With respect to the portion of Paragraph 19, which cites to Paragraph 8 of the Settlement Agreement, the referenced document speaks for itself.

20. Highland denies the allegations contained in Paragraph 20 of the Counterclaim.

21. Highland denies the allegations contained in Paragraph 21 of the Counterclaim.

22. Highland denies the allegations contained in Paragraph 22 of the Counterclaim.

### Count III – Attorneys' Fees

23. In response to Paragraph 23 of the Counterclaim, Highland incorporates by reference the above paragraphs.

24. Highland denies the allegations contained in the first sentence of Paragraph 24 of the Counterclaim. In response to the allegations contained in the second sentence of Paragraph 24, (a) the allegations contain legal conclusions which Highland is not required to admit or deny, (b) to the extent a response is required, Highland denies the allegations, and (c) Highland admits that in the Counterclaim, Daugherty asks the Court to award him attorneys' fees, but denies that

Daugherty is entitled to such relief. Highland denies the remaining allegations contained in Paragraph 24 of the Counterclaim.

## RESPONSE TO "CONCLUSION AND PRAYER"

The remainder of the Counterclaim contains a "Prayer" to which no response is required. However, to the extent a response is required, Highland denies that Daugherty has any viable claims or causes of action against it or that Daugherty is entitled to any relief against it (whether included in the "Prayer" or otherwise).

## FIRST AFFIRMATIVE DEFENSE

Highland denies each and every allegation of the Counterclaim that is not specifically admitted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Daugherty's Counterclaims are barred by the applicable statute of limitations. Under Delaware law, breach of contract claims must be filed within three (3) years from the time the contract is breached. Daugherty's Counterclaim is premised on an alleged breach of the Settlement Agreement that Daugherty asserts occurred in March 2022 (*see* Counterclaim ¶ 8), more than three years ago. Accordingly, the Counterclaim is barred by the statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Daugherty's Counterclaims fail to state a claim upon which relief can be granted against Highland.

## FOURTH AFFIRMATIVE DEFENSE

### (Bad Faith)

Daugherty commenced this action in bad faith against Highland.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Daugherty's action is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Right to Assert Affirmative Defenses)

Highland reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

WHEREFORE, having fully answered the Counterclaim as set forth herein, Highland requests (a) that the Counterclaim be dismissed with prejudice, and (b) such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: October 24, 2025 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>         jmorris@pszjlaw.com<br>         gdemo@pszjlaw.com<br>         hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Plaintiff/Counter-Defendant Highland Capital Management, L.P.* |