# **EXHIBIT 1**

FILED
11/17/2025 4:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Marissa Gomez DEPUTY

CAUSE NO. DC 22-00304

| | | |
|---|---|---|
| SCOTT BYRON ELLINGTON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| PATRICK DAUGHERTY | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SIXTH MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Patrick Daugherty ("Daugherty") files this Response ("Response") to Plaintiff Scott Byron Ellington's ("Ellington") Sixth Motion to Compel (the "Motion") and respectfully shows the Court as follows:

### I.    INTRODUCTION

1.    To date, Daugherty has produced fifty-three-thousand-one-hundred-four (53,104) pictures, documents, communications, records, and other items of information in this litigation. The vast majority of which have nothing to do with Ellington's spurious claims for Stalking and Invasion of Privacy by Intrusion. Still, Daugherty produced it all in compliance with his discovery obligations under the Rules and this Court's orders compelling the same.

2.    On August 28, 2025, Daugherty supplemented his production with a recording (sequentially marked "DEF053104") of a discussion with a non-party, James Seery ("Seery"), that predominantly concerns matters in a bankruptcy proceeding in the Northern District of Texas and other litigation (the "Recording"). Daugherty produced the Recording after its review in connection with proceedings before the Bankruptcy Court late this summer. He produced it because it included a minor discussion of Ellington's allegations in this lawsuit. The Recording

was created well after Daugherty's investigation of Ellington concluded and involved no information relevant to this dispute beyond Ellington's allegations and the scope of Daugherty's actions of which Ellington has long been aware. Furthermore, the Recording is cumulative and duplicative of the 53,103 pages of information Ellington had in his possession before August 28, 2025.

3.      Ellington has been aware for years that Daugherty communicated with Seery about Ellington.[1] The Recording provides no new insight into that fact, this case, or any claim or defense in this litigation. Nevertheless, Daugherty produced the Recording to Ellington because of the minor discussion about Ellington's allegations in this lawsuit. Ellington now seeks to punish Daugherty for doing so. Indeed, Ellington has proven with his onerous discovery practice of both Daugherty and non-parties that he cannot be satisfied. Now he wants Daugherty to do something that is impossible: produce non-existent recordings that are either (1) about any Ellington Party, Location or Recording, or (2) that are responsive to certain Requests for Production. This is something Daugherty cannot do since they do not exist. *See* Motion at Ex. G at 105:12-20.[2] Therefore, Daugherty respectfully requests the Court deny Ellington's Motion in its entirety.

## II.      RELEVANT FACTUAL BACKGROUND

4.      Daugherty has testified—three times now—that his physical investigation into Ellington, which gave rise to Ellington's specious claims, began in January 2021 after he learned at a hearing in another proceeding that Ellington destroyed his cell phone during the pendency of other litigation between the parties. *See e.g.*, Ex. A (2022.09.01 Temp. Inj. Trans.) at 70:1-5; Ex.

---

[1]At a minimum, Ellington has been aware of Daugherty's communications with Seery since July 2022. *See* Exhibit K at 60:8-61:2 (Daugherty's Deposition, dated July 2022) ("Q: To whom did you provide these emails and compilations? [Daugherty]: […] And then to Jim Seery, who is the CEO of Highland.").

[2] (Daugherty's Deposition, dated August 28, 2025)("…Q: Are there any other recordings that you have between you and Mr. Seery? [Daugherty]: Yes. … Q: Do any of them involve Mr. Ellington?  [Daugherty]: No.")(cleaned up, objections omitted).

K at 57:4-61:18. Daugherty's investigation ended in December of 2021. Ex. A at 42:2-5 (G. Brandstatter Testimony), 119:9-121:3 (Daugherty Testimony).

5.      On January 11, 2022, Ellington filed his Original Petition, Application for Temporary Restraining Order, Temporary Injunction on January 11, 2022. Ellington asserted two causes of action: (1) Stalking under the Tex. Civ. Prac. & Rem. Code § 85.002, and (2) Invasion of Privacy by Intrusion.

6.      In August 2022, Daugherty produced nearly 18,000 pages of documents. Ex. B. That production included documents, photos, communications, and text messages that Daugherty exchanged with others during his investigation, including exchanges with Seery. Ellington also issued roughly 20 subpoenas duces tecum, the bulk of which were issued in fall of 2022, to various non-parties that he believed would produce evidence to support his baseless claims. Despite the extremely broad nature of those requests, the non-parties responses to those requests effectively mirrored Daugherty's August 2022 production.

7.      Nevertheless, in August 2023, Ellington filed his fourth motion to compel seeking additional text messages Daugherty exchanged with Seery that far exceeded the scope of relevant discovery in this dispute. In reviewing that motion and exhibits, Daugherty identified one additional relevant and responsive text message not previously produced and provided a supplemental production of the text, sequentially labeled DEF018015, on August 31, 2023. Ex. C. On September 1, 2023, after a hearing on the same, the Court granted Plaintiff's Four Motion to Compel but appropriately limited the order's scope to texts regarding Ellington and "the stalking issues." Ex. D. Given his voluminous prior productions and the August 31 supplemental production, Daugherty had no additional texts to produce in response to the Court's order.

8.      On March 19, 2025, the Court issued orders on six motions between the parties that had been pending before the Court for some time, which granted and denied various relief to both

sides.   In response, Daugherty produced an additional 30,000+ pages of documents and communications, along with reproductions of his prior 18,000+ pages of documents for Plaintiff's convenience.  Ex. E (production links redacted).

9.      In August and September 2025, non-parties Marcia Maslow (August 27) and Stephanie Archer (August 29), and parties Daugherty (August 28) and Ellington (September 8)[3] sat for court-ordered second depositions.  On August 27, the morning of her deposition, Maslow produced over 50 pages of text messages.  Ex. G.  Indeed, Daugherty and Maslow both provided supplemental productions the morning of their depositions—Daugherty produced the Recording on August 28.

10.     On October 28, Ellington filed his Sixth Motion to Compel seeking unwarranted relief, and Daugherty respectfully requests the Court deny the same.

### III.    STANDARD

11.     Though the scope of discovery is broad, it has boundaries.  It is limited by legitimate interests in avoiding overly broad requests.  *In re Nat'l Lloyds Life Ins. Co.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding) (per curiam); *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 553 (Tex. 1990) (orig. proceeding).

12.     Irrelevant information is not discoverable.  *See* Tex. Rule of Civ. P. 192.3(a); *see also In re Nat'l Lloyds Life Ins. Co.*, 532 S.W.3d 794, 816 (Tex. 2017) (orig. proceeding) (per curiam) (holding documents that are "irrelevant … [are] not discoverable"); *In re Union Pac. Res. Co.*, 22 S.W3d 338, 341 (Tex. 1999) (orig. proceeding) (per curiam) (holding that information was irrelevant, and therefore not discoverable); *In re Sun Coast Resources, Inc.*, 562 S.W.3d 138, 150

---

[3]Notably, on September 9, 2025, Daugherty filed a Motion for Sanctions against Ellington for his failure to appear for deposition before August 29, 2025, despite a Court order and Rule 11 agreement among counsel for the same.  Ex. F.

(Tex. App.—Houston [14th Dist.] 2018, no pet.) (overturning portion of trial court's order for
production of documents that were irrelevant).

