# **<u>EXHIBIT 4</u>**

PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK HAGAMAN DAUGHERTY,<br><br>Defendant. | Adv. Proc. No. 25-03055-sgj |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4917-1837-5793.6 36027.003

### HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PATRICK DAUGHERTY

**PLEASE TAKE NOTICE** that, pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034, incorporating by reference Federal Rules of Civil Procedure 26 and 34, Highland Capital Management, L.P., the reorganized debtor in the above-referenced bankruptcy case and plaintiff/counter-defendant in the above-referenced adversary proceeding ("Highland"), hereby demands that Patrick Daughterty ("Daugherty") produce for inspection and copying all non-privileged documents responsive to the requests below (the "Requests") on or before **November 24, 2025, by 5:00 p.m. Central Time**, in connection with the litigation of claims asserted in Highland's *Complaint for (1) Disallowance of Claim No. 205 in Its Entirety, (2) Estimation of Claims No. 205 for Allowance Purposes, or (3) Subordination of Any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty* [Adv. Pro. Docket No. 1] (the "Complaint").

### INSTRUCTIONS

1. For each Document (as defined below) withheld by reason of a claim of privilege, provide a privilege log identifying such Document together with: (a) the date of the Document; (b) the identity of the author or preparer; (c) the identity of each person who was sent or furnished with the Document or who received or had possession or custody of the document; (d) a description of the Document, including identification of any attachments or appendices; (e) a statement of the basis of the claim of privilege; and (f) the paragraph of this request to which the document is responsive. In the case of Documents concerning a meeting or conversation, identify all participants in the meeting or conversation.

2. Each Document shall be produced in a fashion that indicates clearly the file in which it was located.

3. If a Document cannot be produced in full, produce it to the extent possible, identify the portion that cannot be produced, and specify the reasons for Your (as defined below) inability to produce the remainder.

4. You are required to produce ESI (as defined below) in searchable form on DVDs, CD-ROMs, or other media to be mutually agreed by the parties.

5. Documents may be produced in paper format or electronically. If Documents are produced electronically, or if any ESI is produced, the following formatting should be used:

- Use .tif format for all Documents that were not originally in Excel format, in which case, use .xls or .xlsx format;

- If possible, without creating undue delay, please produce Documents in Summation-ready DVDs, CD-ROMs, or other media to be mutually agreed by the parties with .tiff and text format, and with a Summation load file; and

- Transmit electronic Documents or ESI on DVDs, CD-ROMs, or other media to be mutually agreed by the parties or use an ftp site upload.

6. These Requests shall be deemed continuing, and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response to these Requests, as required by Fed. R. Bank. P. 7026(e).

7. The use of either the singular or plural shall not be deemed a limitation. The use of the singular includes the plural, and vice versa.

8. The Requests seek Documents and Communications created, sent, or received between February 27, 2009, and the date of Your responses to these Requests.

**DEFINITIONS**

1. "2008 Refund" has the meaning ascribed to that term in paragraph 19 of the Complaint.

2. "2008 K-1" has the meaning ascribed to that term in paragraph 22 of the Complaint.

3. "2008 Audit" has the meaning ascribed to that term in paragraph 23 of the Complaint.

4. "Books and Records" means "the HERA and ERA books and records (spreadsheet) maintained on HCMLP's system." *See* Settlement Agreement ¶ 8.

5. "Complaint" means the Complaint filed in the above-referenced adversary proceeding.

6. "Compensation Statement" means the *Comprehensive Compensation and Benefits Statement* Highland provided to Daugherty on or about February 27, 2009.

7. "Counterclaims" means the *Counterclaim[s] Against Plaintiff/Counter Defendant Highland Capital Management, L.P.* You asserted on October 3, 2025, in the document filed at Docket No. 39 in the above-referenced adversary proceeding.

8. "Employment Agreement" means any written or oral agreement pertaining to Your employment by Highland that was effective at any time between January 1, 2009, and the date You were no longer employed by Highland.

