# **<u>EXHIBIT 5</u>**

Jason S. Brookner (Texas Bar No. 24033684)
Andrew K. York (Texas Bar No. 24051554)
Joshua D. Smeltzer (Texas Bar No. 24113859)
J. Reid Burley (Texas Bar No. 24109675)
Drake M. Rayshell (Texas Bar No. 24118507)
GRAY REED
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:     jbrookner@grayreed.com
           dyork@grayreed.com
           jsmeltzer@grayreed.com
           rburley@grayreed.com
           drayshell@grayreed.com

*Counsel to Patrick Daugherty*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: § § HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] § § Reorganized Debtor. § § | | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § Plaintiff, § § v. § § PATRICK HAGAMAN DAUGHERTY, § § Defendant. § | | Adv. Proc. No. 25-03055-sgj |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

-1-

4921-3336-8704.3

**PATRICK DAUGHERTY'S AMENDED RESPONSES TO HIGHLAND CAPITAL MANAGEMENT, L.P.'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

TO: Plaintiff/Counter-Defendant, Highland Capital Management, L.P., by and through its attorneys of record, Jeffrey N. Pomerantz, John A. Morris, Gregory V. Demo, and Hayley R. Winograd, PACHULSKI STANG ZIEHL & JONES LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067; and Melissa S. Hayward and Zachery Z. Annable, HAYWARD PLLC, 10501 N. Central Expressway, Suite 106, Dallas, Texas 75231.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, and Rule 7034 of the Federal Bankruptcy Rules of Procedure, and in accordance with the agreements reached between the parties as part of the meet and confer process, Patrick Daugherty ("Daugherty") hereby makes and serves his Amended Responses to certain of Highland Capital Management, L.P.'s Requests for the Production of Documents ("Amended Responses"). Specifically, Daugherty hereby amends his responses to Request Nos. 7 and 11.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All Communications with the IRS concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**RESPONSE:** Daugherty will produce responsive documents in accordance with the Court's scheduling order for substantially completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

**REQUEST NO. 2:**

All Communications with the Tax Matters Partner concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**RESPONSE:** After a reasonable inquiry, Daugherty has not identified any responsive documents in his possession, custody or control.

**REQUEST NO. 3:**

All Communications with H&W concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**RESPONSE:** After a reasonable inquiry, Daugherty has not identified any responsive documents in his possession, custody or control.

**REQUEST NO. 4:**

All Communications with Highland concerning the 2008 Refund or the 2008 K-1 or the 2008 Audit.

**RESPONSE:** Daugherty will produce responsive documents in accordance with the Court's scheduling order for substantially completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

**REQUEST NO. 5:**

All Documents and Communications concerning the Compensation Statement.

**RESPONSE:** Daugherty objects to the portion of this request seeking "document concerning the Compensation Statement" as vague. Fed. R. Civ. P. 34(b)(2). Given that the Compensation Statement is, itself, a document, it is unclear how another document could be concerning that document. Daugherty is unable to search for responsive documents accordingly, but Daugherty agrees to reproduce the Compensation Statement in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

Daugherty also objects that this request appears to seek documents and communications that are the subject of the attorney-client and work product privileges. Daugherty is withholding any such documents and communications. Daugherty will produce any non-privileged "communications…concerning the Compensation Statement" in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

4921-3336-8704.3

**REQUEST NO. 6:**

Your personal federal income tax return(s), including any amended return(s), for the 2008 tax year, and Your personal federal income tax returns for any other years that concern the 2008 Refund, the 2008 K-1, or the 2008 Audit, if applicable.

**RESPONSE:** Upon entry of a protective order, Daugherty will produce his tax return for the 2008 tax year as well as any other responsive documents.

**REQUEST NO. 7:**

All Documents and Communications concerning any Employment Agreement.

**RESPONSE:** Daugherty objects to the request as overbroad, not proportional to the needs of the case, and seeks documents and communications not relevant to the claims or defenses in this adversary proceeding. Fed. R. Civ. P. 26(b)(1). This adversary proceeding is about the 2008 Audit and related tax implications on Daugherty. The Employment Agreement covers a range of topics that have no bearing on the 2008 Audit or this lawsuit and thus, are irrelevant. For example, this request as written would require Daugherty to produce thousands and thousands of pages of documents from the *Highland Capital Management, L.P. v. Daugherty* lawsuit in Texas state court that reached a final, non-appealable judgment in 2016. Moreover, as written, the request would seek communications between Daugherty and his counsel in the Texas state court lawsuit, which would be subject to the attorney-client and work product privileges.

