

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 30, 2025**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 25-03055-bwo |
| | § | |
| PATRICK HAGAMAN DAUGHERTY, | § | |
| | § | |
| Defendant. | § | |

## AGREED PROTECTIVE ORDER

Plaintiff/Counter-Defendant Highland Capital Management, L.P. ("Plaintiff") and

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

Defendant/Counter-Plaintiff Patrick Hagaman Daugherty ("Defendant" or "Daugherty") (collectively, the "Parties") anticipate that Plaintiff and Defendant will produce or use certain Protected Material (as hereinafter defined) during the course of discovery in the above-captioned adversary proceeding (collectively, the "Action").[2] In order to facilitate production of the Protected Material, the Parties stipulate to and request that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court enter this Agreed Protective Order ("Protective Order"), setting forth the conditions for obtaining, treating, and using Protected Material.

1. **PURPOSES AND LIMITATIONS**

(a) Protected Material shall be used for the purpose of prosecuting claims and asserting defenses in the Action. Plaintiff shall hold Protected Material in confidence in accordance with the terms and condition set forth in this Protective Order. Protected Material shall not be used for any other purpose, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Protected Material as herein provided. Plaintiff shall take reasonable steps to limit access to Protected Material to those persons entitled to review it in accordance with the terms of this Protective Order.

(b) The Parties acknowledge that the protection the Protective Order affords from public disclosure and use extends only to the specific Protected Material produced by Defendant or his agents to Plaintiff in this Action, except to the extent this Protective Order is modified at a later date.

2. **DEFINITIONS**

(a) "Outside Counsel" means (i) outside counsel for a Party or its affiliates, as

---

[2] Capitalized terms used and not defined here in have the meanings ascribed to such terms in Highland Capital Management, L.P.'s Request for the Production of Documents Directed to Patrick Daugherty, dated October 24, 2025 and delivered to Defendant in connection with the Action (the "RFP").

applicable, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such counsel to whom it is reasonably necessary to disclose the information in connection with the Action, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.

(b)     "Outside Expert or Consultant" means a person retained by Outside Counsel to serve as an expert witness or a litigation consultant in the Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party.

(c)     "Party" means any party to this Action, their respective affiliates and related entities, and its and their respective officers, directors (including, without limitation, any members of the Highland Claimant Trust Oversight Board), trustees (including, without limitation, the trustees of the Highland Claimant Trust), administrators (including, without limitation, the indemnity trust administrator of the Highland Indemnity Trust), employees, consultants, agents, retained experts, and Outside Counsel and their support staffs.

(d)     "Non-Protected Material" means any documents or information concerning Defendant's tax returns, partnership distributions, or compensation whilst employed at Highland Capital Management, L.P, that would otherwise meet the definition of "Protected Material" that (a) was or becomes actually published or publicly disseminated other than as a result of a disclosure by Plaintiff in violation of this Protective Order, (b) was in Plaintiff's possession as of the date hereof, including, without limitation, all of Plaintiff's tax returns, Mr. Daugherty's tax returns stored on Plaintiff's system as of the date hereof, accompanying K-1's, employee compensation information, and correspondence and other information and documents relating thereto, or (c) was or becomes available to Plaintiff on a non-confidential basis from a third party source other than

Defendant; provided, that such source is legally permitted to disclose such information to Plaintiff and is not otherwise prohibited from disclosing such information pursuant to any contractual, legal, regulatory, fiduciary, or other obligation.

(e) "Protected Material" means the following documents and information, in each case, to the extent produced by or on behalf of Defendant to Plaintiff in this Action, all information contained therein, and all copies thereof: (i) federal or state tax returns filed by Patrick Daugherty; (ii) communications with the Internal Revenue Service or any corresponding state taxing authority concerning such tax returns; or (iii) financial information (such as documents relating to Daugherty's compensation, bank statements, account records, or other similar documents) concerning Mr. Daugherty, his family or any entities owned in whole or in part by Mr. Daugherty; provided, that, notwithstanding anything in this Protective Order to the contrary, "Protected Material" shall not include any "Non-Protected Material" as defined in this Protective Order or any information that is independently developed by Plaintiff without use or reference to any Protected Material.

(f) "Third Parties" means persons, organizations or entities who are not Plaintiff or Defendant in this Action.

**3.    SCOPE**

(a) The protections conferred by this Protective Order apply to all Protected Material and any documents or information directly extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict Defendant's own disclosure or use of his own Protected Material for any purpose.

(c) Nothing in this Protective Order provides any Party with any broader or expanded rights than it already had concerning the use or disclosure of Non-Protected Material, nor does it obviate the Party from its contractual, legal, regulatory, fiduciary, or other obligations that already existed with respect to Non-Protected Material.

