PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No.143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Plaintiff/Counter-Defendant Highland Capital Management, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: <br><br> HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] <br><br> Reorganized Debtor. | § § § Chapter 11 <br> § § Case No. 19-34054-sgj11 <br> § § |
| HIGHLAND CAPITAL MANAGEMENT, L.P., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> PATRICK HAGAMAN DAUGHERTY, <br><br> Defendant/Counter-Plaintiff. | § § § § Adv. Proc. No. 25-03055-bwo § § § § § § |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The service address for Highland is 6333 E. Mockingbird Ln., Ste 147 #5045, Dallas, TX 75214.

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF AUDIO RECORDINGS,
TRANSCRIPTS, AND RELATED DOCUMENTS**

Plaintiff/Counter-Defendant Highland Capital Management, L.P., the reorganized debtor ("Highland" or the "Debtor," as applicable), by and through its undersigned counsel, hereby files this reply to *Patrick Daugherty's Response to Highland's Motion to Compel* [Docket No. 69] (the "Response") and in further support of its *Motion to Compel Production of Audio Recordings, Transcripts, and Related Documents* [Docket No. 60] (the "Motion").[2] In further support of its Motion, Highland respectfully states as follows:

## I. INTRODUCTION

1. The Secret Recordings fall squarely within the scope of discoverable information under Rule 26(b), and Daugherty fails to meet his burden of demonstrating why the Secret Recordings are irrelevant or otherwise objectionable.

2. Daugherty admits he secretly recorded his conversations with Seery, as his "adverse" party, and other Highland constituents, and he does not dispute that those conversations concerned the Bankruptcy Case, Daugherty's proof of claim (including the Reserved Claim), HERA, and the Settlement Agreement. All these topics relate to or could lead to the discovery of admissible evidence that goes to the heart of the issues in this Adversary Proceeding.

3. The Secret Recordings also bear directly on Daugherty's propensity for deception and therefore his credibility as a witness. This type of evidence is plainly discoverable under Rule 26(b). Daugherty's assertion that the Secret Recordings are not discoverable if they bear on credibility is premised on Daugherty's mistaken reliance on Rule 26(a). That rule concerns initial

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

2

disclosures, not the scope of discovery under Rule 26(b). And while Rule 26(a) exempts from initial disclosures evidence used solely for impeachment, Rule 26(b) has no such exemption.

4. Daugherty should not be able to unilaterally determine relevancy based on secret recordings which only he possesses—particularly where he admits that he created them for the express purpose of playing a game of "gotcha." Daugherty's refusal to produce the Secret Recordings until a later time in the proceeding so that he might be able to use them to impeach Seery (based on what Daugherty asserts is "irrelevant" material) has no basis under any rule, law, or precedent. The Court should exercise its discretion, grant the Motion, and compel Daugherty to immediately disclose all Secret Recordings.[3]

## II. REPLY

5. The Secret Recordings plainly fall within the broad scope of relevance under Rule 26(b)(1) because they contain information, or may lead to the discovery of admissible evidence, going to the heart of the issues in this Adversary Proceeding and shed light on Daugherty's deceptive character. Daugherty fails to meet his burden of demonstrating how the information is not relevant or otherwise objectionable. *See Murillo Modular Grp., Ltd. v. Sullivan*, 2016 WL 6139096, at *3 (N.D. Tex. Oct. 20, 2016).

6. Daugherty vaguely maintains that the Requested Information is somehow not relevant under the broad scope of discovery under Rule 26 because (a) the Secret Recordings do not contain information concerning the Adversary Proceeding; and (b) the Secret Recordings supposedly relate to Seery's credibility and are therefore not discoverable. Each of these assertions is meritless.

---

[3] Daugherty is currently scheduled to take Seery's deposition on Monday, January 19, so time is of the essence.

