


**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 22, 2026**

_____
**United States Bankruptcy Judge**
_____


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § | Chapter 11 |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § | Case No. 19-34054-sgj11 |
| | § | |
| Reorganized Debtor. | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 25-03055-bwo |
| | § | |
| PATRICK HAGAMAN DAUGHERTY, | § | |
| | § | |
| Defendant. | § | |

**AGREED PROTECTIVE ORDER CONCERNING SUBPOENA TO**
**THIRD-PARTY HUNTON ANDREWS KURTH LLP**

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 6333 E. Mockingbird Lane, Suite 147 #5045, Dallas, TX 75214.

Plaintiff/Counter-Defendant Highland Capital Management, L.P. ("Plaintiff") and Defendant/Counter-Plaintiff Patrick Hagaman Daugherty ("Defendant" or "Daugherty") (collectively, the "Parties") anticipate that, pursuant to a subpoena issued by Plaintiff and served upon third-party Hunton Andrews Kurth LLP ("Hunton") on or about December 19, 2025 (the "Subpoena"), Hunton will produce certain Hunton Protected Material (as hereinafter defined) during the course of discovery in the above-captioned adversary proceeding (collectively, the "Action").[2] To facilitate production of the Hunton Protected Material, the Parties stipulate to and request that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Court enter this Agreed Protective Order Concerning Documents Produced by Hunton ("Protective Order"), setting forth the conditions for obtaining, treating, and using subpoenaed Hunton Protected Material.

1. **PURPOSES AND LIMITATIONS**

(a) Hunton Protected Material shall be used solely for the purpose of prosecuting claims and asserting defenses in the Action. Plaintiff and Defendant shall hold Hunton Protected Material in confidence in accordance with the terms and conditions set forth in this Protective Order. Hunton Protected Material shall not be used for any other purpose, and shall not be used or shown, disseminated, copied, or otherwise disclosed to anyone not entitled to such Hunton Protected Material as herein provided. Plaintiff and Defendant each shall take reasonable steps to limit access to Hunton Protected Material to those persons entitled to review it in accordance with the terms of

---

[2] Capitalized terms used and not defined herein have the meanings ascribed to such terms in the Subpoena.

this Protective Order.

(b) The Parties acknowledge that the protection the Protective Order affords from public disclosure and use extends only to the specific Hunton Protected Material produced by Hunton to Plaintiff in this Action, except to the extent this Protective Order is modified at a later date.

## 2. DEFINITIONS

(a) "Outside Counsel" means (i) outside counsel for a Party or its affiliates, as applicable, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such counsel to whom it is reasonably necessary to disclose the information in connection with the Action, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff.

(b) "Outside Expert or Consultant" means a person retained by Outside Counsel to serve as an expert witness or a litigation consultant in the Action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party.

(c) "Party" means any party to this Action, their respective affiliates and related entities, and its and their respective officers, directors (including, without limitation, any members of the Highland Claimant Trust Oversight Board), trustees (including, without limitation, the trustees of the Highland Claimant Trust), administrators (including, without limitation, the indemnity trust administrator of the

Highland Indemnity Trust), employees, consultants, agents, retained experts, and Outside Counsel and their support staffs.

(d) "Hunton Protected Material" means all Documents Hunton produces pursuant to the Subpoena that Hunton designates in writing or marks on the Document as Hunton Protected Material, which may include the following Documents and information, in each case, to the extent produced by or on behalf of Hunton to Plaintiff in this Action, all information contained therein, and all copies thereof: (i) Hunton's Communications with the Internal Revenue Service ("IRS," which shall include IRS Independent Office of Appeals and its employees and agents), including all attachments to the Communications, Concerning the 2008 Audit; and (ii) Hunton's Communications with Defendant, if produced, Concerning a substantive aspect of the IRS or Hunton's (on behalf of its client) thoughts, opinions, work product, positions, or arguments for the 2008 Audit, including all attachments to such Communications; provided, that, notwithstanding anything in this Protective Order to the contrary, "Hunton Protected Material" shall not include any information that is independently developed by Plaintiff or Defendant without use or reference to any Hunton Protected Material.

