

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed January 26, 2026

United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| Highland Capital Management, L.P., | § § | Case No. 19-34054 |
| | § | Chapter 11 |
| Debtor. | § | |
| Highland Capital Management, L.P., | § § | |
| Plaintiff, | § § § | |
| v. | § | Adversary No. 25-03055 |
| Patrick Hagaman Daugherty, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's, Patrick Hagaman Daugherty ("Daugherty"), *Motion for Stay Pending Appeal* ("Stay Motion") [Dkt. No. 33].[1] The Stay Motion asks

---

[1] Unless otherwise stated, "Dkt. No." refers to the numbered docket entry in the Court's electronic case file for Adversary No. 25-03055.

1

the Court to stay this adversary proceeding pending Daugherty's appeal to the district court of this Court's *Order (A) Denying Patrick Daugherty's Motion to Dismiss and (B) Granting Highland Capital Management, L.P.'s Cross Motion for Relief from a Final Order Pursuant to Bankruptcy Rule 9024* [Dkt. No. 23]. On January 14, 2026, the Court held a hearing on the Stay Motion. Counsel for both Daugherty and Highland Capital Management, L.P. ("Highland") argued the merits of the Stay Motion; however, neither Daugherty nor Highland offered any evidence in support of their legal arguments. Because the Court finds that Daugherty did not satisfy his burden under prevailing Fifth Circuit precedent, the Court denies the Stay Motion.

## Jurisdiction

The Court has jurisdiction over the Stay Motion pursuant to 28 U.S.C. § 1334 and the Northern District of Texas's *Order of Reference of Bankruptcy Cases and Proceedings* Nunc Pro Tunc. Misc. Order No. 33 (N.D. Tex. Aug. 3, 1984). Consideration of the Stay Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this District and Division pursuant to 28 U.S.C. § 1409.

## Procedural History

The issues articulated in the Stay Motion arise well before the commencement of this adversary proceeding. First, the Court confirmed Highland's chapter 11 plan. Case No. 19-34054, Dkt. No. 1943. The plan provided for the creation of a Claimant Trust to be administered by its trustee, James P. Seery, Jr. *Id.* at 102, 122–24. The Claimant Trust was created on the effective date of the plan. *Id.* at 102, 122. The trust agreement provides that the Claimant Trust will dissolve upon resolution of all

Disputed Claims and Equity Interests, as defined in the plan, but no later than five years from the effective date of the plan.[2] *Id.* at 105, 128, 140; Case No. 19-34054, Dkt. No. 1656-2 at 34. The five-year period expires on August 11, 2026. Case No. 19-34054, Dkt. No. 4298.

Second, the Court approved a settlement between Highland and Daugherty. *Id.*, Dkt. No. 3298. As part of the settlement, Daugherty retained a contingent, unliquidated claim (the "Reserved Claim") against the bankruptcy estate related to Highland's 2008 tax return which remains under audit by the IRS. *Id.*, Dkt. No. 3089-1. Depending on the result of the IRS audit, Daugherty asserts he could incur a tax liability for which Highland has agreed to indemnify him. Highland and Daugherty agreed, as part of the settlement, to stay any litigation concerning the Reserved Claim until the IRS completed its audit. *Id.*

Unfortunately, the IRS audit does not appear to be complete, and completion does not appear to be on the horizon before the August 11, 2026, dissolution of the Claimant Trust. For this reason, Highland filed its complaint seeking to disallow Daugherty's Reserved Claim, to estimate Daugherty's Reserved Claim under 11 U.S.C. § 502, and, to the extent the Reserved Claim is allowed, to subordinate the Reserved Claim pursuant to 11 U.S.C. § 510(b). *See* Dkt. No. 1.

---

[2] The Claimant Trust Agreement provides for an initial period of three years, but the Court may extend the period for up to an additional two years. The Court has previously extended the three-year period to the maximum five-year period.

Because the settlement agreement provided for a stay of any litigation regarding the Reserved Claim, Daugherty filed his *Motion to Dismiss* this adversary proceeding under Rule 12(b)(6). Dkt. No. 5.

