PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 2405397) (*admitted pro hac vice)*
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
Hayley R. Winograd (NY Bar No. 5612569) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for Highland Capital Management, L.P.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § § | |
| Plaintiff, | § § | Adv. Proc. No. 25-03055-sgj |
| v. | § § | |
| PATRICK HAGAMAN DAUGHERTY, | § § § | |
| Defendant. | § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

4901-8334-7030.6 36027.003

DEFENDANT'S
EXHIBIT

**5**

25-03055

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S (A) OBJECTION TO PATRICK
DAUGHERTY'S MOTION TO DISMISS AND (B) CROSS MOTION FOR RELIEF
FROM A FINAL ORDER PURSUANT TO BANKRUPTCY RULE 9024**

Highland Capital Management, L.P., the reorganized debtor ("Highland" or the "Debtor"

as applicable) in the above-captioned chapter 11 case (the "Bankruptcy Case") and the plaintiff

in the above-captioned adversary proceeding (the "Adversary Proceeding"), files this (*A*)

*Objection to Patrick Daugherty's Motion to Dismiss, and (B) Cross Motion for Relief from a*

*Final Order Pursuant to Bankruptcy Rule 9024* (the "Objection" or the "Cross Motion," as the

case may be) in response to the *Motion to Dismiss* [Adv. Pro. Docket No. 5] (the "Motion") filed

by Patrick Daugherty ("Daugherty" and together with Highland, the "Parties"). In support of its

Objection and Cross Motion, Highland respectfully states as follows:

**PRELIMINARY STATEMENT[2]**

1.      Highland commenced this action to disallow, estimate, and/or subordinate,

Daugherty's remaining unliquidated, contingent claim based on an IRS tax refund that

Daugherty admittedly received for the 2008 tax year.  Daugherty claims that nearly 16 years after

receiving his tax refund based on losses related to his Highland Partnership Interests, the Debtor

must make him whole if that tax refund is ever successfully challenged by the IRS. In response,

relying solely on the Stay Provision, Daugherty moves to dismiss the action as "premature"

---

[2] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings below or as ascribed
in Highland's *Complaint for (1) Disallowance of Claim No. 205 in its Entirety, (2) Estimation of Claim No. 205 for
Allowance Purposes, or (3) Subordination of Any Allowed Portion of Claim No. 205 of Patrick Hagaman Daugherty*
(Adv. Pro. Docket No. 1) (the "Complaint").

4901-8334-7030.6 36027.003                                    1

because there has not been a "final determination of the IRS Audit Dispute."[3] The Motion should be denied.

2.     Based on available information, Highland believes that the "IRS [made] a final determination with respect to the IRS Audit Dispute" such that the Stay Provision does not apply. Daugherty disagrees, contending that his Reserved Claim cannot be adjudicated until there is a "final determination of the IRS Audit Dispute."[4] In Daugherty's view, a "final determination" will not occur until (at least) all appeals are exhausted.[5]

3.     Rather than wade into the thicket of arcane tax regulations, the most efficient path here is for the Court to simply grant Highland's Cross Motion, strike the Stay Provision from the Settlement Agreement pursuant to Rule 60(b)(6), and deny the Motion.[6] Courts have broad discretion under Rule 60(b)(6) to relieve a party from a final order for "any [] reason that justifies relief." In light of unforeseen circumstances, the Court should use its "grand reservoir of equitable power" under Rule 60(b)(6) to achieve justice by striking the Stay Provision from the Court-approved Settlement Agreement.[7]

4.     Since the Parties signed the Settlement Agreement in November 2021, Highland has taken substantial steps to implement its Plan, including monetizing assets, resolving general unsecured claims and interests, and making distributions to Claimant Trust Beneficiaries.

---

[3] Motion ¶7. Daugherty's alternative request that the Court "stay this adversary proceeding until the Debtor's IRS Dispute is fully and finally resolved" (*Id*. ¶18) should be denied because (a) it is conflicts with the Stay Provision, and (b) as discussed below, would cause the Highland Bankruptcy Case to remain open indefinitely.

[4] Motion ¶7.

[5] Motion ¶¶13-14. Daugherty even leaves open the possibility that a "final determination" may not occur "[e]ven at the conclusion of all court proceedings" unless the IRS takes certain action. *Id*. ¶14.

