**FIRST AMENDMENT TO THE**
**SECOND AMENDED AND RESTATED**
**AGREEMENT OF LIMITED PARTNERSHIP**
**OF**
**HIGHLAND CAPITAL MANAGEMENT, L.P.**
**A Delaware Limited Partnership**

This First Amendment to the Second Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., a Delaware limited partnership (this "*Amendment*") is made and entered into to be effective as of the 15th day of April, 2006 (the "*Effective Date*"), by the General Partner of Highland Capital Management, L.P.

WITNESSETH:

WHEREAS, the General Partner of Highland Capital Management, L.P., a Delaware limited partnership (the "*Partnership*") acting pursuant to that Second Amended and Restated Agreement of Limited Partnership of Highland Capital Management, L.P., dated to be effective as of February 29, 2004, as amended (the "*Agreement*"), desires to amend the Agreement as set forth herein (except as otherwise provided herein, all capitalized terms used herein shall have the meaning set forth in the Agreement);

WHEREAS, pursuant to Section 3.7(f) of the Agreement, the General Partner "booked-up" the Capital Accounts of the Partners as of January 1, 2006, and the General Partner desires to make certain other revisions to the Agreement associated therewith;

WHEREAS, pursuant to Section 4.4(a) and 4.4(b) of the Agreement, the General Partner has the right to authorize the issuance of Partnership Interests to new and existing Limited Partners, and on February 28, 2005, the Partnership issued the following Partnership Interests that are treated as "profits interests" for federal income tax purposes to the following Persons who agreed to provide services to the Partnership:  (i) a 0.071% interest as a Limited Partner to Bradford Borud; (ii) a 0.109% interest as a Limited Partner to Patrick Daugherty; (iii) a 0.089% interest as a Limited Partner to David Deadman; (iv) a 0.103% interest as a Limited Partner to R. Joseph Dougherty; (v) a 0.100% interest as a Limited Partner to Paul Kauffman; (vi) a 0.095% interest as a Limited Partner to John Morgan; (vii) a 0.077% interest as a Limited Partner to Kurtis Plumer; (viii) a 0.174% interest as a Limited Partner to James Pope; (ix) a 0.131% interest as a Limited Partner to Todd A. Travers; (x) a 0.072% interest as a Limited Partner to David Walls; and (xi) a 0.0370% interest as a Limited Partner to John Yang;

WHEREAS, pursuant to Section 19 of the Amended and Restated Buy-Sell and Redemption Agreement among the Partnership and its Limited Partners, dated December 31, 2004, as amended, the General Partner has the authority to cause the Partnership to redeem the Partnership Interests of certain Limited Partners, and effective July 15, 2005, the Partnership desires to redeem a portion of the Partnership Interests of certain Limited Partners as follows:  (i) a 0.037% interest as a Limited Partner from Bradford Borud; (ii) 0.127% interest as a Limited Partner from David Deadman; (iii) a 0.075% interest as a Limited Partner from John Morgan; (iv) 0.101% interest as a Limited Partner from Kurtis Plumer, (v) a 0.038% interest as a Limited Partner from Todd Travers, and (vi) a 0.041% interest as a Limited Partner from David Walls;

WHEREAS, on February 28, 2006, the Partnership issued the following Partnership Interests that are treated as "profits interests" for federal income tax purposes to the following Persons who agreed to provide services to the Partnership:  (i) a 0.032% interest as a Limited Partner to Bradford Borud; (ii) a 0.053% interest as a Limited Partner to Patrick Daugherty; (iii) a 0.007% interest as a Limited Partner to David Deadman; (iv) a 0.038% interest as a Limited Partner to R. Joseph Dougherty; (v) a 0.027% interest as a Limited Partner to Paul Kauffman; (vi) a 0.077% interest as a Limited Partner to John Morgan; (vii) a 0.045% interest as a Limited Partner to Kurtis Plumer; (viii) a 0.078% interest as a Limited Partner to James Pope; (ix) a 0.070%

DEFENDANT'S
EXHIBIT

**12**

25-03055

DAUGHERTY ROGS01407735

interest as a Limited Partner to Todd A. Travers; (x) a 0.068% interest as a Limited Partner to David Walls; and (xi) a 0.383% interest as a Limited Partner to John Yang;

WHEREAS, the Partnership shall continue under the terms of the Agreement as amended pursuant to this Amendment.