13.     As such, discovery requests "must be reasonably tailored to include only matters
relevant to the case." *In re Jay Mgmt. Co., LLC*, Cause No. 09-19000159-CV, 2019 WL 3720102,
at *4 (Tex. App.—Beaumont Aug. 8, 2019, no pet. h.) (quoting *In re Alford Chevrolet-Geo*, 997
S.W.2d 173, 180 (Tex. 1999) (orig. proceeding)); *see also In re Nat'l Lloyds*, 449 S.W.3d at 488
(same).  A discovery request or order is "overbroad if it could have been more narrowly tailored
to avoid including superfluous information."  *In re Toyota Motor Sales, U.S.A., Inc.*, Cause No.
05-18-007340-CV, 2018 WL 3484280, at *2 (Tex. App.—Dallas July 19, 2018, no pet.) (quoting
*In re CSX Corp.*, 124 S.W.3d 149, 153 (Tex. 2003) (orig. proceeding) (per curiam)).

14.     "Overbroad requests for irrelevant information are improper whether they are
burdensome or not[.]" *In re Jay*, 2019 WL 3720102, at *4 (quoting *In re Allstate Cty. Mut. Ins.
Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding)); *In re Nat'l Lloyds*, 449 S.W.3d at 488.
And a "discovery order that compels production beyond the rules of procedure is an abuse of
discretion for which mandamus is the proper remedy." *Id.*  (citing *In re Deere & Co.*, 299 S.W.3d
819, 820 (Tex. 2009) (orig. proceeding) (per curiam)).

15.     Crucially, "[l]imits on time and location will not render irrelevant information
discoverable." *In re Jay*, 2019 WL 3720102, at *4 (citing *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d
at 488-89).

## IV.   ARGUMENT AND AUTHORITIES

### A. DAUGHERTY PRODUCED THE RECORDING.

16.     On August 28, 2025, Daugherty produced the Recording before beginning his deposition.  Importantly, just the day before, Marcia Maslow (who is represented by Ellington's counsel) produced over 50 pages of text messages as her deposition began.  Ex. G.  The text messages were exchanges between Marcia Maslow and Gregory Brandstatter, both of whom are represented by Ellington's counsel, and both of whom are under a Court order, and have been for some time (circa 2022), to produce all responsive documents to non-party subpoenas issued to them seeking communications about Daugherty.  *See e.g.*, Ex. H, I, and J.

17.     Daugherty produced the Recording after receiving Maslow's supplemental production the day before and considering whether any additional information needed to be produced in accordance with his discovery obligations.  *See* Ex. G.  It was determined by Daugherty and his Counsel that the Recording should be produced after it had recently percolated up for review and discussion in connection with unrelated proceedings before the Bankruptcy Court of the Northern District of Texas, where Daugherty is now adverse to Seery and Highland Capital Management, L.P. (reorganized debtor) in connection with Daugherty's proof of claim.

### B. THE RECORDING IS DATED AFTER THE CONCLUSION OF DAUGHERTY'S INVESTIGATION.

18.     Daugherty produced the recording because it references "Ellington," but the Recording (dated May 2022) came six months after the conclusion of Daugherty's investigation giving rise to this litigation (December 2021).  Substantively, it merely concerns the content of this proceeding, Ellington's bad acts in other forums, and unrelated matters before the Bankruptcy Court.  See Def's Motion at Ex. F.  The Recording does not comprise a part of Daugherty's investigation, which ended in December 2021.  See Ex. A at 42:2-5 (G. Brandstatter Testimony), 119:9-121:3 (Daugherty Testimony).   Additionally, the Recording merely includes discussion

between Daugherty and Seery that is detailed ad nauseum in the 50,000+ pages of production, and hours upon hours of testimony that Ellington has from Daugherty, Seery, and others in this proceeding. *Compare e.g.*, Ex. A at 97:14-23, 110:4 – 113:19 (Daugherty Testimony) *with* Motion at Ex. F (Recording Transcript). Even so, cumulative or not, in accordance with the Rules and this Court's orders, Daugherty produced the Recording when its responsiveness became apparent after review and discussion concerning Seery's testimony in light of separate bankruptcy proceedings.

### C. DAUGHERTY HAS AND CONTINUES TO COMPLY WITH HIS DISCOVERY OBLIGATIONS.

19.     The mere fact that Daugherty produced the recording is evidence of his continued compliance with his discovery obligations in this proceeding. Daugherty produced over 18,000 pages of documents in August 2022. Ex. B. Daugherty supplemented text messages with Seery. Ex. C. Daugherty produced an additional 30,000+ pages of documents that merely reference "Ellington" in response to this Court's March 2025 orders despite their general lack of relevance to the claims and defenses in this litigation. Ex. E. Despite it all, Ellington's oppressive discovery practice continues with this most recent Motion seeking to further punish Daugherty's compliance with the Rules and this Court's orders.

20.     Simply put, despite a mountain of production from Daugherty, over 20 non-party subpoenas duces tecum and responses, and hours upon hours of deposition testimony from non-parties for a dispute that is, by its very nature, between Ellington and Daugherty alone—Ellington incessantly demands more. Daugherty produced the Recording precisely because of his obligation under the Rules and this Court's orders. There are no other recordings that are otherwise responsive to Ellington's Requests for Production. Motion at Ex. G at 105:12-20. Enough is enough. Ellington's Motion is unwarranted and should be denied.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendant Patrick Daugherty prays the Court

denies Plaintiff's Sixth Motion to Compel in its entirety, and for all further relief, at law or in

equity, the Court deems necessary.

Respectfully submitted,

**GRAY REED**

By:*/s/ Andrew K. York*
RUTH ANN DANIELS
State Bar No. 15109200
rdaniels@grayreed.com
ANDREW K. YORK
State Bar No. 24051554
dyork@grayreed.com
DRAKE M. RAYSHELL
State Bar No. 24118507
drayshell@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332

**ATTORNEYS FOR PATRICK DAUGHERTY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was duly furnished to the following counsel of record (1) through the electronic filing manager (www.efiletexas.gov), and/or (2) via e-mail on this 17th day of November 2025:

Julie Pettit
jpettit@pettitfirm.com
THE PETTIT LAW FIRM
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201

Michael K. Hurst
mhurst@lynnllp.com
Mary Goodrich Nix
mnix@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201

ATTORNEYS FOR PLAINTIFF


*/s/ Andrew K. York*
ANDREW K. YORK

# EXHIBIT A

```
 1                    REPORTER'S RECORD
                      VOLUME 1 OF 1
 2           TRIAL COURT CAUSE NO. DC-22-00304

 3

 4

 5

 6  SCOTT BYRON ELLINGTON          )     IN THE DISTRICT COURT
                                   )
 7             Plaintiff,          )
                                   )
 8  VS.                            )     DALLAS COUNTY, TEXAS
                                   )
 9  PATRICK DAUGHERTY,             )
                                   )
10             Defendant.          )     101ST DISTRICT COURT

11

12

13                  TEMPORARY INJUNCTION

14                   which was heard on

15              THURSDAY, SEPTEMBER 1, 2022

16

17

18

19      On the 1st of September, 2022, the following

20  proceedings came on to be heard in the above-entitled

21  and numbered cause before the Honorable STACI WILLIAMS,

22  Judge Presiding, held in Dallas, Dallas County, Texas.

23      Proceedings reported by machine shorthand utilizing

24  computer-assisted realtime transcription.  Proceedings

25  had via Zoom videoconference.
```