9. "HERA Release Agreement" means that certain HERA Release Agreement entered into as of November 21, 2021, and executed by Highland, You, Highland Employee Retention Assets, LLC, and Highland ERA Management, LLC.

10. "Highland" means Highland Capital Management, L.P., including its current and former officers, employees, and agents (*e.g.*, outside counsel).

11. "H&W" means the law firm Hunton Andrews Kurth LLP, including its attorneys and representatives.

12. "IRS" means the Internal Revenue Service, including its employees and representatives.

13. "Reserved Claim" has the meaning ascribed to that term in paragraph 8 of the Settlement Agreement.

14. "Seery" means the individual James P. Seery, Jr.

15. "Settlement Agreement" means that certain *Settlement Agreement* executed by Highland on November 21, 2021, and You on November 22, 2021, and any drafts of such Settlement Agreement.

16. "Tax Matters Partner" means the person or entity authorized to act on Highland's behalf with respect to the 2008 Audit.

17. "You" or "Your" means Patrick Hagaman Daugherty and anyone with actual or apparent authority to act on his behalf.

## DOCUMENT REQUESTS

**Request No. 1:**

All Communications with the IRS concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**Request No. 2:**

All Communications with the Tax Matters Partner concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**Request No. 3:**

All Communications with H&W concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**Request No. 4:**

All Communications with Highland concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**Request No. 5:**

All Documents and Communications concerning the Compensation Statement.

**Request No. 6:**

Your personal federal income tax return(s), including any amended return(s), for the 2008 tax year, and Your personal federal income tax returns for any other years that concern the 2008 Refund, the 2008 K-1, or the 2008 Audit, if applicable.

**Request No. 7:**

All Documents and Communications concerning any Employment Agreement.

**Request No. 8:**

All Documents and Communications concerning the negotiation and drafting of the Settlement Agreement.

**Request No. 9:**

All audio or other recordings of any conversations between You and Seery, including any purported transcript or summary of any such conversations.

**Request No. 10:**

All audio or other recordings of any conversation between You and any current or former employee, agent, or representative of Highland concerning the 2008 Refund, the 2008 K-1, and the 2008 Audit, including any purported transcript or summary of any such conversation.

**Request No. 11:**

All Documents and Communications concerning Your use, application, or investment of the 2008 Refund.

**Request No. 12:**

All Documents and Communications concerning any contingent liability or contingent obligation You contend relate to the 2008 Refund.

**Request No. 13:**

All Documents and Communications concerning the Reserved Claim.

**Request No. 14:**

All Documents and Communications concerning the reserve created by Highland on account of the Reserved Claim.

**Request No. 15:**

All Documents and Communications concerning any of Your affirmative defenses.

**Request No. 16:**

All Documents and Communications concerning Your contention that Highland has "refused and failed" to turn over the Books and Records.

**Request No. 17:**

All Documents and Communications concerning Your contention that You or any of Your controlled affiliates have any claims against any Highland employees, in any capacity, released pursuant to paragraph 6 of the Settlement Agreement.

**Request No. 18:**

All Documents and Communications concerning Your contention that You or any of Your controlled affiliates have any claims against any Highland employees, in any capacity, released pursuant to paragraph 1 of the HERA Release Agreement.

**Request No. 19:**

All Documents and Communications concerning Your Counterclaims, including all invoices concerning Your claim for attorneys' fees and any other damages You contend Highland caused by breaching its agreement with You.

| | |
|---|---|
| Dated: October 24, 2025 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>          jmorris@pszjlaw.com<br>          gdemo@pszjlaw.com<br>          hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Highland Capital Management, L.P.* |

## CERTIFICATE OF SERVICE

I hereby certify that, on October 24, 2025, true and correct copies of the foregoing Requests were served via electronic mail on counsel for defendant/counter-plaintiff Patrick Daugherty.

                                        */s/ Zachery Z. Annable*
                                        Zachery Z. Annable