Based on these objections, Daugherty is not producing any responsive documents.

**AMENDED RESPONSE**: During the meet and confer process, Highland represented that it was narrowing the scope of this Request to "All Documents and Communications concerning the terms of any Employment Agreement between Highland and Daugherty" for the time period January 1, 2008, and the date Daugherty was no longer employed by Highland. Based on this representation, Daugherty withdraws the objections in his original response. Daugherty has not identified any responsive Documents or Communications to the narrowed scope of the Request in his possession, custody or control. Documents responsive to this Request are being produced concurrently herewith.

**REQUEST NO. 8:**

All Documents and Communications concerning the negotiation and drafting of the Settlement Agreement.

**RESPONSE:** Daugherty objects to this request because it seeks documents and communications between Daugherty and his counsel concerning the negotiation and drafting of the Settlement Agreement, which are subject to the attorney-client privilege. Such documents and

-4-

communications will not be produced. Daugherty will produce any non-privileged documents or communications regarding the negotiation and drafting of the Settlement Agreement that he has in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

**REQUEST NO. 9**:

All audio or other recordings of any conversations between You and Seery, including any purported transcript or summary of any such conversations.

**RESPONSE:** Daugherty objects that the request seeks documents that are not relevant to the claims or defenses asserted in this adversary proceeding. Fed. R. Civ. P. 26(b)(1). Any recorded conversations have no bearing on Plaintiff's claims in this action, which relate solely to the treatment of Daugherty's Reserved Claim. Based on this objection, Daugherty is not producing any responsive documents.

**REQUEST NO. 10**:

All audio or other recordings of any conversation between You and any current or former employee, agent, or representative of Highland concerning the 2008 Refund, the 2008 K-1, and the 2008 Audit, including any purported transcript or summary of any such conversation.

**RESPONSE:** Daugherty objects that the request seeks documents that are not relevant to the claims or defenses asserted in this adversary proceeding. Fed. R. Civ. P. 26(b)(1). Any recorded conversations have no bearing on Plaintiff's claims in this action, which relate solely to the treatment of Daugherty's Reserved Claim. Based on this objection, Daugherty is not producing any responsive documents

**REQUEST NO. 11**:

All Documents and Communications concerning Your use, application, or investment of the 2008 Refund.

**RESPONSE:** Daugherty objects to this request to the extent it seeks documents and communications regarding matters not relevant to the immediate lawsuit. Fed. R. Civ. P. 26(b)(1). This lawsuit is entirely about the 2008 Audit and related tax implications on Daugherty. It matters not how Daugherty used or invested the 2008 Refund, despite Plaintiff's claim that Daugherty could not have suffered harm because of the amount of money he could have made—via investment or otherwise—in the period between 2008 and present. Moreover, the request is overbroad and not proportionate to the needs of the case because it would, as written, require Daugherty to turn over every financial document in his possession, custody or control that was created after the 2008 Refund. Daugherty is withholding documents accordingly.

-5-

4921-3336-8704.3

**AMENDED RESPONSE**: During the meet and confer process, Highland's counsel represented that Hihgland was narrowing the scope of the Request to "All Documents and Communications concerning the initial disposition of the 2008 Refund (i.e.,, was it invested in the market, put in the bank, commingled, etc.)." Daugherty is maintaining his relevance objection to this Request. What Daugherty did with the 2008 Refund is not relevant to Highland's claims seeking to reject, estimate or subordinate Daugherty's Class 8 claim in the Highland Bankruptcy. Daugherty has not identified any responsive Documents or Communications still in his possession, custody or control that concern the initial disposition of the 2008 Refund. Documents responsive to this Request are being produced concurrently herewith.

**REQUEST NO. 12:**

All Documents and Communications concerning any contingent liability or contingent obligation You contend relate to the 2008 Refund.

**RESPONSE:** Daugherty will produce any responsive documents in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

**REQUEST NO. 13:**

All Documents and Communications concerning the Reserved Claim.

**RESPONSE:** Defendant objects to this request because it is overbroad and not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 34(b)(2). The Reserved Claim relates to the amount of money that might be owed to Daugherty based on the outcome of the IRS' audit of the 2008 Refund. The 2008 Refund and the related audit are what this litigation is entirely premised upon. Thus, this request seeks every document regarding the basis of this dispute and also subsumes a number of other requests herein. Daugherty also objects that this request seeks documents and communications between Daugherty and his counsel which are subject to the attorney-client or work product privileges. Daugherty is withholding any such documents and communications. Daugherty refers Plaintiff to the documents that will be produced in response to the other requests in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.]