(d) Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Protected Material in any filing in the Action, provided the Party complies with the applicable rules regarding the filing of documents under seal.

**4. DURATION**

The confidentiality obligations imposed by this Protective Order shall remain in effect until a final, non-appealable order is entered resolving all claims and counterclaims asserted in the Action.

**5. ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles. Protected Material shall be used as set forth herein below, and such use shall be solely for the purpose of prosecuting or defending any claims or defenses asserted in the Action or any related appellate proceeding. Protected Material shall not be distributed, disclosed, or made available to any persons, organizations or entities except as expressly provided in this Protective Order.

(b) Secure Storage. Protected Material shall be maintained by Plaintiff using a degree of care that is no less stringent than that used to protect Plaintiff's own confidential information of a similar nature, which in any event, shall be no less than a reasonable degree of care, and Plaintiff shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Protected Material in violation of this Protective Order. For the avoidance of doubt, the Parties acknowledge and agree that Protected Material may be stored and maintained on Plaintiff's data management

systems and cloud-based services managed and maintained by Third Parties, and Protected Material may be transmitted to and from Plaintiff's email system and the email addresses of its representatives.

(c) <u>Legal Advice Based on Protected Material.</u> Subject to the restrictions of Section 5(b) above, this Protective Order does not prevent counsel from advising their clients with respect to the Action based in whole or in part upon any Protected Materials, provided counsel does not disclose Protected Material except as permitted by this Protective Order.

(d) <u>Third Party Discovery.</u> Nothing in this Protective Order shall limit or impair the ability of any Party to obtain and use Third Party discovery. Nothing in this Protective Order shall limit or impair Defendant's right to seek a protective order concerning any material produced by any third party in discovery in the Action that contains Defendant's tax or financial information.

(e) This Order is without prejudice to the right of any Party to seek further or additional protection of any Protected Material or to modify this Order in any way upon reasonable notice to all Parties.

6. **ADDITIONAL PROVISIONS RELATING TO PROTECTED MATERIAL**

(i) <u>Depositions and Testimony.</u> Parties may designate testimony given in deposition and in other pretrial or trial proceeding that specifically references Protected Material by indicating on the record when the testimony is given or by sending written notice of the designations within five (5) days of receipt of the transcript. Only those portions of testimony that are appropriately designated shall be covered by this Protective Order.

The use of a document as an exhibit at a deposition shall not affect its designation as Protected Material. Protected Material used during a deposition shall remain subject to the

provisions of this Protective Order.

Transcripts containing Protected Material shall have a conspicuous legend on the title page that the transcript contains Protected Material. If the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of this Protective Order in this matter or pursuant to written stipulation of the Parties."

## 7. NOTICE OF DISCLOSURE

(a) <u>Written Notice.</u> Before an Outside Expert or Consultant may receive Protected Material, the Outside Expert or Consultant must sign the "Agreement to Be Bound by this Protective Order" (Exhibit A), a copy of which shall be provided to Defendant at the time the Parties must designate testifying experts under the scheduling order in the Action.

## 8. SUBPOENAS OR COURT ORDERS

(a) If Protected Material or Non-Protected Material is subpoenaed by any non-party to the Action, court, arbitral, administrative, or legislative body, the Plaintiff shall give prompt written notice thereof to Defendant and to his counsel. If Defendant does not take steps to prevent disclosure of such documents within seven (7) days of the date written notice is given, Plaintiff may produce such Protected Material in response thereto, but shall take reasonable measures to have such documents treated in accordance with terms of this Protective Order.

## 9. FILING PROTECTED MATERIAL

(a) Absent written permission from Defendant or a court order secured after reasonable notice to Defendant, Plaintiff may not file in the public record any Protected Material.

(b)     Plaintiff is authorized under applicable rules to file, describe, or refer to Protected Material under seal in the Action.

(c)     Prior to filing any Non-Protected Material in the Action, Plaintiff's counsel shall give Defendant's counsel 48 hours' notice of the intent to file such material and identify the specific Non-Protected Material that will be filed. Defendant's counsel may file a motion to seal the Non-Protected Material in the Action at any time prior to, or after, Plaintiff's filing of the Non-Protected Material.

**10.     INADVERTENT FAILURE TO DESIGNATE PROPERLY**

(a)     The inadvertent failure by Defendant to designate Protected Material shall not waive the protections afforded under this Protective Order; provided that Defendant notifies Plaintiff that such Protected Material is protected under this Protective Order within seven (7) days of Defendant learning of the inadvertent failure to designate. Defendant shall reproduce the Protected Material with a designation within seven (7) days upon its notification to Plaintiff.