A.   **The Secret Recordings Contain Discoverable Information About the Claims and Defenses**

7. As discussed in the Motion, the Secret Recordings very likely contain conversations that go to the heart of the issues in this Adversary Proceeding or could otherwise lead to the discovery of admissible evidence. Daugherty admitted in the Stalking Suit that he has multiple recordings of Seery and that these Secret Recordings took place during the Bankruptcy Case in 2022 when Daugherty was "adverse" to Seery:

> It was determined by Daugherty and his Counsel that the Recordings should be produced after it had recently percolated up for review and discussion in connection with unrelated proceedings before the Bankruptcy Court . . . where Daugherty is now adverse to Seery and [Highland] in connection with Daugherty's proof of claim.

Winograd Dec. Exhibit 1, ¶ 17; *see also* Winograd Dec. Exhibit 2 at 105:12-14 (Daugherty admitting under oath that, in addition to the recordings he took of Seery on May 4, 2022, Daugherty has other secret recordings between himself and Seery). Daugherty further admits in his Response that he secretly recorded various "constituents" in the Bankruptcy Case, including Seery, because of "bitterness" and that such recordings are "conversations about Highland, HERA, Dondero (the former Highland CEO and founding partner), Okada (a former Highland founding partner), Ellington (the former Highland CEO), Leventon (the former Highland in-house litigator) and other ancillary litigation and miscellaneous other issues." Response ¶ 18. Daugherty also now admits that, notwithstanding several meet-and-confer calls with Highland's counsel regarding these discovery disputes, his counsel has "re-reviewed the audio recordings … and determined that one of the recordings contains a limited discussion of Daugherty's requests to Seery about HERA's books and records." Response ¶ 1 n. 2.

8. There is no dispute that since they first met in 2020 in connection with Highland's bankruptcy case, Daugherty's communications with Seery and other Highland personnel were limited to issues concerning the Bankruptcy Case, including the Reserved Claim, the

4

Counterclaim, the Settlement Agreement, and HERA matters. The conversations Daugherty secretly recorded of Seery or Highland's other personnel or constituents are plainly relevant to the claims and defenses asserted in the Adversary Proceeding and ***were made by Daugherty for potential use*** in future litigation such as this.

9. The Secret Recordings indisputably concern issues arising in the Bankruptcy Case among adverse parties. Moreover, Daugherty does not contend that production of the Secret Recordings would be burdensome or implicate any privilege issues. Accordingly, Daugherty fails to meet his burden of demonstrating that the Secret Recordings lack relevance or that the potential harm caused by disclosure "outweighs the ordinary presumption in favor of disclosure." *Kinney v. Select Portfolio Servs.*, 2015 WL 7871044, at *2 (S.D. Tex. Dec. 3, 2015); *see also Orchestratehr, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 506 (N.D. Tex 2016) (same).

10. Under the circumstances, the Secret Recordings come within the broad scope of relevance under Rule 26(b), and Daugherty should be compelled to disclose them.[4]

**B.    Information About Credibility Is Relevant and Discoverable Under Rule 26(b)(1)**

11. Daugherty fails to demonstrate that Highland is not entitled to obtain the Secret Recordings as evidence of Daugherty's credibility. Courts have routinely held that information bearing on a party's credibility falls within the broad scope of discovery under Rule 26(b)(1). *See, e.g.*, *Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) ("[F]acts bearing on the credibility of witnesses are relevant to the claims and defenses raised by the pleadings."); *Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 436-37 (D. Md. 2006) (noting that "[a] party must disclose impeachment evidence in response to a specific discovery request," and "the federal rules

---

[4] Indeed, even if certain evidence discovered pursuant to the Requests may ultimately prove to be inadmissible, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

promote broad disclosure during discovery so each party can evaluate the strength of its evidence and chances of success. This makes a trial less of a game of blind man's bluff and more of a fair contest.") (internal quotations omitted).

12. "This is because the information sought relates to the credibility of a witness whose testimony will be directed towards important issues in the case." *Behler*, 199 F.R.D. at 555. "Impeachment evidence is thus discoverable when relevant – in other words, when 'disclosure may reveal information affecting the credence afforded to a witness' trial testimony.'" *Murillo*, 2016 WL 6139096, at *9 (quoting *Davidson Pipe Co. v. Laventhol and Horwath*, 120 F.R.D. 455, 462 (S.D.N.Y. 2010)).