(e) "Hunton Counsel" means Hunton's undersigned counsel signing in consent of this Protective Order or Hunton's substitute counsel whom Hunton designates to the Parties' Outside Counsel.

(f) "Third Parties" means persons, organizations or entities who are not Plaintiff or Defendant in this Action.

**3.     SCOPE**

(a)     The protections conferred by this Protective Order apply to all Hunton Protected Material and any documents or information directly extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court that might reveal Hunton Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict Plaintiff or Defendant's disclosure or use for any purpose of their separately owned documents that otherwise may be contained in or be a part of produced Hunton Protected Material.

(c)     Nothing in this Protective Order shall be construed to prejudice any Party's right to use any Hunton Protected Material in any filing in the Action, provided the Party complies with the Protective Order and applicable rules regarding the filing of documents under seal.

**4.     ACCESS TO AND USE OF HUNTON PROTECTED MATERIAL**

(a)     <u>Basic Principles.</u> Hunton Protected Material shall be used as set forth herein below, and such use shall be solely for the purpose of prosecuting or defending any claims or defenses asserted in the Action or any related appellate proceeding. Hunton Protected Material shall not be distributed, disclosed, or made available to any persons, organizations or entities except as expressly provided in this Protective Order.

(b)     <u>Secure Storage.</u> Hunton Protected Material shall be maintained by the Parties and their respective Outside Counsel and Outside Expert or Consultants (collectively, "Protectors") using a degree of care that is no less stringent than that used

5

to protect Plaintiff and Defendant's own confidential information of a similar nature, which in any event, shall be no less than a reasonable degree of care, and Protectors shall take reasonable measures to protect the secrecy, and prevent any disclosure, of Hunton Protected Material in violation of this Protective Order. For the avoidance of doubt, the Parties acknowledge and agree that Hunton Protected Material may be stored and maintained on the Parties' data management systems and cloud-based services managed and maintained by Third Parties, and Hunton Protected Material may be transmitted to and from the Parties' respective email systems and the email addresses of their representatives.

(c)     <u>Legal Advice Based on Hunton Protected Material.</u> Subject to the restrictions of Section 5(b) above, this Protective Order does not prevent counsel from advising their clients with respect to the Action based in whole or in part upon any Hunton Protected Material, provided counsel does not disclose Hunton Protected Material except as permitted by this Protective Order.

(d)     <u>Third Party Discovery.</u> Nothing in this Protective Order shall limit or impair the ability of any Party to obtain and use Third Party discovery obtained from a Third Party other than Hunton.  Nothing in this Protective Order shall limit or impair Defendant's right to seek a protective order concerning any material produced by any third party in discovery in the Action that contains Defendant's tax or financial information.

(e)     This Protective Order is without prejudice to the right of any Party, the IRS, Hunton or Hunton's clients to seek further or additional protection of any Hunton

Protected Material or to modify this Protective Order in any way upon reasonable notice to all Parties, including to seek a protective order for any non-Hunton Protected Material produced by Hunton in response to the Subpoena.

    **5.**    **ADDITIONAL PROVISIONS RELATING TO HUNTON PROTECTED MATERIAL**

    (a)    Testimony given in deposition and in other pretrial or trial proceeding that specifically references Hunton Protected Material shall be indicated on the record as covered by this Protective Order. Only those portions of testimony that are appropriately designated shall be covered by this Protective Order.

    (b)    The use of a document as an exhibit at a deposition shall not affect its designation as Hunton Protected Material. Hunton Protected Material used during a deposition shall remain subject to the provisions of this Protective Order.

    (c)    Transcripts containing Hunton Protected Material shall have a conspicuous legend on the title page that the transcript contains Hunton Protected Material. If the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of this Protective Order in this matter or pursuant to written stipulation of the Parties and Hunton."

    **6.**    **NOTICE OF DISCLOSURE**

Before an Outside Expert or Consultant may receive Hunton Protected Material,

7

the Outside Expert or Consultant must sign the "Agreement to Be Bound by this Protective Order" (Exhibit A), a copy of which shall be provided to the Parties and Hunton's Counsel at the time the Parties must designate testifying experts under the scheduling order in the Action.