With its objection to the *Motion to Dismiss*, Highland moved for relief (the "Cross Motion") from the Court's order approving the settlement agreement pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Cross Motion asked the Court to strike from the settlement agreement the language preventing litigation of the Reserved Claim. Dkt. Nos. 9, 10.[3]

After considering the *Motion to Dismiss* and Highland's Cross Motion, the Court entered its order (the "Settlement Modification Order") denying the *Motion to Dismiss*, granting the Cross Motion, and striking the litigation stay language in the settlement agreement. Dkt. No. 23.

On September 19, 2025, Daugherty filed his *Notice of Appeal*. Dkt, No. 25. Pursuant to the Notice of Appeal, Daugherty appealed only the Court's Stay Modification Order "to the extent it granted relief under Rule 60(b)."[4] *Id.* at 2. Daugherty did not appeal the Court's denial of his *Motion to Dismiss*.

On September 26, 2025, Daugherty filed the Stay Motion seeking to stay this adversary proceeding pending Daugherty's appeal of the Settlement Modification Order.

---

[3] Because the objection responded to Daugherty's *Motion to Dismiss* and sought affirmative relief as part of Highland's Cross Motion, the pleading was docketed twice, once as the objection to the *Motion to Dismiss* and once as the Cross Motion.

[4] Bankruptcy Rule 9024 makes applicable to bankruptcy cases Rule 60 of the Federal Rules of Civil Procedure.

**Discussion**

Bankruptcy Rule 8007 provides the procedure for seeking a stay of a bankruptcy court's order or judgment pending its appeal. FED. R. BANKR. P. 8007. Typically, the appellant must move first in the bankruptcy court for a stay pending appeal. *Id.* 8007(a)(1)(A), (D). Granting a stay is left to the discretion of the court. *See Arnold v. Garlock*, 278 F.3d 426, 438 (5th Cir. 2001). And a stay pending appeal "is an extraordinary remedy." *Garcia Grain Trading Corp. v. Plascencia* (*In re Garcia Grain Trading Corp.*), No. 23-7002, 2025 WL 2730614, at *3 (Bankr. S.D. Tex. Sept. 24, 2025) (quoting *Smith v. Smith*, No. 6:21-CV-01244-ADA-DTG, 2022 WL 3566453, at *1 (W.D. Tex. July 1, 2022)).

In the Fifth Circuit, courts employ a four-part test to determine whether a stay pending appeal is merited. *See Arnold*, 278 F.3d at 438. The movant must show (1) a likelihood of success on the merits of the appeal; (2) irreparable harm to the movant if the stay is not granted; (3) lack of substantial harm to the non-moving parties if the stay is granted; and (4) benefit to the public interest if the stay is granted. *Id.* at 439–42; *Culwell v. Tex. Equip. Co.* (*In re Tex. Equip. Co.*), 283 B.R. 222, 226–27 (Bankr. N.D. Tex. 2002) (Jones, J., ret.).

> While each part must be met, the appellant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.

*Arnold*, 278 F.3d at 438–39 (citation modified). However, "if the balance of the equities (*i.e.*, consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood

5

of success on the merits" for the court to grant a stay. *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981).

The movant bears the burden to prove by a preponderance of the evidence that the stay is warranted. *See Garcia Grain*, 2025 WL 2730614, at *3; *Collier v. Hodge*, No. 15-CV-2119, 2015 WL 5016485, at *1 (W.D. La. Aug. 21, 2015). Here, Daugherty bears the burden to prove by a preponderance of the evidence that he is entitled to a stay of these proceedings.

    I.    *Likelihood of Success on the Merits*

Daugherty argues the issue on appeal—modification of the settlement agreement pursuant to Rule 60(b)—is a serious legal question for which he must only show a substantial case on the merits. Daugherty cites several cases which hold that a court should not modify agreements reached between the parties after free, calculated, and deliberate choices were made. *See* Dkt. No. 33 at 7–8. Daugherty asserts that the Court should not have modified the settlement agreement by striking the negotiated Reserved Claim litigation stay.

Highland argues that Daugherty cannot meet his burden to prove a likelihood of success on the merits for two reasons: (1) the Settlement Modification Order is interlocutory, and Daugherty failed to acquire leave to appeal an interlocutory order; and (2) Daugherty cannot show that the Court abused its discretion in granting the Cross Motion pursuant to Rule 60(b).