[6] Highland believes that a review of the facts in the context of the thicket of tax regulations would result in a finding that the IRS has made a "final determination with respect to the IRS Audit Dispute." However, Highland makes the Cross Motion in the interests of judicial economy as a far simpler approach and because the relief requested is warranted under the facts and applicable law.

[7] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) ("Rule 60(b) is 'a grand reservoir of equitable power to do justice'") (quoting *Menier v. United States*, 405 F.2 245, 248 (5th Cir. 1968)).

Indeed, Highland has accomplished so much since the Settlement Agreement was signed that it substantially needs only to (a) resolve Daugherty's Reserved Claim, (b) monetize a "limited number of assets," and (c) fix the limited amount of several Class 11 interests before it can begin the dissolution process.[8]

5.    No one foresaw more than three and a half years ago that (a) Daugherty's Reserved Claim would remain unresolved at this time, (b) Daugherty would baselessly contend that a "final determination of the IRS Audit Dispute [was] a condition precedent to resolution of" his Claim, or (c) the resolution of Daugherty's Reserved Claim would be among the last things to be done before Highland could commence the dissolution process. The operative Trust Agreements prove as much.[9] Regardless of how the Stay Provision is interpreted, Highland could not and did not agree to leave this Bankruptcy Case open indefinitely, and the Stay Provision was never intended to prevent Highland from dissolving until Daugherty's Reserved Claim was finally determined. Based on unforeseen circumstances, justice requires that the Court use its equitable power to strike the Stay Provision.[10]

6.    Daugherty will not be prejudiced by the granting of Highland's Cross-Motion because he will be in the same position he would have been in had Highland objected to his Reserved Claim back in 2021.

---

[8] *See Motion for an Order Further Extending Duration of Trusts*, [Bankr. Docket No. 4213] ("Extension Motion") ¶¶2, 12; *Patrick Daugherty's Objection to Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019 And 11 U.S.C. § 363 Approving Settlement with the HMIT Entities and Authorizing Actions Consistent Therewith* [Bankr. Docket No. 4229] ¶12 (acknowledging that Daugherty holds the last remaining unresolved claim against the estate).

[9] The best evidence that no one expected the IRS to need more than five years to make a "final determination," or that the Stay Provision could effectively prevent the commencement of the dissolution process, is Section 9.1 of the Claimant Trust and Litigation Sub-Trust Agreements, both of which contemplate dissolution within five years of the Plan's effective date. Extension Motion ¶9. Pursuant to the Court's recent order, the duration of the Trusts has been extended only until August 11, 2026, five years from the Plan's effective date.  Bankr. Docket No. 4298.

[10] Bankruptcy Code section 502(c)(1) expressly authorizes the Court to estimate for allowance purposes "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, *would unduly delay administration of the estate*." 11 U.S.C. § 502(c)(1) (emphasis added). Granting Highland's Cross Motion will enable the Court to effectuate this statutory provision exactly as intended.

7.     Finally, if the Court decides that the IRS has not made a final determination *and* denies the Cross Motion, the Court should grant the Motion and dismiss the Complaint without prejudice, subject to (a) a further extension of the claim objection deadline through February 1, 2026,[11] and (b) Highland's right to re-file the Complaint between January 1, 2026 and January 31, 2026, together with a renewed motion under Rule 60(b)(6) (if necessary) so that they can be adjudicated and Highland's dissolution process can commence before August 11, 2026.

### JURISDICTION AND VENUE FOR HIGHLAND'S CROSS MOTION

8.     This Court has jurisdiction over Highland's Cross Motion under 28 U.S.C. §§ 157 and 1334 and the retention of jurisdiction provisions of Article XI of the Plan. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

**A.     The Parties' Agreement Concerning Daugherty's Reserved Claim**

9.     Daugherty's operative proof of claim is Claim 205. Claim 205 included a purported tax claim for $1,475,816 of "Compensation Award" plus $1,174,537 of "Estimated Interest", for a total of $2,650,353.  Highland and Daugherty later agreed that Highland would reserve Daugherty's asserted amount of $2,650,353, subject to Highland's right to assert any and all defenses as further described below.

10.     On December 8, 2021, the Debtor filed the Settlement Motion by which it sought approval of that certain *Settlement Agreement* entered into between Highland and Daugherty (the

---

[11] Highland's deadline to object to Daugherty's Reserved Claim was extended through June 30, 2025, pursuant to a Tolling Agreement dated as of July 27, 2022, as amended.  *See* Bankr. Docket No. 4255, Exhibits 60-63.