NOW, THEREFORE, BE IT RESOLVED, the parties hereto hereby agree as follows:

1. The following new Section 3.7(h) shall be added:

"(h)    Capital Accounts for Each Partner

(i)    The Partners hereby acknowledge that, on February 28, 2005, the Partnership "booked-up" the Capital Account of each Partner to its fair market value, and the resulting increase or decrease in the Capital Accounts of each Partner was treated as a Code Section 704(c) item. As of February 28, 2005, the "book" Capital Account for each Partner is set forth below:

| | |
|---|---:|
| Strand Advisors, Inc. | $4,357,636 |
| Brad Borud | $1,014,920 |
| The Canis Minor Trust | $43,576,358 |
| Patrick Daugherty | $2,037,360 |
| Davis Deadman | $1,825,134 |
| James D. Dondero | $37,432,237 |
| R. Joseph Dougherty | $1,842,317 |
| The Get Good Trust | $52,291,629 |
| The Get Better Trust | $189,164,823 |
| Paul Kauffman | $1,306,761 |
| The Mark and Pamela Okada Family Trust-Exempt #1 | $30,503,450 |
| The Mark and Pamela Okada Family Trust-Exempt #2 | $13,072,907 |
| John Morgan | $942,659 |
| Mark K. Okada | $65,064,537 |
| Kurtis Plumer | $1,427,214 |
| Todd A. Travers | $2,092,963 |
| David Walls | $681,060 |
| John Yang | $1,366,035 |
| **TOTAL** | **$450,000,000** |

(ii)    The Partners hereby acknowledge that, on January 1, 2006 (after the Partnership's issuance of Partnership Interests to Profits Interest Partners on February 29, 2005 and after the redemption of a portion of the Partnership Interests of certain Limited Partners on July 15, 2005), the Partnership "booked-up" the Capital Account of each Partner to its fair market value, and the resulting increase or decrease in the Capital Accounts of each Partner was treated as a Code Section 704(c) item. As of January 1, 2006, the "book" Capital Account for each Partner is set forth below:

2

DAUGHERTY ROGS01407736

| | |
|---|---|
| Strand Advisors, Inc. | $6,474,644 |
| Brad Borud | $1,682,961 |
| The Canis Minor Trust | $63,511,297 |
| The Canis Major Trust | $65,519,123 |
| Patrick Daugherty | $3,722,129 |
| Davis Deadman | $2,585,996 |
| R. Joseph Dougherty | $3,379,045 |
| The Get Good Trust | $76,095,479 |
| The Get Better Trust | $264,739,621 |
| Paul Kauffman | $2,463,611 |
| The Mark and Pamela Okada Family Trust-Exempt #1 | $45,496,463 |
| The Mark and Pamela Okada Family Trust-Exempt #2 | $18,812,770 |
| John Morgan | $1,401,385 |
| Mark K. Okada | $94,515,006 |
| Kurtis Plumer | $2,032,323 |
| James Pope | $434,852 |
| Todd A. Travers | $3,655,883 |
| David Walls | $1,095,944 |
| John Yang | $2,381,469 |
| | |
| TOTAL | $660,000,000 |

(iii)     The Partners hereby acknowledge that, on April 15, 2006 (after the Partnership issued additional Partnership Interests to each Partner on February 28, 2006 and made a tax distribution to each Partner on April 15, 2006), the Partnership "booked-up" the Capital Account of each Partner to its fair market value, and the resulting increase or decrease in the Capital Accounts of each Partner was treated as a Code Section 704(c) item.  As of April 15, 2006, the "book" Capital Account for each Partner is set forth below:

| | |
|---|---|
| Strand Advisors, Inc. | $6,469,952 |
| Brad Borud | $1,712,501 |
| The Canis Minor Trust | $63,464,379 |
| The Canis Major Trust | $65,471,054 |
| Patrick Daugherty | $3,783,851 |
| Davis Deadman | $2,627,169 |
| R. Joseph Dougherty | $3,434,436 |
| The Get Good Trust | $76,039,177 |
| The Get Better Trust | $264,543,714 |
| Paul Kauffman | $2,505,001 |
| The Mark and Pamela Okada Family Trust-Exempt #1 | $45,463,620 |
| The Mark and Pamela Okada Family Trust-Exempt #2 | $18,798,694 |
| John Morgan | $1,431,629 |
| Mark K. Okada | $94,444,628 |
| Kurtis Plumer | $2,068,191 |
| James Pope | $455,042 |
| Todd A. Travers | $3,719,004 |
| David Walls | $1,120,141 |
| John Yang | $2,447,819 |
| | |
| TOTAL | $660,000,000 |

2.     Section 3.2(b)(ii) shall be deleted in it entirety and replaced with the following:

3

DAUGHERTY ROGS01407737

"(ii)    Next, to the Partners in proportion to their respective positive Capital Account balances until the aggregate Capital Account balances of the Partners (excluding any negative Capital Account balances) equal zero; *provided, however*, losses shall be deemed to first reduce amounts that were last allocated to the Capital Accounts of the Partners; and"

3.    The following proviso shall be added in the ninth line of Section 3.9(a), immediately before the "provided, however":

"(and such distributions shall be allocated against increases in Capital Accounts in proportion in which they occurred)"

4.    The following sentence shall be added at the end of Section 3.9(a):

"Distributions shall be deemed to first reduce amounts that were first added to the Capital Accounts of the Partners (i.e., a first-in, first-out approach)."