Terri Etekochay, CSR, RPR, CRR
Official Court Reporter, 101st District Court

```
 1                       APPEARANCES:

 2

 3    Michael K. Hurst
      State Bar No. 10316310
 4    mhurst@lynnllp.com
      Nathaniel A. Plemons
 5    State Bar No. 24121059
      nplemons@lynnllp.com
 6    Michelle Naudin
      State Bar No. 24118988
 7    LYNN PINKER HURST SCHWEGMANN, LLP
      2100 Ross Avenue, Suite 2700
 8    Dallas, Texas 75201
      Telephone: (214) 981-3800
 9    Facsimile: (214) 981 -3839

10    Julie Pettit
      State Bar No. 24065971
11    Jpettit@pettitfirm.com
      THE PETTIT LAW FIRM
12    2101 Cedar Springs, Suite 1540
      Dallas, Texas 75201
13    Telephone: (214) 329-0151
      Facsimile: (214) 329-4076
14    ATTORNEYS FOR PLAINTIFF

15

16    ANDREW K. YORK
      State Bar No. 24051554
17    dyork@grayreed.com
      DRAKE M. RAYSHELL
18    State Bar No. 24118507
      dravshell@gravreed.com
19    RUTH ANN DANIELS
      State Bar No. 15109200
20    1601 Elm Street, Suite 4600
      Dallas, Texas 75201
21    Telephone: (214) 954-4135
      Facsimile: (214) 953-1332
22    ATTORNEYS FOR PATRICK DAUGHERTY

23

24

25
```

|  |  |
|---|---|
| 1 | PLAINTIFF'S WITNESS LIST |
| 2 | |
| 3 | GREG BRANDSTATTER |
| 4 | Direct examination by Ms. Pettit....28 |
|  | Cross-examination by Mr. York.......44 |
| 5 | |
| 6 | |
| 7 | PATRICK DAUGHERTY |
| 8 | Direct examination by Mr. Hurst.....66 |
|  | Cross-examination by Ms. Daniels....102 |
| 9 | Redirect examination by Mr. Hurst...122 |
| 10 | |
| 11 | SCOTT ELLINGTON |
| 12 | Direct examination by Mr. Hurst.....123 |
|  | Cross-examination by Ms. Daniels....128 |
| 13 | Redirect examination by Mr. Hurst...156 |
|  | Further cross-examination by Ms. Daniels.......157 |
| 14 | Further re-direct examination by Mr. Hurst.....159 |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

1        A.    Yes.

2        Q.    Looking at the meta data in this Exhibit 20,

3    what is the most recent time that you have a record of

4    Mr. Daugherty making a pass by an Ellington property?

5        A.    December 11th, 2021.

6        Q.    Are you seeing that in line 229?

7        A.    And 230.

8        Q.    Okay, 229 and 230.

9        A.    Yes.

10        Q.    Mr. Brandstatter, based on your experience,

11    what is your opinion about Mr. Daugherty's drive-bys of

12    the Ellington properties?

13        A.    It's not that he'd be stalking Mr. Ellington

14    and then he's conducting surveillance.  It's a

15    pre-attack indicator.  I think he's conducting

16    surveillance in succession of an attack.  It's a

17    precursor to a violent crime.

18        Q.    When you say pre-attack surveillance, what do

19    you mean by that?

20        A.    It goes back to the attack cycle again where

21    the person picks the target.  Mr. Daugherty already did

22    that.  And then the first thing an attacker does or a

23    terrorist does is conduct surveillance.  They make their

24    plan from surveillance.  They rehearse their plan, and

25    then they'll execute their plan and have an escape

1          A.    Yeah, I have no idea whose car that is.

2          Q.    And that's appropriate behavior in your mind,

3     correct?

4          A.    Yeah, I don't think there's anything wrong

5     with that.

6          Q.    It's kind of defiant, isn't it?

7          A.    No, it's just taking a picture of a car.

8          Q.    And this is part of your so-called

9     investigation; is that right?

10          A.    Yeah, I mean, I would call it part of the

11     investigation that didn't lead anywhere.

12          Q.    Okay.  Self-help investigation?

13          A.    I'm sorry, you broke up on me.

14          Q.    I apologize.  Self-help investigation; is that

15     right?

16          A.    Not sure what you mean by that, but I

17     conducted an investigation that included the research of

18     cars, license plates, the human beings associated

19     therewith that, as I told you before, I cross referenced

20     that to other business entities, et cetera, that got

21     cross referenced to other business entities in the

22     Cayman Islands, Bermuda, et cetera, where assets had

23     been transferred.

24          Q.    Okay.  Would you call this vigilanteism?

25          A.    No.

1      A.    Just so I could either take a picture or

2  understand what was going on or see if there was a new

3  car that I didn't recognize before.

4      Q.    Were you driving by these properties with the

5  intention of taking pictures of people?

6      A.    No.

7      Q.    Now, there's been some testimony that you took

8  a picture of Mr. Ellington?

9      A.    That is correct.

10     Q.    How many pictures of Mr. Ellington through the

11 course of your investigation over this approximately

12 eight months or so, how many pictures of Mr. Ellington

13 did you take?

14     A.    One.

15     Q.    And that's the one we've heard about, correct?

16     A.    Correct.

17     Q.    Now, did you take a picture of anybody else

18 associated with Mr. Ellington?

19     A.    Yes.

20     Q.    Okay.   Who was that of?

21     A.    As I mentioned, that picture was Mr.

22 Ellington, and it had Trevor Smith in it.   So that was

23 the same picture.

24     Q.    That's the same picture.   Any other pictures

25 of anybody else?

1      A.    His girlfriend/fiance.

2      Q.    All right.  Who's that?

3      A.    Stephanie Archer.

4      Q.    How did you come to take Stephanie Archer's

5  picture?

6      A.    The first time I took her picture she had

7  chased, if not followed, me or followed, if not chased,

8  me around the corner of some street that I can't

9  remember the name of -- Levy.  Levy.  And I had tried --

10      Q.    You told us about that.  Is that when you took

11  a picture of her when she was in her car?

12      A.    Yes.  I was taking a picture of her, and she

13  was taking a picture of me.  I was in the parking lot,

14  and she was in the street.

15      Q.    She was in her car?

16      A.    She was in her car.

17      Q.    And you were in your car?

18      A.    That is correct.

19      Q.    Other than that picture of Ms. Archer, did you

20  take any other pictures of his girlfriend or fiance,

21  Stephanie Archer?

22      A.    There's only one occasion when she was up the

23  ramp in the warehouse.

24      Q.    Tell me about that.

25      A.    I had driven by, and I had slowed down to take

1    pictures of the car.  She was standing quite a distance

2    away, and she said and then there's this guy.  She said

3    who are you?  And I said I'm Pat.  She goes Matt, what

4    are you doing?  I said I'm taking pictures, and I just

5    drove off.

6         Q.   Okay.  You took her picture on that occasion?

7         A.   I did.

8         Q.   Okay.  So other than those pictures you

9    described of Ms. Archer, one in her car and one on the

10   ramp of the warehouse, the picture of Ellington that you

11   talked about in his front yard, did you take any other

12   pictures of people associated with Mr. Ellington in

13   these eight months?

14        A.   The woman that was his former secretary

15   dropping off documents.

16        Q.   Tell us about that.

17        A.   Sarah Bell-Goldsmith.  That was, I don't know,

18   in January/February 2021.  I took, I guess, a couple

19   pictures of her.

20        Q.   Did you have any dialogue with her at that

21   time?

22        A.   Briefly.

23        Q.   Tell me what was said between the two of you.

24        A.   I asked her if Scott was back yet, and she

25   said she didn't know.  She was just moving these

1     documents because he'd asked her to.

2          Q.   Is that the extent of every word you can

3     recall that was said between you and Ms. Bell?

4          A.   Pretty much.

5          Q.   Have you told us every word that you can

6     recall was said between you and Ms. Archer?

7          A.   Yes.

8          Q.   Other than those words you exchanged with the

9     assistant, Sarah Bell, and Stephanie Archer, did you

10    ever talk to or have a conversation with anybody else in

11    the course of this investigation where you're taking

12    pictures?

13         A.   Not that I can recall.

14         Q.   So only two times were any words exchanged at

15    all between you and someone else in connection with this

16    investigation?

17         A.   Just the two examples that I mentioned.

18         Q.   Did you ever at anytime have words or talk to

19    Mr. Ellington at all?

20         A.   No.

21         Q.   When's the last time you and Mr. Ellington

22    even spoke to each other?