**REQUEST NO. 14:**

All Documents and Communications concerning the reserve created by Highland on account of the Reserved Claim.

**RESPONSE:** Daugherty objects to this request because it seeks, as written, documents and communications between Daugherty and his counsel that are subject to the attorney-client or

work product privileges. Daugherty is withholding any such documents and communications. Daugherty will produce responsive, non-privileged documents in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.].

**REQUEST NO. 15:**

All Documents and Communications concerning any of Your affirmative defenses.

**RESPONSE:** Daugherty objects to this request as not reasonably particular because it merely asks for documents related to all affirmative defenses. Fed. R. Civ. P. 34(b). *See Banca Pueyo, S.A. v. Lone Star Fund IX (U.S.), L.P.*, 2020 WL 10046110, at *11 (N.D. Tex. Sept. 25, 2020) (citing *Hinds v. Baker Hughes, Inc.*, 2007 WL 9710939, at *5 (W.D. Tex. Aug. 8, 2007). The law is clear that a party cannot request all documents in support of a defense or contention. Daugherty is withholding documents accordingly.

**REQUEST NO. 16:**

All Documents and Communications concerning Your contention that Highland has "refused and failed" to turn over the Books and Records.

**RESPONSE:** Daugherty objects to this request because it seeks, as written, communications between Daugherty and his counsel that are subject to the attorney-client or work product privileges. Daugherty is withholding any such communications. Daugherty will produce responsive, non-privileged documents in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.].

**REQUEST NO. 17:**

All Documents and Communications concerning Your contention that You or any of Your controlled affiliates have any claims against any Highland employees, in any capacity, released pursuant to paragraph 6 of the Settlement Agreement.

**RESPONSE:** Daugherty objects to this request because it seeks, as written, communications between Daugherty and his counsel that are subject to the attorney-client or work product privileges. Daugherty is withholding any such communications. Daugherty will produce responsive, non-privileged documents in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.].

4921-3336-8704.3

**REQUEST NO. 18:**

All Documents and Communications concerning Your contention that You or any of Your controlled affiliates have any claims against any Highland employees, in any capacity, released pursuant to paragraph 1 of the HERA Release Agreement.

**RESPONSE:** Daugherty objects to this request because it seeks, as written, communications between Daugherty and his counsel that are subject to the attorney-client or work product privileges. Daugherty is withholding any such communications. Daugherty will produce responsive, non-privileged documents in his possession, custody or control in accordance with the Court's scheduling order for completing document production by December 12, 2025. [Doc. No. 37 at p. 2.].

**REQUEST NO. 19:**

All Documents and Communications concerning Your Counterclaims, including all invoices concerning Your claim for attorneys' fees and any other damages You contend Highland caused by breaching its agreement with You.

**RESPONSE:** Daugherty objects to this request as not reasonably particular because it merely asks for documents concerning Daugherty's Counterclaims. Fed. R. Civ. P. 34(b). *See Banca Pueyo, S.A. v. Lone Star Fund IX (U.S.), L.P.*, 2020 WL 10046110, at *11 (N.D. Tex. Sept. 25, 2020) (citing *Hinds v. Baker Hughes, Inc.*, 2007 WL 9710939, at *5 (W.D. Tex. Aug. 8, 2007). The law is clear that a party cannot request all documents in support of a defense or contention. Daugherty is withholding documents accordingly, but Daugherty will produce redacted attorney's fees invoices concerning his Counterclaim for attorney's fees resulting from Highland's breach of the Settlement Agreement in accordance with the Court's scheduling order for completing document production by December 12, 2025.  [Doc. No. 37 at p. 2.]

        GRAY REED

By: */s/ Andrew K. York*
    Jason S. Brookner
    Texas Bar No. 24033684
    Andrew K. York
    Texas Bar No. 24051554
    Joshua D. Smeltzer
    Texas Bar No. 24113859
    J. Reid Burley
    Texas Bar No. 24109675
    Drake Rayshell
    Texas Bar No. 24118507

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email:    jbrookner@grayreed.com
           dyork@grayreed.com
           jsmeltzer@grayreed.com
           rburley@grayreed.com
           drayshell@grayreed.com

*Counsel to Patrick Daugherty*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Responses was served, via email, on counsel for Highland Capital Management, L.P., on this 12th day of December, 2025.

        */s/ Andrew K. York*
        ANDREW K. YORK