**11.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of Protected Material pursuant to this Protective Order to any person or persons not authorized to receive such disclosure under this Protective Order, Plaintiff shall promptly notify Outside Counsel for Defendant and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. Plaintiff shall also promptly take reasonable measures to retrieve the unauthorized disclosed Protected Material and to take reasonable steps to prevent any further unauthorized disclosure of Protected Material.

(b)     In addition to subsection (a) above, Plaintiff shall also use reasonable efforts to seek to bind such person or party to the terms of this Protective Order and (a) such person shall be

informed promptly of all the provisions of this Protective Order by Plaintiff and asked to return the information; (b) such person shall be identified to Defendant; and (c) the person to whom disclosure was made shall be requested to sign Exhibit A hereto. Nothing in this Paragraph shall affect the Defendant's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(c) Plaintiff's unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the right to hold the disclosed document or information as Protected.

12. **FINAL DISPOSITION**

Unless otherwise ordered or agreed to in writing by Defendants, within sixty (60) days after the final termination of this Action by settlement or exhaustion of all appeals all parties in receipt of Protected Material shall exercise reasonable efforts to either return such materials and copies thereof to Defendant or destroy such Protected Material and certify that fact in writing. Plaintiff's reasonable efforts shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Protected Material, provided that such counsel and employees of such counsel shall not disclose such Protected Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

13. **MISCELLANEOUS**

(a) <u>Right to Further Relief.</u> Nothing in this Protective Order abridges the right of any

person to seek its modification by this Court on reasonable notice. By stipulating to this Protective Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) <u>Termination of Matter and Retention of Jurisdiction.</u> The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Determination of this Action. The Court shall retain jurisdiction after Final Determination of this Action to hear and resolve any disputes arising out of this Protective Order.

(c) <u>Successors.</u> This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(e) <u>Burdens of Proof.</u> Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Protected Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Modification by Court.</u> This Protective Order is subject to further court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States Bankruptcy Court for the Northern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes

concerning Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States Bankruptcy Court for the Northern District of Texas.

(g) <u>Discovery Rules Remain Unchanged.</u> Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, or this Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, or this Court's own orders.

(h) Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

###End of Order###

Respectfully submitted,

GRAY REED

By: */s/ Andrew K. York*
    Jason S. Brookner
    Texas Bar No. 24033684
    Andrew K. York
    Texas Bar No. 24051554
    Joshua D. Smeltzer
    Texas Bar No. 24113859
    J. Reid Burley
    Texas Bar No. 24109675
    Drake M. Rayshell
    Texas Bar No. 24118507

1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:  (214) 954-4135
Facsimile:  (214) 953-1332
Email:      jbrookner@grayreed.com
            dyork@grayreed.com
            jsmeltzer@grayreed.com
            rburley@grayreed.com
            drayshell@grayreed.com

*Counsel to Patrick Daugherty*


- AND -

PACHULSKI STANG ZIEHL & JONES LLP

By:   */s/ John A. Morris*
    Jeffrey N. Pomerantz
    (admitted *pro hac vice*)
    John A. Morris
    (admitted *pro hac vice*)
    Gregory V. Demo
    (admitted *pro hac vice*)
    Hayley R. Winograd
    (admitted *pro hac vice*)

HAYWARD PLLC

    Melissa S. Hayward
    Texas Bar No. 24044908
    Zachery Z. Annable
    Texas Bar No. 24053075
10501 N. Central Expy., Suite 106
Dallas, Texas 75231
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067

Telephone: (972) 755-7100
Telephone: (310) 277-6910
Email: jpomerantz@pszjlaw.com
        jmorris@pszjlaw.com
        gdemo@pszjlaw.com
        hwinograd@pszjlaw.com
        mhayward@HaywardFirm.com
        zannable@HaywardFirm.com

*Counsel to Highland Capital Management, L.P.*

# **EXHIBIT A**

I,_____, acknowledge and declare that I have received a copy of the Protective Order Regarding the Disclosure and Use of Discovery Materials ("Protective Order") in Adversary Proceeding No. 25-03055-sgj, *Highland Capital Management, L.P. v. Patrick Hagaman Daugherty,* in the United States Bankruptcy Court for the Northern District of Texas. Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order.

1. My business address is:

    _____

2. My present occupation or job description (including my title) is:

    _____

3. I will store and maintain Protected Material in a secure manner as set forth in the Protective Order and that ensures that access is limited to the persons authorized under this Protective Order.

4. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

5. I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of Texas for the purpose of enforcement of this Protective Order.

6. I hereby agree to personally appear before the United States Bankruptcy Court for the Northern District of Texas for the purpose of enforcement of this Protective Order and/or for resolving any issue that might arise in connection with my involvement in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____