13. Daugherty's reliance on Federal Rule of Civil Procedure 26(a) in support of his argument that credibility or impeachment evidence need not be produced is misplaced. *See* Response ¶¶ 24. Rule 26(a) addresses a party's obligation to *automatically* disclose certain discovery, not the scope of discovery. *See* FED. R. CIV. P. 26(a)(1) and (3); *see also Driscoll v. Castellanos*, 2020 WL 7711869, at *7 (D.N.M. Dec. 29, 2020) ("Rule 26(a) is concerned with automatic disclosure of materials, not the scope of discovery.") (internal quotations omitted).

14. Although Rule 26(a) excepts from the parties' initial disclosure obligations information "solely for impeachment purposes," Rule 26(b) provides no similar exception. *Compare* FED. R. CIV. P. 26(a)(1)(B), (a)(3), *with* FED. R. CIV. P. 26(b)(1); *see also Murillo*, 2016 WL 6139096, at *9 ("Although the rules pertaining to initial and pretrial disclosures allows a party to withhold impeachment evidence, *see* FED. R. CIV. P. 26(a)(1) and (3), the rules regarding the discovery of evidence, *see* FED. R. CIV. P. 26(b), do not preclude impeachment materials from being subject to a discovery request.") (internal quotations omitted); *Baker*, 2021 WL 3378839, at *3 (rejecting defendants' arguments that discovery relating to impeachment need not be produced

in response to a discovery request, noting that defendants' reliance on Rule 26(a) is "misplaced"); *Papadakis v. CSX Transp., Inc.*, 233 F.R.D. 227, 228 (D. Mass. 2006) ("Rule 26(a) is concerned with automatic disclosure of materials, not the scope of discovery. . . . In contrast, Rule 26(b) governs the scope of discovery and does not exempt impeachment materials.") (internal quotations omitted); *Castellanos*, 2020 WL 7711869, at *7 ("Defendants appear to have mistakenly conflated their disclosure obligations with the scope of discovery. Defendants are correct that Rule 26(a) does not require them to *automatically disclose* pure impeachment evidence. . . . Nevertheless, such evidence is discoverable if it satisfies the requirements of Rule 26(b)(1) and is not otherwise privileged or protected."); *Karr v. Four Seasons Mar., Ltd.*, 2004 WL 797728, at *1 (E.D. La. Apr. 12, 2004) ("[N]othing in the Federal Rules permits a party to refuse to produce impeachment evidence that is responsive to an opponent's *discovery* requests. The only basis for withholding such evidence is found in Rule 26(a)(1) and (3). However, Rule 26(a) governs *disclosures* only, not discovery.").

15. Here, the Requests are not premised on the automatic disclosure requirements of Rule 26(a). Rather, Highland seeks the Secret Recordings pursuant to its written discovery Requests made under Rule 26(b). The Secret Recordings satisfy the broad scope of discovery under Rule 26(b)(1), which includes impeachment material, and are not otherwise privileged or protected. The Secret Recordings speak directly to Daugherty's credibility as a witness since they demonstrate Daugherty's propensity for deception.[5] The recordings also contain statements that Daugherty said to Seery that could undermine Daugherty's credibility as a witness to the extent Daugherty's statements in those recordings are inconsistent with his current position. Daugherty's

---

[5] Amazingly, it appears that Daugherty made or continued to make Secret Recording *after* he had been credibly sued for stalking and invasion of privacy in January 2022. *See Daugherty v. Ellington*, No. 05-22-00991-CV (Tex. App.—Dallas, Jan. 17, 2024) (affirming temporary injunction against Daugherty based on evidence supporting invasion of privacy).

Secret Recordings—which contain conversations that go to the heart of the issues in this matter and show Daugherty's propensity for deception—are plainly discoverable under the broad scope of Rule 26(b)(1).