**7.     SUBPOENAS OR COURT ORDERS**

If Hunton Protected Material is subpoenaed by any non-party to the Action, court, arbitral, administrative, or legislative body, the subpoenaed Party (or its Outside Counsel or Outside Expert or Consultant, as the case may be) shall give prompt written notice thereof to the other Party, its Outside Counsel, and to Hunton Counsel. If Hunton does not take steps to prevent disclosure of such documents within seven (7) days of the date written notice is given, the subpoenaed Party may produce such Hunton Protected Material in response thereto, but shall take reasonable measures to have such documents treated in accordance with terms of this Protective Order.

**8.     FILING PROTECTED MATERIAL**

(a)     Absent written permission from Hunton or a court order secured after reasonable notice to Hunton, a Party may not file in the public record any Hunton Protected Material.

(b)     A Party is authorized under applicable rules to file, describe, or refer to Hunton Protected Material under seal in the Action.

**9.     INADVERTENT FAILURE TO DESIGNATE PROPERLY**

The inadvertent failure by Hunton to designate Hunton Protected Material shall not waive the protections afforded under this Protective Order; provided that Hunton

notifies the Parties that such Hunton Protected Material is protected under this Protective Order within seven (7) days of Hunton learning of the inadvertent failure to designate. Hunton shall reproduce the Protected Material with a designation within seven (7) days upon its notification to the Parties.

**10.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)    In the event of a disclosure of Hunton Protected Material to any person or persons not authorized to receive such disclosure under this Protective Order, the disclosing Protector shall promptly notify Outside Counsel for the non-disclosing Party and Hunton's Counsel and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Protector shall also promptly take reasonable measures to retrieve the unauthorized disclosed Hunton Protected Material and to take reasonable steps to prevent any further unauthorized disclosure of Hunton Protected Material.

(b)    In addition to subsection (a) above, the disclosing Protector shall also use reasonable efforts to seek to bind such person or party to the terms of this Protective Order and (a) such person shall be informed promptly of all the provisions of this Protective Order by and asked to return the information; (b) such person shall be identified to Hunton Counsel; and (c) the person to whom disclosure was made shall be requested to sign Exhibit A hereto. Nothing in this Paragraph shall affect Hunton's remedies under this Protective Order or otherwise for such unauthorized disclosure.

(c)    A Protector's unauthorized or inadvertent disclosure does not change the status of Hunton Protected Material or waive the right to hold the disclosed document or

9

information as Hunton Protected Material.

### 11. FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by Hunton, within sixty (60) days after a final termination of this Action by settlement or exhaustion of all appeals ("Final Disposition"), all Parties and Protectors in receipt of Hunton Protected Material shall exercise reasonable efforts to either return all such materials and copies thereof to Hunton or destroy such Hunton Protected Material and certify that fact in writing to Hunton's Counsel. Protectors' reasonable efforts shall not require the return or destruction of Hunton Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes and is overwritten in the normal course of business or (ii) is subject to legal hold obligations. Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports and attorney work product that contain or refer to Hunton Protected Material, provided that such counsel and employees of such counsel shall not disclose such Hunton Protected Material to any person, except pursuant to Court order. Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

### 12. DEPOSITION OF HUNTON

After production of Hunton documents, the Parties and Hunton shall confer in attempt to reach agreement about any deposition of Hunton pursuant to the Subpoena ("Hunton Deposition") in terms of necessity, date, time, manner, length, and topic

limitations, and each reserves its rights and objections regarding protection against or compelling of such for a Hunton Deposition.

**13. MISCELLANEOUS**

(a) Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by this Court on reasonable notice. By stipulating to this Protective Order, the Parties and Hunton do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of this Action. The Court shall retain jurisdiction after Final Disposition of this Action to hear and resolve any disputes arising out of this Protective Order.

(c) Successors. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party nor Hunton waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party nor Hunton waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(e)   Burdens of Proof. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Hunton Protected Material is confidential, whether disclosure should be restricted, and if so, what restrictions should apply.

(f)   Modification by Court. This Protective Order is subject to further court order based upon public policy or other considerations, and this Court may modify this Protective Order *sua sponte* in the interests of justice. The United States Bankruptcy Court for the Northern District of Texas is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Hunton Protected Material, however designated, produced under the protection of this Protective Order shall be resolved by the United States Bankruptcy Court for the Northern District of Texas.