The Court disagrees with Highland that the Settlement Modification Order is an interlocutory order. Daugherty expressly appeals only the relief granted under

6

Rule 60(b). Dkt. No. 25 at 2. The Court granted the Cross Motion modifying its order approving the settlement agreement. The order approving the settlement agreement was a final order. Any modification of it would likewise be a final, appealable order. This Court believes the Settlement Modification Order is a final, appealable order.[5]

The Court does agree with Highland, though, that Daugherty failed to meet his burden to prove a likelihood of success on the merits. "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). Though Daugherty asserts modifying settlement agreements is disfavored, he failed to demonstrate how the Court abused its discretion when it balanced the Claimant Trust's impending dissolution deadline with the settlement agreement's litigation stay provision and determined to strike the litigation stay provision. Co-existence of these conflicting provisions does not appear possible considering the IRS audit may last several more years.

Further, Daugherty failed to establish how the Court's order striking the litigation stay provision constitutes a serious legal question. *See Garcia Grain*, 2025 WL 2730614, at *5 (finding movant failed to establish a substantial likelihood of success on its appeal because movant failed to support with evidence the argument that the sanction dispute was a serious legal question). "Serious legal questions have far-reaching effects or are matters of public concern that go well beyond the interests

---

[5] As discussed further in analyzing irreparable harm, the Court does agree with Highland that the Settlement Modification Order did not dispose of the adversary proceeding, which creates a problem for Daugherty to meet his burden of showing irreparable harm if the stay is not granted.

7

of the parties." *Hernandez v. Erazo*, No. 23-50281, 2023 WL 3175471, at *5 (5th Cir. May 1, 2023) (citation modified). A serious legal question does not exist just because the issue on appeal concerns whether the lower court correctly applied established legal standards to the facts of the case. *See id.* Therefore, even if Daugherty's argument is that the Court failed to follow the established law on modifying settlement agreements, it does not mean the issue on appeal constitutes a serious legal question.

Finally, as explained more fully below, Daugherty fails to meet the other factors for a stay. Even if the Court were to apply a more lenient standard for demonstrating a likelihood of success on the merits, the balance of the equities does not weigh heavily in favor of granting a stay. *See Arnold*, 278 F.3d at 439.

For these reasons, the Court finds Daugherty has failed to establish a likelihood of success on the merits.

## II. Irreparable Injury if the Stay is Not Granted

At the hearing, Daugherty's arguments about irreparable harm were two-fold. First, Daugherty alleges that litigating the claim will be costly and may not be necessary at all if the IRS does not issue any assessment under the 2008 audit. Second, Daugherty argues that he will not have any effective remedies if the litigation is not stayed because, if the Court disallows the Reserved Claim and the IRS issues an assessment for which Daugherty has additional tax liability, Daugherty will not have recourse for his payment of additional tax liability once Highland's plan is fully consummated.

8

Daugherty makes both these arguments without presenting any evidence to establish that either will cause irreparable harm to him if the Court does not grant the stay. Daugherty had the burden to prove by a preponderance of the evidence irreparable harm. He did not meet his burden.

Regardless of the lack of evidence of irreparable harm, the Court finds that Daugherty will not be irreparably harmed if the stay is not granted. First, Daugherty appealed only that portion of the Settlement Modification Order that disturbed the terms of the settlement agreement. Daugherty did not appeal the Court's denial of his *Motion to Dismiss*. If Daugherty is successful in his appeal, and the district court reverses the modification of the settlement agreement, it does not resolve or dismiss this adversary proceeding. Reversal will only result in the stay provision remaining in effect. Daugherty may either seek summary judgment on the same grounds he raised in his *Motion to Dismiss* or have a claim against Highland for breach of the settlement agreement. In either scenario, Daugherty will still be required to litigate in this adversary proceeding.

Second, under 11 U.S.C. § 502(c), Highland invokes the statutory process of estimating a contingent, unliquidated claim for allowance. Congress created this process for this exact situation—a contingent, unliquidated claim that needs to be liquidated to avoid undue delay in administering a bankruptcy case. The process affords Daugherty effective remedies.