"Settlement Agreement"). Morris Exhibit 1.[12] On March 8, 2022, the Court entered the Settlement Order, granting the Settlement Motion and resolving all of Claim 205 other than Mr. Daugherty's claim related to the 2008 IRS Refund that he received (*i.e.*, the Reserved Claim, as defined in the Settlement Agreement).

11.     In paragraph 9 of the Settlement Agreement, (a) Highland expressly "reserve[d] the right to assert any and all defenses" to the Reserved Claim, and (b) the parties agreed that "[a]ny litigation by and between the Debtor and Daugherty concerning the validity and amount of the Reserved Claim shall be stayed *until the IRS makes a final determination* with respect to the IRS Audit Dispute." Morris Exhibit 1 ¶9 (the "Stay Provision") (emphasis added).

**B.     Highland Concludes the IRS Made a "Final Determination"**

**12.**     While employed by the Debtor, Daugherty received Partnership Interests in the Debtor and became one of the Debtor's limited partners.[13]  As a partner in Highland, Daugherty was allocated partnership gains and losses pursuant to Highland's limited partnership agreement. For tax purposes, as a partner, each year Daugherty received a Schedule K-1 (IRS Form 1065) reflecting the gains and losses allocated to his Partnership Interests for a particular tax year.

13.     On February 27, 2009, the Debtor gave Daugherty a *Comprehensive Compensation and Benefits Statement* recapping all earnings, awards, and benefits Daugherty received in connection with his employment by and Partnership Interests in the Debtor during calendar year 2008 (the "2009 Statement").

---

[12] "Morris Exhibits" refer to the exhibits annexed to the *Declaration of John A. Morris in Support of Highland's (A) Objection to Patrick Daugherty's Motion to Dismiss, and (B) Cross Motion for Relief from a Final Judgment Pursuant to Bankruptcy Rule 9024(b)* being filed contemporaneously with this Objection and Cross Motion.

[13] On October 31, 2011, Daugherty terminated his employment with Highland. Pursuant to the express conditions of his Employment Agreement, Daugherty acknowledged and agreed that the Debtor would "have no further liability or obligation to [Daugherty] under [the Employment Agreement] or in connection with his/her employment of termination."

14.     The 2009 Statement included what Highland estimated to be the tax refund Daugherty could expect to receive for tax year 2008 in the amount of $1,475,816 (the "2008 Refund"). That amount purported to be an estimate of the pre-tax equivalent refund that Daugherty should have expected to receive from the IRS on account of the Highland losses attributable to his Partnership Interests for the 2008 tax year.  Daugherty recently admitted that the IRS paid him a tax refund "on a net basis of just under $1.2 million."[14]

15.     After all of the obligations to Daugherty under the 2009 Statement were satisfied, the IRS began an audit of Highland's 2008 tax return (the "2008 Audit").[15]  Highland recently also found information suggesting that the "IRS [made] a final determination with respect to the IRS audit dispute."

16.     Specifically, on February 3, 2018, Daugherty was (a) advised that the IRS field examiners had "concluded their audit," (b) informed that his allocable Portfolio income/short term gain was determined to be $1,257,792 (Form 886-Z), representing an adjustment (increase) of $1,231,361 (the "Adjustment"), and (c) given the opportunity to accept the IRS' determination and avoid penalties and further interest. (Form 870-PT).  The Adjustment does not represent incremental tax owed, but rather incremental income that would be subject to tax at the applicable tax rate.  Morris Exhibits 2-4, respectively.

17.     Daugherty apparently decided not to accept the IRS' proposed adjustments and thereby accepted the risk that the IRS might impose penalties and interest on his allocable income/gain.

---

[14] *See* Transcript from June 25, 2025 hearing filed at Docket No. 4296 at 156.

[15] Strand Advisors, Inc. ("Strand") is the pre-petition debtor's tax matters partner for purposes of defending the 2008 Audit. Control of Strand reverted to James Dondero—the Debtor's ousted founder—in 2021, and the Debtor has had no role in the 2008 Audit since then.