5.    The following new Section 4.1(l) shall be added:

"The General Partner may, from time to time, designate one or more Persons to be officers of the Company. No officer need be a Partner. Any officers so designated shall have such authority and perform such duties as the General Partner may, from time to time, delegate to them. The General Partner may assign titles to particular officers, including, without limitation, president, vice president, secretary, assistant secretary, treasurer and assistant treasurer. Each officer shall hold office until such Person's successor shall be duly designated and shall qualify or until such Person's death or until such Person shall resign or shall have been removed in the manner hereinafter provided. Any number of offices may be held by the same Person. The salaries or other compensation, if any, of the officers and agents of the Partnership shall be fixed from time to time by the General Partner. Any officer may be removed as such, either with or without cause, by the General Partner whenever in the General Partner's judgment the best interests of the Partnership will be served thereby. Any vacancy occurring in any office of the Partnership may be filled by the General Partner."

6.    Section 4.4(a) shall be deleted in its entirety. The following new Section 4.4(a) shall be added:

(a) Issuance of Partnership Interests to New Limited Partners. The General Partner may admit one or more additional Persons as Limited Partners ("*Additional Limited Partners*") to the Partnership at such times and upon such terms as it deems appropriate in its sole and unfettered discretion. Upon the admission of any Additional Limited Partner, the Percentage Interest of the members of the Founding Partner Group shall be diluted proportionately. No Person may be admitted to the Partnership as a Limited Partner until he/she/it executes an Addendum to this Agreement in the form attached as Exhibit B (which may be modified by the General Partner in its sole and unfettered discretion) and an addendum to the Amended Buy-Sell and Redemption Agreement.

7.    Section 4.4(b) shall be deleted in its entirety. The following new Section 4.4(b) shall be added:

4

DAUGHERTY ROGS01407738

(b) <u>Issuance of an Additional Partnership Interest to an Existing Partner.</u> The General Partner may issue an additional Partnership Interest to any existing Partner at such times and upon such terms as it deems appropriate in its sole and unfettered discretion. Upon the issuance of an additional Partnership Interest to an existing Partner, the Percentage Interests of the members of the Founding Partner Group shall be diluted proportionately. Any additional Partnership Interest shall be subject to all the terms and conditions of this Agreement and the Amended Buy-Sell and Redemption Agreement.

8.      Exhibit A and Exhibit C of the Agreement shall be deleted in their entirety and replaced with the attached Exhibit A and Exhibit C.

9.      Except to the extent modified or amended by this Amendment, all terms and provisions of the Agreement shall continue in full force and effect and shall remain enforceable and binding in accordance with their respective terms.

10.     Any required notices, meetings or consents that are necessary to make an amendment to the Agreement are hereby waived or satisfied.

11.     Each party hereto shall take whatever other action is required to give full effect to the provisions of this Amendment, including the acquisition by any Partner of any consent to the action provided for herein.

12.     This Amendment may be executed in any number of counterparts, all of which taken together shall constitute one and the same Amendment, and any parties to this Amendment may execute this Amendment by signing any one of the counterparts. Any counterpart of this Amendment may be executed via facsimile transmission.

*Remainder of Page Intentionally Left Blank.*
*Signature Page Follows.*

DAUGHERTY ROGS01407739

IN WITNESS WHEREOF, the undersigned has executed this Amendment as of the day and year above written.

GENERAL PARTNER:

STRAND ADVISORS, INC.,
a Delaware corporation

By: _____
James D. Dondero,
President

1

DAUGHERTY ROGS01407740

## EXHIBIT A

### Partnership Percentage Interests

| GENERAL PARTNER: | Percentage Interest |
|---|---|
| Strand Advisors, Inc. | 0.941% |
| **LIMITED PARTNERS:** | |
| Bradford Borud | 0.368% |
| Canis Minor Trust | 9.415% |
| Canis Major Trust | 9.646% |
| Patrick Daugherty | 0.770% |
| Davis Deadman | 0.513% |
| R. Joseph Dougherty | 0.691% |
| The Get Good Trust | 11.298% |
| The Get Better Trust | 39.312% |
| Paul Kauffman | 0.516% |
| The Mark and Pamela Okada Family Trust-Exempt #1 | 6.590% |
| The Mark and Pamela Okada Family Trust-Exempt #2 | 2.824% |
| John Morgan | 0.377% |
| Mark K. Okada | 14.122% |
| Kurtis Plumer | 0.447% |
| James Pope | 0.252% |
| Todd A. Travers | 0.787% |
| David Walls | 0.302% |
| John Yang | 0.828% |
| TOTAL | 100.0% |

A-1

DAUGHERTY ROGS01407741

## EXHIBIT C

**Maximum Available Loan Amounts to Profits Interest Partners Pursuant to Section 4.1(e)(v)**

Profits Interest Partner:                           Maximum Loan Amount

Bradford Borud

Patrick Daugherty

Davis Deadman

R. Joseph Dougherty

Paul Kauffman

John Morgan

Kurtis Plumer

James Pope

Todd A. Travers

David Walls

John Yang

James Pope

C-1

DAUGHERTY ROGS01407742