23         A.   We were going up an elevator, and the Judge

24    may not want to hear this, but there was another

25    bankruptcy of another Highland entity called Aces and we

1      Q.    Are they motion activated?

2      A.    From what I understand.

3      Q.    And do you know if that's when they obtained

4   information about times that you would go by there when

5   they would go through all those videos in those animal

6   cameras and see if they could see you or your car?  Do

7   you know if that's how that worked?

8      A.    Yeah, from what I understand.

9      Q.    Now, in November/December 2021, did you stop

10  driving by these Ellington locations we've identified

11  and taking pictures?

12     A.    Yes.

13     Q.    Why?

14     A.    My settlement with Highland had been pretty

15  much finalized in November, and I think it was

16  publicized in December, and I felt like I'd gotten all

17  the information that I could have gotten from those

18  cars.  I know the judge doesn't want me to go into

19  details, but we found a lot of missing assets in the

20  entities in the Cayman Islands.  I'll put it that way.

21     Q.    So you stopped why?

22     A.    Because I felt like the task was complete at

23  least from my end.  I'd gotten all the information I was

24  going to need.

25     Q.    Did you stop weeks or even months before this

1    lawsuit was filed against you?

2         A.    Yes.

3         Q.    And since the lawsuit's been filed, have you

4    driven by, taken any pictures, taken any observations of

5    these properties since that time?

6         A.    No.

7         Q.    Why?

8         A.    I guess the task was completed and that part

9    of the investigation, from my perspective, was through.

10        Q.    The lawsuit was filed January 11th, and on

11   January 12th the Court entered a Temporary Restraining

12   Order against you, correct?

13        A.    Yes.

14        Q.    And by the terms of that order it was in

15   effect for some period of time, and I think the parties

16   had an extension.  So let's just say the next month or

17   two months or three months you certainly would have been

18   subject to a restraining order in connection with your

19   conduct, correct?

20        A.    I think it was two weeks, but, yes.

21        Q.    But at some pint the restraining order expired

22   and has not been in existence for months and months,

23   correct?

24        A.    Correct.

25        Q.    Although it has not been in existence, have

1   you taken any action to drive by, take pictures or make

2   observations of the Ellington properties?

3        A.   No.

4        Q.   After Mr. Ellington filed his lawsuit on

5   January 11th of this year, 2022, did he then file an

6   objection to your settlement with Highland in the

7   bankruptcy case and refer to that lawsuit and the fact

8   that you had been stalking --

9        MR. HURST:  Excuse me.  Objection, relevance.

10  Objection, leading.

11       THE COURT:  I'll sustain it.  Guys, I've been

12  very liberal with my time.  It's going on 5:00 o'clock,

13  and, frankly, I've probably heard ten minutes worth of

14  testimony that would assist me in reaching the decision.

15  The other stuff is interesting, but I've got some five

16  inch notebooks over here of interesting cases that I

17  need to prep for tomorrow, so if we could really just

18  kind of get to the chase.  Like I said, it's very

19  interesting, but just time-wise I'm not sure we're

20  really using the Court's time as efficiently as it could

21  be.

22       MS. DANIELS:  Your Honor, I think I'm about

23  finished up with everything I needed to establish with

24  Mr. Daugherty.  Let me check my notes real quick.

25            I'll pass the witness, Your Honor.

```
 1   STATE OF  TEXAS  )

 2   COUNTY OF DALLAS  )

 3

 4          I, Terri Etekochay, Official Court Reporter

 5   in and for the 101st District Court of Dallas County,

 6   State of Texas, do hereby certify that the above and

 7   foregoing contains a true and correct transcription of

 8   all portions of evidence and other proceedings requested

 9   orally by counsel for the parties to be included in this

10   volume of the Reporter's Record in the above-styled and

11   numbered cause, all of which occurred in open court and

12   were reported by me.

13          I further certify that this Reporter's Record

14   of the proceedings truly and correctly reflects the

15   exhibits, if any, offered by the respective parties.

16

17          WITNESS MY HAND this 22nd day of September,

18   2022.

19          _____  T.Etekochay

20          Terri Etekochay, Texas CSR #8283
           Certificate Expires: 1-31-2023
21         Email: terri.etekochay@dallascounty.org
           Official Reporter, 101st District Court
22         George Allen Sr. Courts Building
           600 Commerce Street, 6th Floor
23         Dallas, Texas 75202-4631

24

25
```

# EXHIBIT B

| | |
|---|---|
| **From:** | Laura DeBerg |
| **To:** | MHurst@lynnllp.com; mnix@lynnllp.com; BCongdon@lynnllp.com; jpettit@pettitfirm.com; pperkins@pettitfirm.com |
| **Cc:** | Drake Rayshell; Ruth Ann Daniels; Drew K. York; Monica Flores-Moreno; Suzy Langley |
| **Subject:** | Ellington v. Daugherty; DC-22-00304 |
| **Date:** | Monday, August 29, 2022 6:33:26 PM |
| **Attachments:** | 2022.08.29 Defendant"s First Supplemental Responses to Rogs.pdf |

Dear Counsel:

Attached please find a courtesy copy of Defendant's First Supplemental Responses to Plaintiff's First Set of Interrogatories, a copy of same has also been EServed. Below please find a link for Defendant's supplemental production bate labeled DEF000265 – DEF018014. If you have any trouble accessing this link please let me know.

Thank you

Laura



**Laura DeBerg**
**Paralegal**
Tel 469.320.6060 | Fax 469.320.6858 | ldeberg@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn

# ‖ GRAY REED.

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

# EXHIBIT C

| **From:** | Laura DeBerg |
| --- | --- |
| **To:** | Julie Pettit |
| **Cc:** | Michael K. Hurst; Michele Naudin; durteago@pettitfirm.com; Drew K. York; Drake Rayshell |
| **Subject:** | Ellington v. Daugherty; DC-22-00304 |
| **Date:** | Thursday, August 31, 2023 4:59:32 PM |
| **Attachments:** | 2023.08.31 Ltr to OC re Supplemental Production.pdf |

Dear Counsel,

Attached please find a letter from Mr. Rayshell in the above matter. Also, below please find a link for the corresponding document bate labeled DEF 018015. If you have any trouble accessing this document please let me know.

Thank you

Laura



**Laura DeBerg**
**Paralegal**
Tel 469.320.6060 | Fax 469.320.6858 | ldeberg@grayreed.com
1601 Elm St., Suite 4600 | Dallas, TX 75201
grayreed.com | Connect with me on LinkedIn

## GRAY REED.

**CONFIDENTIALITY NOTICE:** This electronic transmission and any attachments constitute confidential information which is intended only for the named recipient(s) and may be legally privileged. If you have received this communication in error, please contact the sender immediately. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication by anyone other than the named recipient(s) is strictly prohibited.