16. Daugherty's reliance on *Eagle Railcar Services-Roscoe, Inc. v. NGL Crude Logistics, LLC*, 2018 WL 2317696 (N.D. Tex. May 22, 2018), is misguided as that case dealt only with whether impeachment evidence is subject to initial disclosure under Rule 26(a), which again, is not applicable here. Daugherty's remaining case cites do not support his argument and are inapplicable. *See Martin v. Long Island R.R. Co.*, 63 F.R.D. 53, 55 (E.D.N.Y. 1974) (granting motion to inspect photographs and movies before trial to allow counsel to effectively prepare for trial in FELA[6] case); *Blyther v. N. Lines, Inc.*, 61 F.R.D. 610 (E.D. Pa. 1973) (dealing with the extent to which a plaintiff may obtain surveillance films from defendant in a personal injury action before plaintiff's deposition).

17. Daugherty's contention that secretly recording Seery without his knowledge or consent was legal (*see* Motion ¶ 23) is irrelevant for present purposes. Whether Daugherty's secret and malicious recording of Seery without his knowledge or consent was legal (which Highland does not concede it was) has no bearing on whether this evidence is relevant and discoverable under Rule 26(b) and is not at issue in this Adversary Proceeding.[7]

18. Daugherty insists on concealing the supposedly "irrelevant" recordings to see if he can spring them on Highland at a later date ***in this proceeding***. *See* Response ¶ 25 (Daugherty stating that "if there are any inconsistent statements made during [Seery's] deposition, Daugherty

---

[6] Refers to Federal Employers' Liability Act.

[7] Although Daugherty baldly asserts that the telephone recording are legal because he was supposedly in Texas when he made them, Seery could have been in any number of places when he was secretly recorded, and secret telephone recordings are illegal in many jurisdictions to which Seery travels, including Connecticut where he has been frequently located throughout the Bankruptcy Case.

8

must produce any such recordings to Highland in order to be able to use those prior inconsistent statements at trial."). But for the reasons discussed, Daugherty's refusal to disclose this relevant, non-privileged information simply because Daugherty wishes to later use it to attack Seery's credibility is not permitted under the Federal Rules. *See Baker*, 2021 WL 3378839, at *4 ("The Court further rejects Defendants' argument that the discovery need not be produced if it will only be used for impeachment purposes at trial. Rule 26(b)(1) is defined by the claims and defenses in a case and not by a party's understanding of the nature or weight of the evidence."); *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 697 (6th Cir. 2001) ("[T]he recipient of a properly propounded document request must produce all responsive, non-privileged documents without regard to the recipient's view of how that information might be used at trial. A party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial.").

19. The Secret Recordings are plainly relevant and discoverable under Rule 26(b)(1). Accordingly, the Court should exercise its broad discretion and require the disclosure of the Secret Recordings.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) grant the Motion and (b) grant any other relief that the Court deems just and proper.

| | |
|---|---|
| Dated: January 8, 2026 | **PACHULSKI STANG ZIEHL & JONES LLP**<br>Jeffrey N. Pomerantz (CA Bar No. 143717)<br>John A. Morris (NY Bar No. 2405397)<br>Gregory V. Demo (NY Bar No. 5371992)<br>Hayley R. Winograd (NY Bar No. 5612569)<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 277-6910<br>Facsimile: (310) 201-0760<br>Email: jpomerantz@pszjlaw.com<br>    jmorris@pszjlaw.com<br>    gdemo@pszjlaw.com<br>    hwinograd@pszjlaw.com<br><br>-and-<br><br>**HAYWARD PLLC**<br><br>*/s/ Zachery Z. Annable*<br>Melissa S. Hayward<br>Texas Bar No. 24044908<br>MHayward@HaywardFirm.com<br>Zachery Z. Annable<br>Texas Bar No. 24053075<br>ZAnnable@HaywardFirm.com<br>10501 N. Central Expy, Ste. 106<br>Dallas, Texas 75231<br>Tel: (972) 755-7100<br>Fax: (972) 755-7110<br><br>*Counsel for Plaintiff/Counter-Defendant Highland Capital Management, L.P.* |

### CERTIFICATE OF SERVICE

I hereby certify that, on January 8, 2026, true and correct copies of the foregoing reply were served electronically via the Court's CM/ECF system upon all parties receiving electronic notice in this Adversary Proceeding.

    */s/ Zachery Z. Annable*
    Zachery Z. Annable