(g)   Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, or this Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States Bankruptcy Court for the Northern District of Texas, or this Court's own orders.

(h)   Attorneys and witnesses are prohibited from arguing or implying at trial that a witness for a Party should have or could have received or reviewed information

protected by this Order if this Order prohibits that witness from receiving or reviewing such information.

### End of Order ###

**APPROVED AS TO FORM AND SUBSTANCE**:

| **COUNSEL FOR PLAINTIFF** | **COUNSEL FOR DEFENDANT** |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **GRAY REED** |
| | By: */s/ Andrew K. York* |
| Jeffrey N. Pomerantz (CA Bar No. 143717) | **Jason S. Brookner** |
| John A. Morris (NY Bar No. 2405397) | Texas Bar No. 24033684 |
| Gregory V. Demo (NY Bar No. 5371992) | **Andrew K. York** |
| Hayley R. Winograd (NY Bar No. 5612569) | Texas Bar No. 24051554 |
| 10100 Santa Monica Blvd., 13th Floor | **Joshua D. Smeltzer** |
| Los Angeles, CA 90067 | Texas Bar No. 24113859 |
| Telephone: (310) 277-6910 | **J. Reid Burley** |
| Email: jpomerantz@pszjlaw.com | Texas Bar No. 24109675 |
|       jmorris@pszjlaw.com | **Drake M. Rayshell** |
|       gdemo@pszjlaw.com | Texas Bar No. 24118507 |
|       hwinograd@pszjlaw.com | 1601 Elm Street, Suite 4600 |
| | Dallas, Texas 75201 |
| **HAYWARD PLLC** | Telephone: (214) 954-4135 |
| | jbrookner@grayreed.com |
| By: */s/ Zachery Z. Annable* | dyork@grayreed.com |
|    **Melissa S. Hayward** | jsmeltzer@grayreed.com |
|    Texas Bar No. 24044908 | rburley@grayreed.com |
|    **Zachery Z. Annable** | drayshell@grayreed.com |
|    Texas Bar No. 24053075 | |
|    10501 N. Central Expy., Suite 106 | |
|    Dallas, Texas 75231 | |
|    MHayward@HaywardFirm.com | |
|    ZAnnable@HaywardFirm.com | |

**COUNSEL FOR THIRD-PARTY HUNTON ANDREWS KURTH LLP**

**HUNTON ANDREWS KURTH LLP**

By: */s/ Gregory G. Hesse*
**Gregory G. Hesse**
Texas Bar No. 09549419
1445 Ross Avenue, Suite 3700
Dallas, Texas 75202
Telephone: (214) 468-3335
**W. Scott Locher**
Texas Bar No. 12457500
600 Travis Street, Suite 4200
Houston, Texas  77002
ghesse@hunton.com
slocher@hunton.com

## EXHIBIT A

I, _____, acknowledge and declare that I have received a copy of the Protective Order Regarding the Subpoena To Third-Party Hunton Andrews Kurth LLP ("Protective Order") in Adversary Proceeding No. 25-03055-bwo, *Highland Capital Management, L.P. v. Patrick Hagaman Daugherty,* in the United States Bankruptcy Court for the Northern District of Texas. Having read and understood the terms of the Protective Order, I agree to be bound by the terms of the Protective Order.

1. My business address is:
   _____

2. My present occupation or job description (including my title) is:
   _____

3. I will store and maintain Hunton Protected Material in a secure manner as set forth in the Protective Order and that ensures that access is limited to the persons authorized under this Protective Order.

4. Having read the Protective Order, I will comply with all its provisions, including those not explicitly set out in this signed undertaking.

5. I hereby submit to the jurisdiction of the United States Bankruptcy Court for the Northern District of Texas for the purpose of enforcement of this Protective Order.

6. I hereby agree to personally appear before the United States Bankruptcy Court for the Northern District of Texas for the purpose of enforcement of this Protective Order and/or for resolving any issue that might arise in connection with my involvement in this litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Signature: _____

099990.0000626 DMS 354382829v1