This adversary proceeding is about whether the Reserved Claim should be allowed or disallowed. Daugherty is entitled to prove that the Reserved Claim should

9

be allowed, in what amount, and in what priority. He does not lose that right if a stay is not imposed. Further, Daugherty maintains his right to appeal any order or judgment finding the Reserved Claim is disallowed, allowed in a lesser amount than he believes is supported by evidence, or subordinated to other claims. Likewise, Highland set aside approximately $2.7 million to pay the Reserved Claim if it is allowed.[6] Thus, funds are available to pay Daugherty.

While Daugherty presumes the worst in his arguments, if this adversary proceeds to judgment in favor of Daugherty, then Daugherty may receive a windfall. Highland's counsel acknowledged that if the Court allows the Reserved Claim, Highland will be obligated to pay it even if the IRS does not issue an assessment causing Daugherty to pay additional tax liability.

For these reasons, Daugherty failed to show irreparable harm if the stay is not granted.

### III. *Lack of Substantial Harm to the Non-moving Parties if the Stay is Granted*

Daugherty argues that neither Highland nor other parties will be harmed if the stay is granted. Daugherty asserts that a stay would prevent "costly and time-consuming litigation that could prove to be an empty gesture depending on the results of the IRS'[s] audit." Dkt. No. 33 at 10. Daugherty likewise argues the stay simply maintains the bargain for which Highland negotiated and agreed to as part of the settlement agreement.

---

[6] During the hearing, Highland's counsel represented to the Court that $2.7 million is set aside as a reserve for the Reserved Claim.

Again, Daugherty makes these arguments without having presented any evidence to establish the lack of substantial harm to the non-moving parties. Daugherty had the burden to prove by a preponderance of the evidence a lack of substantial harm to Highland and others. He did not meet his burden.

While no evidence was presented by either party, it stands to reason that if a stay is imposed, then determination of the Reserved Claim will be further delayed.[7] Counsel for Daugherty and Highland were unable to give the Court a reasonable estimate as to when the IRS would issue a "final determination" of the 2008 audit.[8] Waiting until the IRS makes a "final determination" delays the administration of this bankruptcy case. As stated, Highland reserved funds to cover the Reserved Claim. If the Reserved Claim is less than the reserved funds, additional funds can be paid to other creditors; however, this cannot be done until the Reserved Claim is resolved. Resolution of the Reserved Claim benefits creditors, including Daugherty, as they can be paid what they are owed under the plan. The opposite is true as well—delay in resolving the Reserved Claim harms creditors.

For these reasons, Daugherty failed to show a lack of substantial harm to non-moving parties if the stay is granted.

IV. *Benefit to the Public Interest if a Stay is Granted*

Daugherty argues the public has an interest in assuring that courts uphold settlement agreements. Daugherty further asserts that a stay in this case promotes

---

[7] Trial in this adversary proceeding is currently scheduled for April 8, 2026.

[8] The Court notes that Highland's counsel argued that the IRS already issued a "final determination." Yet, no evidence of said "final determination" was submitted to the Court.

11

judicial economy.

The Court disagrees with Daugherty's arguments. As explained above, the Bankruptcy Code specifically provides for estimation of contingent, unliquidated claims. *See* 11 U.S.C. § 502(c). The public policy behind the estimation process is to orderly administer bankruptcy cases and to prevent undue delay in their administration. *See id.; In re Perry*, 425 B.R. 323, 381 (Bankr. S.D. Tex. 2010). Thus, a stay pending appeal does not benefit the public interest in this case.

Further, the issue on appeal is a two-party dispute. The modification of the settlement agreement only affects Daugherty and Highland. Reversal of the Settlement Modification Order does not bestow upon the public any greater rights or benefits.

The Court, likewise, does not find Daugherty's judicial economy argument persuasive. Even if the district court reverses the Settlement Modification Order, as set forth above, the adversary proceeding will continue. Daugherty did not appeal the Court's denial of the *Motion to Dismiss*. While Daugherty implies a reversal somehow resolves this adversary proceeding, the Court does not agree. Procedurally, Daugherty would have to seek summary judgment on his claim that the settlement agreement bars the litigation until a "final determination" by the IRS. Thus, the Court will still proceed with the adversary proceeding.

For these reasons, Daugherty failed to show that public interests favor imposition of a stay.

### Conclusion

Daugherty failed to meet his burden to prove he is entitled to a stay pending appeal of the Settlement Modification Order.

IT IS, THEREFORE, ORDERED that the Stay Motion is DENIED.