18.      Upon information and belief, the Adjustment has not changed since 2018 such that Daugherty's maximum tax underpayment exposure is equal to the highest individual income tax rate at the time (37%) times the income Adjustment, or about $455,000.[16]

19.      Daugherty seeks to avoid adjudication of his Reserved Claim by asserting that this action is barred by the Stay Provision since there has not been (and may never be) a "final determination of the IRS Audit Dispute." *See generally* Daugherty's Motion.

C.      **The Highland Bankruptcy Is Nearly Complete and the Highland Claimant Trust Is Expected to Commence the Dissolution Process Before August 11, 2026**

20.      Daugherty's quest for an indefinite stay of litigation to finally resolve his Reserved Claim is untenable for at least the following reasons: (a) by its terms, the Stay Provision is tied to the *IRS' final determination* with respect to the Audit Dispute, not the "final determination of the IRS Audit Dispute," as Daugherty contends; (b) Section 9.1 of the Trust Agreements shows that Highland's dissolution was expected to commence within five years of the effective date of the Plan, but can only occur after, among other things, all disputed claims are resolved; and (c) if Daugherty's interpretation of the Stay Provision is correct (and it is not), this case will remain open indefinitely at considerable cost to the Claimant Trust and its stakeholders.

21.      It is indisputable Highland substantially needs only to (a) resolve Daugherty's Reserved Claim, (b) monetize a "limited number of assets," and (c) fix the limited amount of several Class 11 interests before it can begin the dissolution process. *See supra* ¶4 and n.7. It is also indisputable that the disputes regarding the IRS Audit are unlikely to be completed for years. *See* Motion ¶1.

---

[16] This (a) does not take into account Highland's causes of action for disallowance and/or subordination and (b) conflicts with Daugherty's recent testimony that the IRS Audit could result in the imposition of millions of dollars in taxes, penalties, and interest that threaten to leave him bankrupt.

4901-8334-7030.6 36027.003                7

22.     Thus, awaiting "a final determination of the IRS Audit" (or even the IRS' final determination if this Court finds that no such determination has yet been made) will unduly delay the administration of the Highland estate, including the anticipated commencement of Highland's dissolution process before August 11, 2026.

## RELIEF REQUESTED ON CROSS MOTION

23.     Pursuant to Bankruptcy Rule 9024(b)(6) ("Rule 60(b)(6)"), Highland files this Cross Motion and requests that the Court modify the Settlement Order to provide that the Stay Provision is stricken from the Settlement Agreement.

24.     Courts have repeatedly observed that Rule 60(b)(6) "should be liberally construed" and that courts have broad discretion to grant relief under that provision to accomplish justice. *See*, *e.g.*, *Celtic Marine Corp. v. James C. Justice Cos.*, 593 F. App'x 300, 303 (5th Cir. 2014) ("Clause (6) is a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances … the rule should be liberally construed in order to achieve substantial justice") (quoting *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 303 (5th Cir. 2007)); *Lindy Invs. v. Shakertown 1992, Inc.*, 360 F. App'x 510 (5th Cir. 2010) (granting Rule 60(b)(6) motion and observing that "the discretion under 60(b)(6) is said to be especially broad because relief may be granted under it when appropriate to accomplish justice.'") (quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.3d 1453, 1458 (5th Cir. 1992); *Seven Elves*, 635 F.2d at 401-02 (Rule 60(b)(6) "should be liberally construed in order to do substantial justice" and is 'a grand reservoir of equitable power to do justice'"); *In re Strudel Holdings LLC*, 656 B.R. 404 (Bankr. S.D. Tex. 2024 (granting Rule 60(b)(6) motion to amend sale order to modify the closing date based on unforeseen circumstances).

25.      This is an easy case. Highland's dissolution is intended to commence by August 11, 2026, and was never dependent on the resolution of Daugherty's Reserved Claim the adjudication of which is plainly contemplated by Bankruptcy Code section 502(c).  The Court should grant the Cross Motion so as not to indefinitely delay the conclusion of Highland's Bankruptcy Case and dissolution of the Claimant Trust.

## CONCLUSION

WHEREFORE, Highland respectfully requests that the Court (a) deny the Motion and grant the Cross Motion; (b) alternatively, grant the Motion and dismiss the Complaint without prejudice, subject to (i) a further extension of the claim objection deadline through February 1, 2026, and (ii) Highland's right to re-file the Complaint between January 1, 2026 and January 31, 2026, together with a renewed motion under Rule 60(b)(6) (if necessary) so that they can be adjudicated and Highland's dissolution process can commence before August 11, 2026; and (c) grant Highland such further and additional relief as it may justly be entitled.