# EXHIBIT G

Page 1

1              CAUSE NO. DC-22-00304

2   SCOTT BYRON ELLINGTON     )   IN THE DISTRICT COURT
                              )
3                             )
    versus                    )   101ST JUDICIAL DISTRICT
4                             )
                              )
5   PATRICK DAUGHERTY         )   DALLAS COUNTY, TEXAS

6

7

8            *****************************************

9              ORAL AND VIDEOTAPED DEPOSITION

10                      MARCIA MASLOW

11                     AUGUST 27, 2025

12           *****************************************

13

14              V O L U M E   II

15

16       ANSWERS AND ORAL VIDEOTAPED DEPOSITION OF

17   MARCIA MASLOW, a witness produced at the instance of

18   the Defendant, was taken in the above-styled and

19   numbered cause on the 27TH day of AUGUST 2025, from

20   11:25 a.m. to 12:10 p.m., before VANESSA S. ROBERTSON,

21   CSR in and for the State of Texas, reported by machine

22   shorthand, at the offices of Lynn, Pinker, Hurst &

23   Schwegmann, 2100 Ross Avenue, Suite 2700, Dallas,

24   Texas, pursuant to the Texas Rules of Civil Procedure.

25

Page 2

A P P E A R A N C E S

FOR THE PLAINTIFF:

      MR. MICHAEL HURST
      LYNN PINKER HURST & SCHWEGMANN, LLP
      2100 ROSS AVENUE
      SUITE 2700
      DALLAS, TEXAS 75201
      (214) 981-3800
      mhurst@lynnllp.com

FOR THE PLAINTIFF:

      MS. JULIE PETTIT
      THE PETTIT LAW FIRM
      1900 PEARL STREET
      SUITE 1740
      DALLAS, TEXAS 75201
      (214) 329-0151
      jpettit@pettitfirm.com

FOR THE DEFENDANT:

      MR. ANDREW YORK
      GRAY REED
      1601 ELM STREET
      SUITE 4600
      DALLAS, TEXAS 75201
      (214) 954-4135
      dyork@grayreed.com

ALSO PRESENT:

      MR. GREGORY LEE, VIDEOGRAPHER
      MR. PATRICK DAUGHERTY
      MR. MAX CHORIEV, SECURITY

Page 3

T A B L E   O F   C O N T E N T S

                                          PAGE

APPEARANCES . . . . . . . . . . . . . .     2

MARCIA MASLOW

      EXAMINATION BY MR. YORK  . . . . .     5

SIGNATURE AND CHANGES . . . . . . . . .    43

REPORTER'S CERTIFICATE . . . . . . . . .   45

                  * * *

              E X H I B I T S

            DESCRIPTION          PAGE

Exhibit 1      Text Messages        7

Page 4

P R O C E E D I N G S

            THE VIDEOGRAPHER:  Good morning.
This is the video recorded proceeding of witness Marcia
Maslow, taken by counsel for the defendant, Patrick
Daugherty, in the matter of Scott Byron Ellington
versus Patrick Daugherty, filed in the District Court,
the 101st Judicial District, Dallas County, Texas.
This proceeding is being held at 2100 Ross Avenue,
Suite 2700, Dallas, Texas 75201.
            My name is Gregory Lee.  I am the
videographer on behalf U.S. Legal Support located at
16825 North Drive [sic], Suite 900, Houston, Texas
77060.  I am not related to any party in the action nor
am I financially interested in the outcome.  The court
reporter is Vanessa Robertson, also here on behalf of
U.S. Legal Support.
            Counsel will state their appearance
for the record, after which, the court reporter will
enter the statement for the proceedings into the record
and swear in the witness.
            MR. YORK:  Drew York on behalf of
the defendant, Patrick Daugherty.
            MS. PETTIT:  Julie Pettit for the
plaintiff.
            MR. HURST:  Michael Hurst here on

Page 5

behalf of Scott Ellington, the plaintiff.
            MARCIA MASLOW,
having being first duly sworn, testified as follows:
            MR. HURST:  That is Max, he's
security.
            MR. YORK:  Security?
            MR. HURST:  Yes.
            MR. YORK:  Okay.
      * * * E X A M I N A T I O N * * *
BY MR. YORK:
      Q    Ms. Maslow, my name is Drew York, I represent
Mr. Daugherty.  You understand you're ordered to appear
for a second deposition in this case?
      A    Yes.
      Q    You understand you're still under oath?
      A    Yes.
      Q    This gentleman Max that's here, is he your
personal security?
      A    No.
      Q    No?  Who is he security for, do you know?
      A    I'd asked to have security here today.
      Q    You asked to have security here today --
      A    Yes, I did.
      Q    -- in the deposition?
      A    Yes.

Page 6

```
 1    Q    You requested that of Mr. Hurst and
 2  Ms. Pettit?
 3    A    Yes.
 4    Q    Okay.  Why did you do that?
 5    A    Because I don't feel safe being in a room with
 6  someone that is accused of stalking me.
 7    Q    All right.  You didn't bring your husband down
 8  here today with you?
 9    A    No.
10    Q    All right.  You gave a deposition in this case
11  back in July of 2023, correct?
12    A    Yes.
13    Q    And is there anything from your prior
14  testimony you wish to change today?
15    A    No.
16    Q    All right.  Since your deposition, have you
17  provided any documents to Mr. Hurst or Ms. Pettit?
18    A    I provided text messages this morning.
19    Q    This morning?
20    A    Yes.
21    Q    Did you -- did they bring them with them to
22  the deposition?
23         MS. PETTIT:  They're being printed
24  now.  We'll have them shortly.
25         MR. YORK:  Okay.  Why don't we take
```

Page 7

```
 1  a break and let me see them and then we can go back on
 2  the record, make it more efficient.
 3         THE VIDEOGRAPHER:  We are going off
 4  the record.  The time is 11:27 a.m.
 5         (A recess was taken from 11:27 to 11:33.)
 6         (Exhibit No. 1 was marked.)
 7         THE VIDEOGRAPHER:  We're going back
 8  on the record.  The time 11:33 a.m.
 9    Q    (By Mr. York)  All right.  Ms. Maslow, before
10  we went off the record, you mentioned that you provided
11  text messages to Mr. Hurst and Ms. Pettit that you
12  brought with you today.  I've marked what your counsel
13  handed to me at the break as Exhibit 1.  It's Bates
14  stamped Maslow 2 through 53.
15         Is this a copy of the text messages
16  that you provided to Mr. Hurst and Ms. Pettit?
17    A    Yes, it seems to be.
18    Q    When did you provide them to your counsel?
19    A    I don't know the exact time.  I sent them this
20  morning.
21    Q    You sent them this morning?
22    A    Yes.
23    Q    How did you send them to your counsel?
24    A    I E-mailed them.
25    Q    Okay.  So these were not actually -- did
```

Page 8

```
 1  you -- did you take screenshots and send them the
 2  screenshots?
 3    A    Yes.
 4    Q    All right.  So you didn't provide your phone
 5  and have it imaged, correct?
 6    A    Correct.
 7    Q    Okay.  And had you been asked at any point
 8  since your deposition in July of 2023 by your counsel
 9  to provide any -- and supplement your production in
10  response to the subpoena you were previously served
11  with?
12    A    Yes.
13    Q    Okay.  And you -- am I correct that Exhibit 1
14  that we have here includes text messages from June of
15  2023 through last Thursday, is that correct, with
16  Mr. Brandstatter?
17    A    Correct.
18    Q    And just to be clear, since your deposition on
19  July 11th of 2023 until today, you had not supplemented
20  to your counsel any of these text messages that are
21  marked in Exhibit 1; is that correct?
22    A    Correct.
23    Q    Now, other than these text messages, have you
24  had any other written communications with
25  Mr. Brandstatter since your deposition?
```

Page 9

```
 1    A    No.
 2    Q    No E-mails?
 3    A    No.
 4    Q    All right.  Are you paying Mr. Brandstatter to
 5  continue to place the cameras around your house and
 6  obtain the footage off of them?
 7    A    No.
 8    Q    Is Mr. Brandstatter, to your knowledge, still
 9  being paid by your brother Scott Ellington for that
10  service?
11    A    I don't know how he's paid.
12    Q    You don't know?
13    A    No.
14    Q    Okay.  Is he doing it for free as far as you
15  know?
16    A    I don't know.
17    Q    All right.  Since your last deposition in July
18  of 2023, have you taken any notes relating to the
19  issues in this case?
20    A    No.
21    Q    Okay.  Other than the text messages with
22  Mr. Brandstatter, have you had any text messages with
23  your brother about the issues in this lawsuit since
24  your deposition?
25    A    No.
```