###End of Memorandum Opinion and Order###

United States Bankruptcy Court

Northern District of Texas

Highland Capital Management, L.P.,
    Plaintiff

Adv. Proc. No. 25-03055-bwo

Daugherty,
    Defendant

# CERTIFICATE OF NOTICE

District/off: 0539-3     User: admin     Page 1 of 2
Date Rcvd: Jan 26, 2026     Form ID: pdf023     Total Noticed: 4

The following symbols are used throughout this certificate:
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 28, 2026:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| ust | + Email/Text: ustpregion06.da.ecf@usdoj.gov | Jan 26 2026 21:25:00 | United States Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242-0996 |
| ust | + Email/Text: ustpregion07.au.ecf@usdoj.gov | Jan 26 2026 21:25:00 | United States Trustee - AU12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |
| ust | + Email/Text: USTPRegion07.SN.ECF@usdoj.gov | Jan 26 2026 21:25:00 | United States Trustee - SA12, US Trustee's Office, 615 E Houston, Suite 533, San Antonio, TX 78205-2055 |
| ust | + Email/Text: ustpregion07.au.ecf@usdoj.gov | Jan 26 2026 21:25:00 | United States Trustee - WA12, United States Trustee, 903 San Jacinto Blvd, Suite 230, Austin, TX 78701-2450 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| ust | *+ | United States Trustee - SA12, US Trustee's Office, 615 E Houston, Suite 533, San Antonio, TX 78205-2055 |

TOTAL: 0 Undeliverable, 1 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 28, 2026     Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

| | | |
|---|---|---|
| District/off: 0539-3 | User: admin | Page 2 of 2 |
| Date Rcvd: Jan 26, 2026 | Form ID: pdf023 | Total Noticed: 4 |

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 26, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Andrew K. York | on behalf of Defendant Patrick Hagaman Daugherty dyork@grayreed.com  slangley@grayreed.com |
| Andrew K. York | on behalf of Counter-Claimant Patrick Hagaman Daugherty dyork@grayreed.com  slangley@grayreed.com |
| Gregory V. Demo | on behalf of Counter-Defendant Highland Capital Management  L.P. gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com;lsc@pszjlaw.com |
| Gregory V. Demo | on behalf of Plaintiff Highland Capital Management  L.P. gdemo@pszjlaw.com, jo'neill@pszjlaw.com;ljones@pszjlaw.com;jfried@pszjlaw.com;ikharasch@pszjlaw.com;jmorris@pszjlaw.com;jpomerantz@pszjlaw.com;hwinograd@pszjlaw.com;kyee@pszjlaw.com;lsc@pszjlaw.com |
| Hayley R Winograd | on behalf of Plaintiff Highland Capital Management  L.P. hayleywinograd@gmail.com |
| Hayley R Winograd | on behalf of Counter-Defendant Highland Capital Management  L.P. hayleywinograd@gmail.com |
| Jeffrey Nathan Pomerantz | on behalf of Counter-Defendant Highland Capital Management  L.P. jpomerantz@pszjlaw.com |
| Jeffrey Nathan Pomerantz | on behalf of Plaintiff Highland Capital Management  L.P. jpomerantz@pszjlaw.com |
| Jeffrey Reid Burley | on behalf of Defendant Patrick Hagaman Daugherty rburley@grayreed.com  hpetrea@bellnunnally.com |
| Jeffrey Reid Burley | on behalf of Counter-Claimant Patrick Hagaman Daugherty rburley@grayreed.com  hpetrea@bellnunnally.com |
| John A Morris | on behalf of Plaintiff Highland Capital Management  L.P. jmorris@pszjlaw.com |
| John A Morris | on behalf of Counter-Defendant Highland Capital Management  L.P. jmorris@pszjlaw.com |
| Melissa S. Hayward | on behalf of Plaintiff Highland Capital Management  L.P. MHayward@HaywardFirm.com, mholmes@HaywardFirm.com |
| Zachery Z. Annable | on behalf of Plaintiff Highland Capital Management  L.P. zannable@haywardfirm.com, mholmes@haywardfirm.com |
| Zachery Z. Annable | on behalf of Counter-Defendant Highland Capital Management  L.P. zannable@haywardfirm.com, mholmes@haywardfirm.com |

TOTAL: 15