*[REMAINDER OF PAGE INTENTIONALLY BLANK]*

4901-8334-7030.6 36027.003                                    9

Dated: July 18, 2025.                    **PACHULSKI STANG ZIEHL & JONES LLP**
                                         Jeffrey N. Pomerantz (CA Bar No. 143717)
                                         John A. Morris (NY Bar No. 2405397)
                                         Gregory V. Demo (NY Bar No. 5371992)
                                         Hayley R. Winograd (NY Bar No. 5612569)
                                         10100 Santa Monica Blvd., 13th Floor
                                         Los Angeles, CA 90067
                                         Telephone: (310) 277-6910
                                         Facsimile: (310) 201-0760
                                         Email: jpomerantz@pszjlaw.com
                                                 jmorris@pszjlaw.com
                                                 gdemo@pszjlaw.com
                                                 hwinograd@pszjlaw.com

                                         -and-

                                         **HAYWARD PLLC**

                                         */s/ Zachery Z. Annable*
                                         Melissa S. Hayward
                                         Texas Bar No. 24044908
                                         MHayward@HaywardFirm.com
                                         Zachery Z. Annable
                                         Texas Bar No. 24053075
                                         ZAnnable@HaywardFirm.com
                                         10501 N. Central Expy, Ste. 106
                                         Dallas, Texas 75231
                                         Tel: (972) 755-7100
                                         Fax: (972) 755-7110

                                         *Counsel for Highland Capital Management, L.P.*

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, on July 18, 2025, counsel for Highland, John Morris, conferred with counsel for Daugherty, Drew York, regarding the relief requested in the foregoing Cross Motion. Daugherty is **OPPOSED** to the relief requested in the Cross Motion.

                                          */s/ Zachery Z. Annable*
                                           Zachery Z. Annable

4901-8334-7030.6 36027.003                      10

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,[1] | § § § | Case No. 19-34054-sgj11 |
| Reorganized Debtor. | § § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P., | § | |
| Plaintiff, | § § § | Adv. Proc. No. 25-03055-sgj |
| v. | § § | |
| PATRICK HAGAMAN DAUGHERTY, | § § | |
| Defendant. | § § | |

---

[1] Highland's last four digits of its taxpayer identification number are (8357). The headquarters and service address for Highland is 100 Crescent Court, Suite 1850, Dallas, TX 75201.

**ORDER (A) DENYING PATRICK DAUGHERTY'S MOTION TO DISMISS AND (B)
GRANTING HIGHLAND CAPITAL MANAGEMENT, L.P.'S CROSS MOTION FOR
RELIEF FROM A FINAL ORDER PURSUANT TO BANKRUPTCY RULE 9024**

Having considered (i) the *Motion to Dismiss* [Adv. Pro. Docket No. 5] (the "Motion")

filed by Patrick Daugherty ("Daugherty") and (ii) the *(A) Objection to Patrick Daugherty's*

*Motion to Dismiss, and (B) Cross Motion for Relief from a Final Order Pursuant to Bankruptcy*

*Rule 9024* (the "Objection" and the "Cross Motion," as appropriate)[2] filed by Highland Capital

Management, L.P., the Court finds and concludes that:  (i) the Court has jurisdiction to consider

the Motion, the Objection, and the Cross Motion under 28 U.S.C. §§ 157 and 1334 and the

retention of jurisdiction provisions of Article XI of the Plan; (ii) consideration of the Motion, the

Objection, and the Cross Motion is a core proceeding under 28 U.S.C. § 157(b)(2); (iii) venue is

proper in this district under 28 U.S.C. §§ 1408 and 1409; and (iv) the legal and factual bases set

forth in the Objection and the Cross Motion establish good cause for the relief granted herein.

Accordingly, it is hereby **ORDERED THAT**:

1.    The Motion is **DENIED** in its entirety.

2.    The Cross Motion is **GRANTED** in its entirety.

3.    Pursuant to Bankruptcy Rule 9024(b)(6), the Settlement Order is hereby modified

to provide that the Stay Provision is stricken from the Settlement Agreement.

4.    The Court shall retain exclusive jurisdiction to hear and determine all matters and

disputes arising from the interpretation and implementation of this Order.

###End of Order###

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Objection
and Cross Motion.