Page 42

1       (Deposition concluded at 12:10 p.m.)
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 43

1                   CHANGES AND SIGNATURE
2    WITNESS NAME:  MARCIA MASLOW
3    DATE OF DEPOSITION:  AUGUST 27, 2025
4    PAGE   LINE    CHANGE         REASON
5    _____
6    _____
7    _____
8    _____
9    _____
10   _____
11   _____
12   _____
13   _____
14   _____
15   _____
16   _____
17   _____
18   _____
19   _____
20   _____
21   _____
22   _____
23   _____
24   _____
25   _____

Page 44

1    _____
2    _____
3    _____
4    _____
5    _____
6        I, MARCIA MASLOW, have read the foregoing
     deposition and hereby affix my signature that same is
7    true and correct, except as noted above:
8
9
               MARCIA MASLOW
10
11   THE STATE OF _____ )
12   COUNTY OF _____ )
13
14       Before me, _____, on
     this day personally appeared MARCIA MASLOW, known to me
15   (or proved to me under oath or through
     _____) (description of identity card or
16   other document) to be the person whose name is
     subscribed to the foregoing instrument and acknowledged
17   to me that they executed the same for the purposes and
     consideration therein expressed.
18
19       Given under my hand and seal of office this
20   _____ day of _____, 20__.
21
22
23   _____
         NOTARY PUBLIC IN AND FOR
24       THE STATE OF _____
25

Page 45

1                   CAUSE NO. DC-22-00304
2    SCOTT BYRON ELLINGTON    )  IN THE DISTRICT COURT
                              )
3                             )
     versus                   )  101ST JUDICIAL DISTRICT
4                             )
                              )
5    PATRICK DAUGHERTY        )  DALLAS COUNTY, TEXAS
6
7    _____

8
9               REPORTER'S CERTIFICATION
                DEPOSITION OF MARCIA MASLOW
                   AUGUST 27, 2025
10   _____
11
12
13       I, VANESSA S. ROBERTSON, Certified Shorthand
14   Reporter in and for the State of Texas, hereby certify
15   to the following:
16       That the witness, MARCIA MASLOW, was duly sworn by
17   the officer and that the transcript of the oral
18   deposition is a true record of the testimony given by
19   the witness;
20       That the deposition transcript was submitted on
21   _____, 2025 to MS. JULIE PETTIT for
22   examination, signature and return to me by
23   _____, 2025.
24       That the amount of time used by each party at the
25   deposition is as follows:

Page 46

1          MR. ANDREW YORK - 35 minutes
2          That pursuant to information given to the
3     deposition officer at the time said testimony was
4     taken, the following includes counsel for all parties
5     of record:
6          MR. MICHAEL HURST, Attorney for Plaintiff.
7          MR. ANDREW YORK, Attorney for Defendant.
8          MS. JULIE PETTIT, Attorney for Plaintiff.
9     I further certify that I am neither counsel for,
10    related to, nor employed by any of the parties or
11    attorneys in the action in which this proceeding was
12    taken, and further that I am not financially or
13    otherwise interested in the outcome of the action.
14         Further certification requirements pursuant to
15    Rule 203 of TRCP will be certified to after they have
16    occurred.
17
18
19
20
21
22
23
24
25

Page 47

1          Certified to by me this _____ day of _____,
2     A.D., 2025.
3
4
5
6
7
8
9
10         _____
           VANESSA S. ROBERTSON
11         TEXAS CSR 4930
           EXPIRATION Date: 04/30/2026
12         FIRM REGISTRATION No. 112
13         U.S. LEGAL SUPPORT
           16285 NORTHCHASE DRIVE
14         SUITE 900
           HOUSTON, TEXAS 77060
15         (713) 653-7100
16
17
18
19
20
21
22
23
24
25

Page 48

1          FURTHER CERTIFICATION UNDER RULE 203 TRCP
2          The original deposition was/was not returned to
3     the deposition officer on _____;
4          If returned, the attached Changes and Signature
5     page contains any changes and the reasons therefor;
6          If returned, the original deposition was delivered
7     to MR. ANDREW YORK, Custodial Attorney;
8          That $_____ is the deposition officer's
9     charges to the Defendant for preparing the original
10    deposition transcript and any copies of exhibits.
11         That the deposition was delivered in accordance
12    with Rule 203.3, and that a copy of this certificate
13    was served on all parties shown herein on and filed
14    with the Clerk.
15         Certified to by me this _____ day of _____,
16    2025.
17
18
19
20         _____
           VANESSA S. ROBERTSON
21         TEXAS CSR 4930
           EXPIRATION DATE: 04/30/2026
22         FIRM REGISTRATION No. 112
23         U.S. LEGAL SUPPORT
           16285 NORTHCHASE DRIVE
24         SUITE 900
           HOUSTON, TEXAS 77060
25         (713) 653-7100

# EXHIBIT H

**CAUSE NO. DC 22-00304**

| | | |
|---|---|---|
| SCOTT BYRON ELLINGTON, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| PATRICK DAUGHERTY, | § | |
| | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## ORDER DENYING PLAINTIFF'S MOTION TO QUASH
## AND MOTION FOR PROTECTION

On this day, the Court considered Plaintiff Scott Byron Ellington's Motion to Quash and Motion for Protection from Notices of Deposition for Reese Morgan, Byron Ellington, Marcia Maslow, Stephanie Archer, and Greg Brandstatter (the "Motion"), Defendant's Response to the same, other materials in the record of this case, and any argument of counsel. The Court finds that (1) Plaintiff identified Reese Morgan, Byron Ellington, Marcia Maslow, Stephanie Archer, and Greg Brandstatter (the "Subpoenaed Non-Parties") as persons having knowledge of relevant facts in Plaintiff's initial disclosures served in the above-styled litigation; (2) Defendant is entitled to discover the information in possession of the Subpoenaed Non-Parties; (3) Plaintiff's Motion to Quash did not stay the Subpoenaed Non-Parties obligation to respond to Defendant's document requests contained in Subpoenas Duces Tecum issued to each of the Subpoenaed Non-Parties; and (4) Defendant is entitled to depose his accusers, the Subpoenaed Non-Parties, before the Temporary Injunction hearing in this matter. Therefore, the Court is of the opinion that the Motion should, in all things, be DENIED.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED;

It is further ORDERED, ADJUDGED, and DECREED that the Subpoenaed Non-Parties appear for deposition ~~before August 26, 2022,~~ *within 4 days of the date of this Order* unless another date is agreed upon by the parties' counsel;

It is further ORDERED, ADJUDGED, and DECREED that the Subpoenaed Non-Parties respond and produce all non-privileged, responsive information to the document requests in each of their respective Subpoenas Duces Tecum within ~~seven (7)~~ days of the date of the Court's order without objection.

SIGNED on this 25th day of August, 2022.

_____
THE HONORABLE STACI WILLIAMS

# EXHIBIT I

CAUSE NO. DC-22-00304

| | | |
|---|---|---|
| **SCOTT BRYON ELLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **PATRICK DAUGHERTY** | § | |
| | § | |
| **Defendant.** | | **101ˢᵗ JUDICIAL DISTRICT** |

---

### NON-PARTY MARCIA MASLOW'S OBJECTIONS AND RESPONSES
### TO DEFENDANT'S SUBPOENA DUCES TECUM

---

TO:    Defendant Patrick Daugherty, by and through its attorneys of record, Ruth Ann Daniels, Andrew K. York, and Drake M. Rayshell, Gray Reed, 1601 Elm Street, Suite 4600; Dallas, Texas 75201.

Non-Party Marcia Maslow serves the following objections and responses to Defendant Patrick Daugherty's subpoena duces tecum ("Subpoena").

### GENERAL OBJECTIONS

Ms. Maslow makes the following general objections to Patrick Daugherty's Requests for Production in the Subpoena, which are hereby incorporated by reference and made part of Ms. Maslow's responses to each request:

1.    Ms. Maslow objects to the term "Investigation" (a) given that subsequent to the filing of Plaintiff's Petition and the Declaration of Greg Brandstatter, Plaintiff has characterized his stalking, surveillance, and other examination of Mr. Ellington and his family as an "investigation," and (b) use of the term "Investigation" as used in Requests therefore would be ambiguous, confusing, and would suggest that the efforts of Mr. Ellington to identify and document Mr. Daugherty's stalking is somehow equivalent to Mr. Daugherty's tortious "investigation". Therefore, as it relates to responses to these Requests, Ms. Maslow will use the term "Counter-Investigation" in substitute for the term "Investigation" as defined in these

Requests.[1]

2.      Ms. Maslow objects to the Requests to the extent they seek information that is not within her possession, custody, or control.

3.      Ms. Maslow objects to the Requests to the extent they seek the production/provision of documents or information protected from disclosure by privilege, including, without limitation, by the attorney-client privilege, attorney work product doctrine, the party communication privilege, the consulting expert privilege, the investigative privilege, the joint interest privilege, the common interest privilege, or any other applicable privileges.

4.      Ms. Maslow objects to the Requests to the extent that they can be interpreted as requiring Ms. Maslow to create or produce documents that are not in existence.

5.      Ms. Maslow is currently engaging in the discovery process, and reserves her right to amend or supplement these responses, if necessary.

6.      All responses to the Requests are expressly subject to these General Objections, and such General Objections are incorporated into each individual response.

## OBJECTIONS AND RESPONSES TO PRODUCTION OF DOCUMENTS

Marcia Maslow objects and responds to each of the Requests for Production in the Subpoena as follows:

1.      Produce any and all Communications between You and Scott Byron Ellington evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

2.      Produce any and all Communications between You and Byron Ellington (Scott Ellington's Father) evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the

---

[1] Accordingly, "Counter-Investigation" shall mean the investigation and counter surveillance operation concerning Patrick Daugherty that Gregory Allen Brandstatter opened on February 4, 2021 at Scott Ellington's request as referenced in paragraph 7 of the Decl. of Greg Brandstatter.

allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

3.      Produce any and all Communications between You and Stephanie Archer evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

4.      Produce any and all Communications between You and Greg Brandstatter evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

5.      Produce any and all Communications between You and Reese Morgan evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

6.      Produce any and all Communications between You and any attorney or law firm representing Scott Byron Ellington evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

7.   To the extent no included in any of the above requests, produce any and all Communications between You and any third parties evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame, nor is this Request sufficiently tailored to the allegations in this dispute. Ms. Maslow objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Petition.

8.   Produce any and all photographs in your possession allegedly depicting Patrick Daugherty outside Your home or business.

**RESPONSE:**   Ms. Maslow objects to this Request to the extent it seeks discovery from a non-party that could be obtained through party discovery. Subject to, and without waiving such objection, Ms. Maslow will search for, and produce, any non-privileged responsive documents in her procession, custody, or control.

9.   Produce any and all video in your possession allegedly depicting Patrick Daugherty outside Your home or business.

**RESPONSE:**   Ms. Maslow objects to this Request to the extent it seeks discovery from a non-party that could be obtained through party discovery. Subject to, and without waiving such objection, Ms. Maslow will search for, and produce, any non-privileged responsive documents in her procession, custody, or control.

10.   Produce any and all notes, memoranda or other similar documents evidencing, referring or related to Patrick Daugherty.

**RESPONSE:**   Ms. Maslow objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Ms. Maslow objects to this request on the grounds that it seeks documents protected by the attorney client and/or party communications privileges. Without waiving her objections, Ms. Maslow will produce documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

11.   Produce any and all notes, memoranda or other similar documents evidencing, referring or related to SAS Asset Recovery or its affiliates since April 1, 2014.

**RESPONSE:**   Ms. Maslow objects to this Request as irrelevant, totally unrelated to the allegations in the case, made solely for improper purposes or the purposes of harassment, and further evidence of Mr. Daugherty's vigilante "investigation" into Mr. Ellington and his family.

12.   Produce any and all notes, receipts, photos, videos or documents evidencing trips to the Cayman Islands that you participated in where Scott Byron Ellington was present from

April 1, 2014 to the present.

**RESPONSE:**   Ms. Maslow objects to this Request as irrelevant, totally unrelated to the allegations in the case, made solely for improper purposes or the purposes of harassment, and further evidence of Mr. Daugherty's vigilante "investigation" into Mr. Ellington and his family.

13.   Produce any and all documents related to CEV Holdings LLC and affiliates from April 1, 2014 to the present.

**RESPONSE:**   Ms. Maslow objects to this Request as irrelevant, totally unrelated to the allegations in the case, made solely for improper purposes or the purposes of harassment, and further evidence of Mr. Daugherty's vigilante "investigation" into Mr. Ellington and his family.

14.   Produce any and all Communications related to CEV Holdings LLC and affiliates from April 1, 2014 to the present.

**RESPONSE:**   Ms. Maslow objects to this Request as irrelevant, totally unrelated to the allegations in the case, made solely for improper purposes or the purposes of harassment, and further evidence of Mr. Daugherty's vigilante "investigation" into Mr. Ellington and his family.

DATED:  July 8, 2022                           Respectfully submitted,

                                                          /s/ *Michael Hurst*

                                                         Michael Hurst
                                                         State Bar No. 10316310
                                                         mhurst@lynnllp.com
                                                         Mary Goodrich Nix
                                                         State Bar No. 24002694
                                                         mnix@lynnllp.com
                                                         Michele Naudin
                                                         State Bar No. 24118898
                                                         mnaudin@lynnllp.com
                                                         **LYNN PINKER HURST & SCHWEGMANN LLP**
                                                         2100 Ross Avenue, Suite 2700
                                                         Dallas, Texas  75201
                                                         Telephone: (214) 981-3800
                                                         Facsimile: (214) 981-3839

                                                         Julie Pettit
                                                         State Bar No. 24065971
                                                         jpettit@pettitfirm.com

**THE PETTIT LAW FIRM**
2101 Cedar Springs, Suite 1540
Dallas, Texas 75201
Telephone: (214) 329-0151
Facsimile: (214) 329-4076

**ATTORNEYS FOR NON-PARTY
MARCIA MASLOW**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022 a true and correct copy of this document was served on all counsel of record, via ECF.


 /s/ *Michele Naudin*
Michele Naudin

# EXHIBIT J

CAUSE NO. DC-22-00304

| | | |
|---|---|---|
| **SCOTT BRYON ELLINGTON,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **PATRICK DAUGHERTY** | § | |
| | § | |
| **Defendant.** | § | **101ˢᵗ JUDICIAL DISTRICT** |

---

## NON-PARTY GREGORY ALLEN BRANDSTATTER'S OBJECTIONS AND RESPONSES TO DEFENDANT'S SUBPOENA DUCES TECUM

---

TO:    Defendant Patrick Daugherty, by and through its attorneys of record, Ruth Ann Daniels, Andrew K. York, and Drake M. Rayshell, Gray Reed, 1601 Elm Street, Suite 4600; Dallas, Texas 75201.

Non-Party Gregory Allen Brandstatter serves the following objections and responses to

Defendant Patrick Daugherty's subpoena duces tecum ("Subpoena").

### GENERAL OBJECTIONS

Mr. Brandstatter makes the following general objections to Patrick Daugherty's Requests

for Production in the Subpoena, which are hereby incorporated by reference and made part of Mr.

Brandstatter's responses to each request:

1. Mr. Brandstatter objects to the term "Investigation" (a) given that subsequent to the filing of Plaintiff's Petition and the Declaration of Greg Brandstatter, Plaintiff has characterized his stalking, surveillance, and other examination of Mr. Ellington and his family as an "investigation," and (b) use of the term "Investigation" as used in Requests therefore would be ambiguous, confusing, and would suggest that the efforts of Mr. Ellington to identify and document Mr. Daugherty's stalking is somehow equivalent to Mr. Daugherty's tortious "investigation". Therefore, as it relates to responses to these Requests, Mr. Brandstatter will use the term "Counter-Investigation" in substitute for

the term "Investigation" as defined in these Requests.[1]

2. Mr. Brandstatter objects to the Requests to the extent they seek information that is not within his possession, custody, or control.

3. Mr. Brandstatter objects to the Requests to the extent they seek the production/provision of documents or information protected from disclosure by privilege, including, without limitation, by the attorney-client privilege, attorney work product doctrine, the party communication privilege, the consulting expert privilege, the investigative privilege, the joint interest privilege, the common interest privilege, or any other applicable privileges.

4. Mr. Brandstatter objects to the Requests to the extent that they can be interpreted as requiring Mr. Brandstatter to create or produce documents that are not in existence.

5. Mr. Brandstatter is currently engaging in the discovery process and reserves his right to amend or supplement these responses, if necessary.

6. All responses to the Requests are expressly subject to these General Objections, and such General Objections are incorporated into each individual response.

## OBJECTIONS AND RESPONSES TO PRODUCTION OF DOCUMENTS

Gregory Brandstatter objects and responds to each of the Requests for Production in the Subpoena as follows:

1. Produce any and all Documents evidencing, referring, or related to the agreement between You and Scott Byron Ellington to conduct the Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

2. Produce any and all Communications evidencing, referring or related to the agreement between You and Scott Byron Ellington to conduct the Investigation.

---

[1] Accordingly, "Counter-Investigation" shall mean the investigation and counter surveillance operation concerning Patrick Daugherty that Gregory Allen Brandstatter opened on February 4, 2021 at Scott Ellington's request as referenced in paragraph 7 of the Decl. of Greg Brandstatter.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

3.      Produce any and all photographs allegedly containing Patrick Daugherty from February 4, 2021 to present, including specifically those taken in connection with Your Investigation. Photographs responsive to this Request should be produced in their native form, specifically including the responsive photograph's metadata, if available.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

4.      Produce any and all videos allegedly containing Patrick Daugherty from February 4, 2021 to present, including specifically those taken in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

5.      Produce any and all Documents identifying the make/model, VIN number and license plate number of the car(s) that you used to follow Patrick Daugherty from February 4, 2021 to present.

**RESPONSE:** Mr. Brandstatter objects to this Request to the extent that is assumes that Mr. Brandstatter "followed" Mr. Daugherty, Without waiving such objection, Mr. Brandstatter has no responsive documents.

6.      Produce any and all Documents that evidence, reflect, or relate to any third-parties following Patrick Daugherty.

**RESPONSE:** Mr. Brandstatter objects to this Request to the extent that is assumes that any third-parties "followed" Mr. Daugherty, Without waiving such objection, Mr. Brandstatter has no responsive documents.

7.      Produce any and all Communications that evidence, reflect, or relate to third-parties following Patrick Daugherty.

**RESPONSE:** Mr. Brandstatter objects to this Request to the extent that is assumes that any third-parties "followed" Mr. Daugherty, Without waiving such objection, Mr. Brandstatter has no responsive documents.

8.      Produce any and all handwritten or type-written notes or memoranda, as well as any verbal dictations, You made in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

9.      Produce any and all Communications between You and Scott Byron Ellington in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

10.     Produce any and all Communications between You and Marcia Maslow in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

11.     Produce any and all Communications between You and Byron Ellington (Scott Ellington's Father) in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

12.    Produce any and all Communications between You and Reese Morgan evidencing, referring, or related to Patrick Daugherty.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

13.    Produce any and all of evidence that Daugherty has a history of anger issues.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

14.    Produce any and all Communications between You and Stephanie Archer in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

15.    To the extent not included above, produce any and all Communications with any other third parties in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the

grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

16.     To the extent not included above, produce any and all Documents related to the Investigation.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

17.     Produce a copy of Your current resume or curriculum vitae.

**RESPONSE:** Mr. Brandstatter will produce a responsive document.

18.     Produce a copy of all invoices issued by You to Scott Byron Ellington in connection with the Investigation.

**RESPONSE:** Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter further objects to this request being irrelevant and will not produce documents.

19.     Produce any and all Documents evidencing or reflecting any payments made by Scott Byron Ellington to You in connection with Your Investigation.

**RESPONSE:** Mr. Brandstatter objects to this request being irrelevant and will not produce documents.

20.     All drafts of the Decl. of Greg Brandstatter.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

21.     All Communications between You and Scott Bryon Ellington regarding the Decl. of Greg Brandstatter or any drafts of the Deel. of Greg Brandstatter.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

22.     All Communications between You and any attorney representing Scott Byron Ellington regarding the Deel. of Greg Brandstatter or any drafts of the Decl. of Greg Brandstatter.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

23.     Produce any and all Documents evidencing your relationship with Scott Byron Ellington prior to launching the Investigation of Daugherty

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

24.     Produce any and all Documents evidencing any prior business with entities associated with Scott Byron Ellington prior to launching the Investigation of Daugherty.

**RESPONSE:** Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Mr. Brandstatter specifically incorporates his first General Objection that the term "Investigation" should be replaced with the term "Counter-Investigation." Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint and the Counter-Investigation thereof.

25.     Produce any and all Documents evidencing, referring, or related to Communications regarding Patrick Daugherty to the Dallas Police.

**RESPONSE:**  Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

26.     Produce any and all Documents evidencing, referring, or related to Communications regarding Patrick Daugherty to the Highland Park Police.

**RESPONSE:**  Mr. Brandstatter objects to this Request as overbroad and unduly burdensome because it is not limited to any relevant time frame. Mr. Brandstatter objects to this request on the grounds that it seeks documents protected by protected by attorney-client privilege, and work product privilege under Rule 192.5 of the Texas Rules of Civil Procedure. Without waiving his objections, Mr. Brandstatter will produce non-privileged, responsive documents, if any, relevant to Mr. Daugherty's actions as alleged in the Complaint.

DATED:  July 8, 2022                    Respectfully submitted,

                                        */s/ Michael Hurst*

                                        **Michael Hurst**
                                        State Bar No. 10316310
                                        mhurst@lynnllp.com
                                        **Mary Goodrich Nix**
                                        State Bar No. 24002694
                                        mnix@lynnllp.com
                                        **Michele Naudin**
                                        State Bar No. 24118898
                                        mnaudin@lynnllp.com
                                        **LYNN PINKER HURST & SCHWEGMANN LLP**
                                        2100 Ross Avenue, Suite 2700
                                        Dallas, Texas  75201
                                        Telephone: (214) 981-3800
                                        Facsimile: (214) 981-3839

                                        **Julie Pettit**
                                        State Bar No. 24065971
                                        jpettit@pettitfirm.com
                                        **THE PETTIT LAW FIRM**
                                        2101 Cedar Springs, Suite 1540
                                        Dallas, Texas 75201
                                        Telephone: (214) 329-0151
                                        Facsimile: (214) 329-4076

                                        **ATTORNEYS FOR**
                                        **NON-PARTY GREGORY ALLEN BRANDSATTER**


### CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022 a true and correct copy of this document was served on all counsel of record, via ECF.


                                        */s/ Michele Naudin*
                                        Michele Naudin